14 Civ. 9148 (AT)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BENJAMIN CASE, et al

                                  Plaintiffs,

-against-

THE CITY OF NEW YORK, et al.,

                                  Defendants,

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

---

***ZACHARY CARTER***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*


*Of Counsel Amanda Shoffel; Andrew Lucas; Joy Anakhu*
*Tel:  (212) 356-2249*
*Matter No. 2014-9148*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................ ii

PRELIMINARY STATEMENT ................................................................................... 1

STATEMENT OF FACTS ........................................................................................... 1

RULE 12(B)(6) STANDARD FOR DISMISSAL ....................................................... 3

PLAINTIFFS FAIL TO PLEAD A PLAUSIBLE FALSE ARREST CLAIM AGAINST ANY DEFENDANT......................................................................... 4

ALL CLAIMS PREDICATED ON EXCESSIVE FORCE MUST BE DISMISSED ............................................. 6

TIGHT HANDCUFFING CLAIMS ALONE AS PLED ARE INSUFFICIENT TO STATE A CLAIM FOR EXCESSIVE FORCE ........................................ 9

PLAINTIFFS' FIRST AMENDMENT CLAIM MUST BE DISMISSED ................................................... 10

PLAINTIFFS FAIL TO PLAUSIBLY PLEAD PERSONAL INVOLVEMENT AGAINST ANY NAMED DEFENDANT OR THAT ANY WAS PRESENT AT THE SCENE OF THEIR ARRESTS AND FAILED TO INTERVENE............................................ 11

PLAINTIFFS' CLAIM FOR DEPRIVATION OF FAIR TRIAL RIGHTS MUST BE DISMISSED ..........................................13

PLAINTIFFS' SELECTIVE ENFORCEMENT CLAIM MUST BE DISMISSED AS PLED ........................... 14

PLAINTIFFS' EXCESSIVE DETENTION CLAIM MUST BE DISMISSED AS PLED ........................................ 15

PLAINTIFFS' MONELL THEORIES MUST BE DISMISSED AS PLED ................................................... 16

CONCLUSION................................................................................................... 19

## <u>TABLE OF AUTHORITIES</u>

<u>**Cases**</u>                                                                                    <u>**Page(s)**</u>

<u>Allen v. City of New York,</u>
    2007 U.S. Dist. LEXIS 15 (S.D.N.Y. Jan. 3, 2007) ...............................................13

<u>Anderson v. Branen,</u>
    17 F.3d 552 (2d Cir. 1994)...................................................................................11

<u>Ashcroft v. Iqbal,</u>
    556 U.S. 662 (2009).................................................................................3, 4, 10, 11

<u>Atwater v. City of Lago Vista,</u>
    532 U.S. 318 (2001)..........................................................................................5, 16

<u>Back v. Hastings on Hudson Union Free Sch. Dist.,</u>
    365 F.3d 107 (2d Cir. 2004)..................................................................................11

<u>Beckles v. City of New York</u>
    492 F.app'x 181, 182 (2d Cir. 2012)....................................................................... 7

<u>Bernard v. United States,</u>
    25 F.3d 98 (2d Cir. 1994) .......................................................................................4

<u>Board of County Comm'rs of Bryan County, Okl. v. Brown,</u>
    520 U.S. 397 (1997)...............................................................................................16

<u>Bosone v. County of Suffolk,</u>
    274 A.D.2d 532 (2nd Dept. 2000) .........................................................................14

<u>Brown v. City of New York,</u>
    2015 U.S. App. LEXIS 14517 (2d Cir. 2015) .........................................................5

<u>Bryant v. City of New York,</u>
    404 F.3d 128 (2d Cir. 2005)............................................................................13, 16

<u>City of Los Angeles v. Heller,</u>
    475 U.S. 796 (1986)...............................................................................................14

<u>Clark v. Comm. for Creative Non-Violence,</u>
    468 U.S. 288 (1984)...............................................................................................10

<u>Cnty. of Riverside v. McLaughlin,</u>
    500 U.S. 44 (1991).................................................................................................13

**<u>Cases</u>**                                                                          **<u>Page(s)</u>**

<u>De Michele v. City of New York</u>,
    09 Civ. 9334 (S.D.N.Y. Sept. 24, 2012) (PGG),
    2012 U.S. Dist. LEXIS 136460 ........................................................................................8

<u>Dorsett v. Cnty. of Nassau</u>,
    732 F.3d 157 (2d Cir. 2013)..............................................................................................9

<u>Escalera v. Lunn</u>,
    361 F.3d 737 (2d Cir. 2004)..............................................................................................4

<u>Esmont v. City of New York</u>,
    371 F.Supp. 2d 202 (E.D.N.Y. 2005) ...........................................................................6, 8

<u>Fabrikant v. French</u>,
    691 F.3d 193 (2d Cir. 2012)..............................................................................................9

<u>Farrell v. Burke</u>,
    449 F.3d 470 (2d Cir. 2006)............................................................................................11

<u>Faruki v. City of New York</u>,
    2012 U.S. Dist. Lexis 47310 (S.D.N.Y. 2012) ...............................................................6

<u>Garcia v. Bloomberg</u>,
    865 F. Supp. 2d 478 (S.D.N.Y. 2012)............................................................................15

<u>Garcia v. Doe</u>,
    779 F.3d 84 (2d Cir. 2014)..........................................................................................5, 16

<u>Gerstein v. Pugh</u>,
    420 U.S. 103 (1975).........................................................................................................13

<u>Gonzalez v. City of Schenectady</u>,
    728 F.3d 149 (2d Cir. 2013)..........................................................................................4, 5

<u>Graham v. Connor</u>,
    490 U.S. 386 (1989).........................................................................................................7

<u>Hart v. City of New York</u>,
    No. 11 CV 4678 (RA), 2013 WL 6139648, (S.D.N.Y. Nov. 18, 2013) ...................................4

<u>Higginbotham v. City of New York</u>,
    2015 U.S. Dist. LEXIS 62227 (S.D.N.Y. May 12, 2015) .........................................................9

<u>Jackson v. City of New York</u>,
    2005 U.S. LEXIS 12986 (S.D.N.Y 2005).................................................................................7

**Cases**                                                                 **Page(s)**

Jaegly v. Couch,
    439 F.3d 149 (2d Cir. 2006)..................................................................4

Jean-Laurent v. Wilkerson,
    461 F. App'x 18 (2d Cir. 2012)...........................................................17

John Gil Constr., Inc. v. Riverso,
    99 F. Supp. 2d 345 (S.D.N.Y. 2000),
    aff'd, 7 F. App'x 134 (2d Cir. 2001)....................................................13

Johnson v. Glick,
    481 F.2d 1028 (2d Cir. 1973)...............................................................7

Kerman v. City of New York,
    261 F.3d 229 (2d Cir. 2001)................................................................6

Kevilly v. New York,
    410 Fed. Appx. 371 (2d Cir. N.Y. 2010) .............................................4

LaTrieste Restaurant & Cabaret v. Vill. of Port Chester,
    40 F.3d 587 (2d Cir. 1994)................................................................12

Lebowitz v. City of New York,
    606 Fed. Appx. 18 (2d Cir. 2015)................................................13, 16

LeClair v. Saunders,
    627 F.2d 606 (2d Cir. 1980),
    cert. denied, 450 U.S. 959 (1981) ......................................................12

Lennon v. Miller
    66 F.3d 416, 425 (2d Cir. 1995)...........................................................7

Lynch ex rel. Lynch v. City of Mount Vernon,
    567 F. Supp. 2d 459 (S.D.N.Y. 2008)...............................................8, 9

Mercado v. City of New York,
    2011 U.S. Dist. LEXIS 140430 (S.D.N.Y. Dec. 5, 2011) ....................15

Mikulec v. Town of Cheektowaga,
    909 F. Supp. 2d 214 (W.D.N.Y. 2012)..................................................5

Monell v. Department of Social Services of the City of New York,
    436 U.S. 658 (1978)...........................................................14, 15, 17

Munoz v. Martinez,
    2005 U.S. Dist. LEXIS 48258 (S.D.N.Y. 2005)....................................8

**Cases**                                                                   **Page(s)**

Nogbou v. Mayrose,
    No. 07 Civ. 3763 (RWS), 2009 U.S. Dist. LEXIS 96118 (S.D.N.Y. Oct. 15, 2009),
    aff'd, 400 Fed. Appx. 617 (2d Cir. 2010) ................................................................7

Papineau v. Parmley,
    465 F.3d 46 (2d Cir. 2006)......................................................................................10

Powell v. Nevada,
    511 U.S. 79 (1994)..................................................................................................13

Ricciuti v. New York City Transit Auth.,
    124 F.3d 123, 129 (2d Cir. 1997).............................................................................8

Rincon v. City of New York,
    2005 U.S. Dist. LEXIS 4335 (S.D.N.Y. 2005)........................................................6

Romano v. Howarth,
    998 F.2d 101 (2d Cir. 1993)..................................................................................6, 7

Roundtree v. New York,
    778 F. Supp. 614 (E.D.N.Y. 1991) ...........................................................................7

Santiago v. Campisi,
    91 F. Supp. 2d 665 (S.D.N.Y. 2000).........................................................................7

Savino v. City of New York,
    331 F.3d 63 (2d Cir. 2003)....................................................................................4, 5

Shamir v. City of New York,
    2014 U.S. Dist. LEXIS 97805 (S.D.N.Y. July 15, 2014) .......................................10

Stephenson v. Doe
    332 F.3d 68, 77 (2d Cir. 2003)..................................................................................7

Thimmesch v. City of New York,
    2013 U.S. Dist. LEXIS 53587 (S.D.N.Y. Apr. 9, 2013).........................................16

Torraco v. Port Auh.,
    615 F.3d 129 (2d Cir. 2010)......................................................................................4

Tracy v. Freshwater,
    623 F.3d. 90 (2d Cir. 2010).......................................................................................6

United States v. Walsh,
    194 F.3d 37 (2d Cir. 1999)........................................................................................6

**Cases**                                                                    **Page(s)**

Vesterhalt v. City of New York,
    667 F. Supp. 2d 292 (S.D.N.Y. 2009)..........................................................................8

Villa v. City of New York
    2013 U.S. Dist. LEXIS 49830, at 20 (S.D.N.Y. 2013) ........................................................7

Walker v. City of New York,
    2014 U.S. Dist. LEXIS 42272 (S.D.N.Y. 2014).....................................................................17

Wims v. N.Y.C. Police Dep't,
    No. 10 Civ. 06128 (PKC), 2011 U.S. Dist. LEXIS 78641 (S.D.N.Y. July 20, 2011) ..............7

**Statutes**                                                                                      **Page(s)**

42 U.S.C. § 1983...............................................................................................1, 5, 11, 14

CPL 140.10(a)......................................................................................................................5

CPL § 140.10(b)...................................................................................................................5

Fed. R. Civ. P. 8(a) .............................................................................................................3

Fed. R. Civ. P. 12(b)(6)...................................................................................................1, 3

## PRELIMINARY STATEMENT

Plaintiffs Benjamin Case, Elizabeth Catlin, Jennifer Klein and Mark Kushner ("Plaintiffs") bring this action pursuant to 42 U.S.C. § 1983 against Defendants the City of New York, New York City Police Department ("NYPD") Chief of Department Joseph Esposito, NYPD Deputy Chief Brian McCarthy, NYPD Lt. David Groht, NYPD Sgt. Lawrence Papola Shield No. 03646, NYPD Officer Benjamin Almonte Shield No. 29182, NYPD Officer Daniel Conforte Shield No. 26403, NYPD Officer Downes Shield Unknown, NYPD Officer Dmitry Tverdokhleb Shield No. 27018, and NYPD Officer Michael Maldonado, Shield 23573 ("Defendants"), alleging that they were deprived of their constitutional rights as a result of their arrest on November 17, 2011, on/near Wall Street during "Occupy Wall Street" protests. Plaintiffs' Amended Complaint fails because (1) Plaintiffs fail to plead a plausible false arrest claim against any arresting officer, who would also be entitled to qualified immunity, and no supervisory Defendant was personally involved in Plaintiffs' arrest; (2) Plaintiffs' allegations of excessive force are not pled against any named Defendant and fail to rise to the level of a constitutional violation; (3) Plaintiffs' First and Fourteenth Amendment claims are not pled against any named Defendant and are implausible; (4) Plaintiffs' malicious prosecution claims fail because they did not receive a favorable termination of the underlying criminal charges; (5) Plaintiffs' selective enforcement claims fail because it is contrary to their "mass arrest" theory and they have failed to identify how they were singled out by law enforcement for arrests; and (6) no municipal liability claim can survive absent an adequately pleaded constitutional violation.  Accordingly, Defendants now move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

## STATEMENT OF FACTS

Plaintiffs claim that they were participants in Occupy Wall Street ("OWS"). (Plaintiffs' Amended Complaint filed June 22, 2015, Docket No. 25, hereinafter "Amended

Complaint" identified as Exhibit "A," at ¶ 2.)  On the morning of November 17, 2011 around 9:00 a.m., each Plaintiff was in the vicinity of Wall Street participating in "Occupy Wall Street" demonstrations when they were arrested.  (Ex. A, Amended Complaint, ¶ 2.).

      Plaintiff Benjamin Case was arrested sometime between 9:00 a.m. and 10:15 on William and Beaver Streets.  Id. at ¶ 100.  He was placed under arrest by Defendant NYPD Officer Downes and processed by Defendant NYPD Officer Almonte.  Id. at ¶ 103, 107.  He alleges the handcuffs were too tight, but does not allege he conveyed this information to any officer or that any injuries resulted.  Id. at ¶ 114, 115, 116.  He was in custody for approximately five hours.  Id. at ¶ 114.  Plaintiff Case pled guilty to the crime of Disorderly Conduct.  Id. at ¶ 129.

      Plaintiff Elizabeth Catlin was arrested sometime between 9:00 a.m. and 9:30 a.m. on Pine and William Streets.  Id. at ¶ 132.  She is unable to identify the officer who arrested her, but was processed by Defendant NYPD Officer Conforti.  Id. at ¶ 136, 137.  She also alleges her handcuffs were too tight, but does not allege she conveyed this information to any officer or that any injuries resulted.  Id. at ¶ 146, 147.  Additionally, she claims an unknown NYPD officer stepped on her face and caused a blood blister or bruise.  Id. at ¶ 148.  Plaintiff Catlin was in custody for approximately 38 hours.  Id. at ¶ 152.  She accepted an Adjournment in Contemplation of Dismissal ("ACD") for the crimes of Disorderly Conduct and Obstruction of Governmental Administration in the Second Degree. Id. at ¶ 155, 163.

      Plaintiff Jennifer Klein was also arrested sometime around 9:00 a.m. on Pine and William Streets.  Id. at ¶ 168.  She is unable to identify the officer who arrested her, but was processed by Defendant NYPD Officer Tverdokhleb.  Id. at ¶ 171, 172.  She alleges her handcuffs were too tight, but does not allege that she conveyed this information to any officer or

that any injuries resulted. Id. at ¶ 180, 181.  Plaintiff Klein was in custody approximately 12 hours.  Id. at ¶ 182.  She accepted an ACD for the crime of Disorderly Conduct.  Id. at ¶ 185, 193.

Plaintiff Kushneir was arrested around 9:00 a.m. around Broadway and Exchange Streets.  Id. at ¶ 196.  He is unable to identify the officer who arrested him, but was processed by Defendant NYPD Officer Maldonado.  Id. at ¶ 201, 202.  He also alleges his handcuffs were too tight, but does not allege he conveyed this information to any officer or that any injuries resulted. Id. at ¶ 210, 211.  Plaintiff Kushneir was in custody approximately 14 hours.  Id. at ¶ 212.  He accepted ACD for the crime of Disorderly Conduct. Id. at ¶ 215, 219.

Defendants Esposito, McCarthy, Groht, and Papola do not appear in the individual factual allegations by the Plaintiffs.  Plaintiffs simply allege that they were present nearby, or that they "directed or supervised" the arrests and/or processing of Plaintiffs.  Id. at ¶ 82-86.

## RULE 12(B)(6) STANDARD FOR DISMISSAL

Evaluating the sufficiency of a Amended Complaint is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  The Court may and should disregard "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  Id. at 663.  After examining the remaining factual matter, if "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the Amended Complaint has alleged - but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  Id. at 679 (quoting Fed. R. Civ. P. 8(a)).

3

## PLAINTIFFS FAIL TO PLEAD A PLAUSIBLE FALSE ARREST CLAIM AGAINST ANY DEFENDANT

In order to state a claim for false arrest, a plaintiff must show that "(1) the defendant intended to confine plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged."  Savino v. City of New York, 331 F.3d 63, 75 (2d Cir. 2003) (quoting Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994)); see also Hart v. City of New York, No. 11 CV 4678 (RA), 2013 WL 6139648, at 3 (S.D.N.Y. Nov. 18, 2013).

"[T]he existence of probable cause is an absolute defense to a false arrest claim." Jaegly v. Couch, 439 F.3d 149, 152 (2d Cir. 2006).  "Probable cause to arrest exists when the arresting officer has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime."  Torraco v. Port Auh., 615 F.3d 129, 139 (2d Cir. 2010) (quoting Escalera v. Lunn, 361 F.3d 737, 743 (2d Cir. 2004)).  "The inquiry is limited to whether the facts known by the arresting officer at the time of the arrest objectively provided probable cause to arrest."  Gonzalez v. City of Schenectady, 728 F.3d 149, 155 (2d Cir. 2013) (internal quotation marks and citation omitted).

Here, Plaintiffs omit any facts related to the circumstances of their arrest.  They are unable to contest the guilty plea by Case in good faith, which is fully dispositive of the claims related to his arrest.  Kevilly v. New York, 410 Fed. Appx. 371 (2d Cir. 2010).  In order to proceed, Plaintiffs must allege enough factual content to allow the court to draw a reasonable inference that the Defendants are liable for the alleged misconduct.  See Iqbal, 556 U.S. at 663. Absent any factual allegations about Plaintiffs' conduct before the arrests, the circumstances of the arrests, or even the arrest charges, no reasonable inferences can be made in Plaintiffs' favor.

Plaintiffs offer no meaningful factual allegations related to their arrests.  Instead they merely contest whether the officers who filled out the Police Department's arrest paperwork personally observed their unlawful conduct.  As a matter of criminal procedural law, Plaintiffs Catlin and Case were charged with misdemeanors which do not require the arresting officer to have personally observed the criminal conduct.  See CPL § 140.10(b); Amended Complaint at ¶ 155, 120.  Additionally, state criminal procedure law is of no consequence in a § 1983 claim. See Brown v. City of New York, 2015 U.S. App. LEXIS 14517, at 14-15 (2d Cir. 2015) (The Plaintiff's argument that New York law requires an officer's personal observation of facts alleged to support an arrest for a violation, such as disorderly conduct, is unavailing.); Atwater v. City of Lago Vista, 532 U.S. 318, 324 (2001); Mikulec v. Town of Cheektowaga, 909 F. Supp. 2d 214, 225 (W.D.N.Y. 2012) (collecting cases finding CPL 140.10(a) requirement irrelevant to probable cause analysis).  Under constitutional principles, to the extent any one defendant officer relied upon information obtained from any other officers or sources, probable cause may be substantiated under the fellow officer rule.  See Gonzalez, 728 F.3d at 155; Savino v. City of New York, 331 F.3d 63, 74 (2d Cir. 2003).

Even if probable cause was lacking, Plaintiffs' claims must be dismissed as the Defendants are entitled to qualified immunity.  "Qualified immunity protects public officials from liability for civil damages when one of two conditions is satisfied: (a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law."  Garcia v. Doe, 779 F.3d 84, 92 (2d Cir. 2014). Plaintiffs' Amended Complaint fails to describe how any Defendant acted contrary to clearly established law or even in an unreasonably manner.  It also does not allege any facts that would lead to an inference that the arresting officers knowingly violated the law.  Since Plaintiffs fail to

plead any facts supporting the contention that there was not actual or at least arguable probable cause based on the totality of the facts and circumstances known to the Defendants, they fail to state a plausible false arrest claim.

## ALL CLAIMS PREDICATED ON EXCESSIVE FORCE MUST BE DISMISSED

"The right to make an arrest carries with it the right to use some degree of physical coercion as long as the force used is reasonable based on the perception of the arresting officer at the time of arrest.  Faruki v. City of New York, 2012 U.S. Dist. Lexis 47310, at 17 (S.D.N.Y. 2012) (citing Kerman v. City of New York, 261 F.3d 229, 239 (2d Cir. 2001)).  The Second Circuit has been clear that minimal injuries also speak to the reasonableness of force used.  Tracy v. Freshwater, 623 F.3d. 90, 97 (2d Cir. 2010) (Striking multiple times with a metal flashlight in the course of a hand-to-hand struggle is subject to qualified immunity, even where plaintiff claims he was not resisting).  Therefore, where an arrestee suffers *de minimis* injuries, and/or fails to provide evidence of any alleged injuries, an excessive force claim must fail.  Esmont v. City of New York, 371 F.Supp. 2d 202, 214 (E.D.N.Y. 2005).  As a result, "a *de minimis* use of force will rarely suffice to state a Constitutional claim."  Romano v. Howarth, 998 F.2d 101, 105 (2d Cir. 1993).

In order to prevail on a claim for excessive force, a plaintiff must establish "through evidence, that the 'alleged use of force is objectively sufficiently serious or harmful enough to be actionable.'"  Rincon v. City of New York, 2005 U.S. Dist. LEXIS 4335, at 11 (S.D.N.Y. 2005) (citing United States v. Walsh, 194 F.3d 37, 50 (2d Cir. 1999)).  But, "not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment."  Graham v. Connor, 490 U.S. 386, 397 (1989) (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973)).

Alternatively, any individual defendant officers are entitled to qualified immunity on the excessive force claim against them. "Qualified immunity depends on whether, '[t]aken in the light most favorable to the party asserting the injury, . . . the facts alleged show the [official's] conduct violated a . . . right,' and, if so, whether that right was 'clearly established' at the time of the events at issue." Beckles v. City of New York, 492 F.app'x 181, 182 (2d Cir. 2012). The Second Circuit has held that "the qualified immunity defense is generally available against excessive force claims [where] a reasonable officer could have believed that the use of force alleged was objectively reasonable in light of the circumstances." Villa v. City of New York, 2013 U.S. Dist. LEXIS 49830, at 20 (S.D.N.Y. 2013) (citing Lennon v. Miller, 66 F.3d 416, 425 (2d Cir. 1995); see also Stephenson v. Doe, 332 F.3d 68, 77 (2d Cir. 2003) ("[E]ven officers who are found to have used excessive force may be entitled through the qualified immunity doctrine to an extra layer of protection from the sometimes hazy border between excessive and acceptable force." (internal quotation marks omitted)). Any reasonable officer would believe that placing an individual in handcuffs during the course of an arrest is an acceptable measure of force.

Even in this case, as a threshold matter, plaintiffs do not plead that any individually named defendant used excessive force against any particular plaintiff, which is fatal to this claim.  Simply stating the Plaintiffs were handcuffing too tightly by unidentified officers is insufficient, as explained *supra*.  Further, Plaintiffs do not claim to have requested or received medical treatment or suffered any long-lasting injuries as a result of the force used to affect their arrests.  As a result, Plaintiffs failed to allege any facts that establish that the use of force here was anything more than *de minimis*.  See Jackson v. City of New York, 2005 U.S. LEXIS 12986 (S.D.N.Y 2005) (Motion granted in favor of defendants on plaintiff's claim that he was beaten in

his chest, groin and head during struggle with officers).  Plaintiffs have not provided any evidence of injury, and have failed to state a claim for excessive force.  Santiago v. Campisi, 91 F. Supp. 2d 665, 674 (S.D.N.Y. 2000) (claims dismissed where no medical evidence of injury); see also Roundtree v. New York, 778 F. Supp. 614, 622 (E.D.N.Y. 1991); Nogbou v. Mayrose, No. 07 Civ. 3763 (RWS), 2009 U.S. Dist. LEXIS 96118, at 15-19 (S.D.N.Y. Oct. 15, 2009), aff'd, 400 Fed. Appx. 617, 619 (2d Cir. 2010); Wims v. N.Y.C. Police Dep't, No. 10 Civ. 06128 (PKC), 2011 U.S. Dist. LEXIS 78641, at 14-15 (S.D.N.Y. July 20, 2011); Romano, 998 F.2d at 105.

There are simply no facts alleged in the Amended Complaint that would allow the inference that Defendants were objectively unreasonable or constituted more than a *de minimis* use of force when affecting the Plaintiffs' arrests.  The Amended Complaint does not allege any named defendant used excessive force, or was present when excessive force was employed by a fellow officer.  The closest any Plaintiff comes to pleading an excessive force claim is Plaintiff Catlin, who claims an unidentified NYPD officer stepped on her face.  Amended Complaint at ¶ 120.  Noticeably, this unidentified officer is not a named defendant.  These allegations render the Amended Complaint completely deficient as to any excessive force claim against the named defendant officers, who must have had some personal involvement in the alleged constitutional violation.  "A police officer is personally involved in the use of excessive force if the officer either: (1) directly participates in an assault; or (2) is present during the assault, and fails to intercede on behalf of the victim even though he had a reasonable opportunity to do so." Vesterhalt v. City of New York, 667 F. Supp. 2d 292, 297 (S.D.N.Y. 2009) (citing Ricciuti v. New York City Transit Auth., 124 F.3d 123, 129 (2d Cir. 1997)).  An arrestee "must submit some sort of evidence that [an officer] was present at the scene of the alleged assault" to

withstand a motion for summary judgment on personal involvement.  De Michele v. City of New York, 09 Civ. 9334 (S.D.N.Y. Sept. 24, 2012) (PGG), 2012 U.S. Dist. LEXIS 136460, at 52 (citing Munoz v. Martinez, 2005 U.S. Dist. LEXIS 48255, at 8 (S.D.N.Y. 2005), Report & Recommendation adopted by 2005 U.S. Dist. LEXIS 48258 (S.D.N.Y. 2005)).

### TIGHT HANDCUFFING CLAIMS ALONE AS PLED ARE INSUFFICIENT TO STATE A CLAIM FOR EXCESSIVE FORCE

Liberally construing the claims in the Amended Complaint, it appears that Plaintiffs are also attempting to allege excessive handcuffing claims, though they fail to identify any defendant as actually handcuffing them with the exception of Plaintiff Case.  When evaluating these claims, a court must consider (1) whether "the handcuffs were unreasonably tight, (2) [whether] the defendants ignored the plaintiff's pleas that the handcuffs were too tight; and (3) the degree of injury to the wrists."  Lynch ex rel. Lynch v. City of Mount Vernon, 567 F. Supp. 2d 459, 468–69 (S.D.N.Y. 2008) (emphasis and alteration omitted) (quoting Esmont, 371 F.Supp. 2d 202 at 215).  However, "[t]here is a consensus among courts in this circuit that tight handcuffing does not constitute excessive force unless it causes some injury beyond temporary discomfort."  Lynch, 567 F. Supp. 2d at 468; Higginbotham v. City of New York, 2015 U.S. Dist. LEXIS 62227 (S.D.N.Y. May 12, 2015) (citations omitted).

Here, the Plaintiffs do not allege that they ever complained that their handcuffs were too tight.  The Plaintiffs do not allege that their handcuffing caused them any injuries or that they sought any medical treatment.  Without further factual allegations that Plaintiffs suffered injuries more substantial that pain and bruising, Plaintiffs claim for excessive handcuffing fails.

## PLAINTIFFS' FIRST AMENDMENT CLAIM
## MUST BE DISMISSED

Plaintiffs' sixth count alleges a First Amendment Retaliation claim.  This claim fail as a matter of law because: 1) There was probable cause to arrest Plaintiffs; and 2) Defendants are entitled to qualified immunity, and 3) Plaintiffs have failed to plead facts supporting this claim.

"To plead a First Amendment retaliation claim a plaintiff must show: (1) he has a right protected by the First Amendment; (2) the defendant's actions were motivated or substantially caused by his exercise of that right; and (3) the defendant's actions caused him some injury."  Dorsett v. Cnty. of Nassau, 732 F.3d 157, 160 (2d Cir. 2013).  Plaintiffs' First Amendment retaliation claim fails as probable cause existed for their arrest; qualified immunity shields the actions of the officers; they do not plausibly allege that the actions of the officers were caused by the exercise of his First Amendment rights, and do not plead any First Amendment protected speech.

Probable cause is a complete defense to a claim of First Amendment retaliation. "[Plaintiff's] claims of malicious prosecution, unreasonable search and seizure, and First Amendment retaliation fail because defendants had probable cause…"  Fabrikant v. French, 691 F.3d 193, 215-216 (2d Cir. 2012).  Here, as outlined above, Plaintiffs fail to plead facts to establish a lack of probable cause or to overcome Defendants' right to qualified immunity for their First Amendment claims, and their First Amendment claim fails.

Plaintiffs also cannot satisfy the first and second requirement of a retaliation claim because Plaintiffs do not plead facts establishing they were engaged in protected speech. Plaintiffs only state generally that they "engaged in peaceful, First Amendment-protected conduct."  See, Amended Complaint, ¶ 99, 131, 167, 195.  However, alone that conclusion does

not present sufficient facts to plausibly suggest First Amendment conduct.  "[S]ymbolic expression through conduct is protected by the First Amendment when in context, [it] would reasonably be understood by the viewer to be communicative."  Shamir v. City of New York, 2014 U.S. Dist. LEXIS 97805, at 13 (S.D.N.Y. July 15, 2014) (quotations omitted) (citing Clark v. Comm. for Creative Non-Violence, 468 U.S. 288, 294 (1984)).  In Shamir, the court dismissed an Occupy Wall Street protestors First Amendment claim that he was engaged in expressive conduct by remaining in a park because remaining in a park "was not engaging in conduct that would reasonably be understood by a viewer to be communicative."  Id.  Here, Plaintiffs failed to plead facts showing their conduct, let alone that it constituted expressive speech.  Even if the Court takes the Plaintiffs' presence in the street as a form of expressive conduct Plaintiffs cannot plausibly plead that the Defendants conduct was substantially motivated by that conduct and not by probable cause or at least arguable probable cause.  Papineau v. Parmley, 465 F.3d 46, 59 (2d Cir. 2006) ("One would not be justified in ignoring the familiar red light because this was thought to be a means of social protest.") (quotations omitted).  Plaintiffs must present specific factual allegations that make their claim more than possible, but plausible in the face of the alternative explanation.  Iqbal, 556 U.S. at 681.  Plaintiffs only present boilerplate allegations of constitutional violations, and their First Amendment claims must be dismissed.

## PLAINTIFFS FAIL TO PLAUSIBLY PLEAD PERSONAL INVOLVEMENT AGAINST ANY NAMED DEFENDANT OR THAT ANY WAS PRESENT AT THE SCENE OF THEIR ARRESTS AND FAILED TO INTERVENE

"Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."  Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006).  See Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 122 (2d Cir. 2004).  As noted throughout, in most instances, Plaintiffs fail to identify any Defendant

purportedly personally involved in, and therefore responsible for, any alleged constitutional violation.

Even where an officer did not personally effect an arrest, an officer can be held liable for failing to intercede/intervene where "that officer observes or has reason to know: (1) that excessive force is being used, (2) that a citizen has been unjustifiably arrested; or (3) that any constitutional violation has been committed by a law enforcement official." Anderson v. Branen, 17 F.3d 552, 557 (2d Cir. 1994) (internal citations omitted). Plaintiffs here fail to articulate any realistic opportunity to intervene by each Defendant as to each Plaintiff, in order to prevent the alleged constitutional harm from occurring. Where, as here, Plaintiffs affirmatively allege that Defendants Almonte, Conforti, Tverdokhleb, and Maldonado were not present at the time of plaintiffs' arrests, and therefore had no opportunity to intervene, and Plaintiffs further concede in their pleadings that these Defendants first interacted with Plaintiffs after they were transported to the Precinct, their failure to intervene claims must fail as to each alleged constitutional violation.

Similarly, with respect to the supervisory Defendants Esposito, McCarthy, Groht, and Papola, supervisory liability is "a misnomer," in that each government official is only liability for his or her own misconduct. Iqbal, 556 U.S. at 667. Particularly, with respect to Defendant Esposito, the Amended Complaint implausibly alleges he directed not only all of the aforementioned supervisors (Amended Complaint at ¶ 81), but all the individual officers (Amended Complaint at ¶ 86), *and* managed to be present for each Plaintiffs' arrest in various different streets at the same time (Amended Complaint at ¶ 63). The extent of the allegations against the supervisory officials is that they were in the area of Plaintiffs' arrests and gave dispersal orders to protestors in the area. Amended Complaint, ¶ 82-86. "[P]urpose rather than

12

knowledge is required to impose [] liability on the subordinate for unconstitutional [conduct]; the same holds true for an official charged with violations arising from his or her superintendent responsibilities."   See Iqbal, 556 U.S. at 678.   Here, plaintiffs plead no plausible personal involvement of any supervisory defendant, no knowledge, and certainly no more than conclusory purpose to support any claims in their individual capacities.

### PLAINTIFFS' CLAIM FOR DEPRIVATION OF FAIR TRIAL RIGHTS MUST BE DISMISSED

Similarly, Plaintiffs' claim based on an interference of their right to a fair trial must also be dismissed. To overcome a motion to dismiss, Plaintiffs must sufficiently allege that officers created false evidence likely to influence a jury's decision and forwarded it to prosecutors, thereby causing Plaintiffs to suffer a deprivation of liberty. See Ricciuti v. N.Y.C., 124 F.3d 123, 130 (2d Cir. 1997); accord Tavernier, 316 F.3d at 138. Here, Plaintiffs generally allege charges were "falsely lodged" and evidence "falsely created" against them by police officers. Amended Complaint, ¶ 223(f). However, this allegation is conclusory and must be dismissed. See Abdul-Rahman v. City of New York, 2012 U.S. Dist. LEXIS 45653, at 34 (E.D.N.Y. 2012).  Plaintiffs plead no facts that "specify in what way the statements, information, or testimony were false or even in what material respect the charges against [them] were false." Id.

Plaintiffs have failed to point to any admissible material, fabricated facts, evidence, or even inconsistent testimony given by any defendant officers. As noted in Waddlington v. City of New York, Defendant's purported offering of "inconsistent testimony as to various details" of the arrests, "without more, does not establish liability under § 1983 for providing false information to prosecutors." Waddlington, 2013 U.S. Dist. LEXIS 136791, at 28-29 (E.D.N.Y. 2013). Here, there are no facts to support a plausible fair trial claim against any

Defendant. Plaintiffs assert in the most conclusory fashion possible that "police officers" – in general- fabricated charges and evidence, yet utterly fail to allege any facts in support of this claim.  Plaintiffs' claims as they relate to a denial of rights to a fair trial must be dismissed as implausible and without merit.

### PLAINTIFFS'  SELECTIVE  ENFORCEMENT CLAIM MUST BE DISMISSED AS PLED

"[A] violation of equal protection for selective enforcement would arise if: (1) the person, compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person."  LaTrieste Restaurant & Cabaret v. Vill. of Port Chester, 40 F.3d 587, 590 (2d Cir. 1994) (citing LeClair v. Saunders, 627 F.2d 606, 609-10 (2d Cir. 1980), cert. denied, 450 U.S. 959 (1981)).

Here the Amended Complaint does not even attempt to address the requisite elements of a claim for selective enforcement.  The Amended Complaint is deficient because there are no factual allegations relating to how Plaintiffs were singled out by law enforcement officials as compared to other purportedly similarly situated individuals. On the contrary, the Amended Complaint merely states that multiple persons were arrested *en masse*.  Amended Complaint, ¶ 66, 72.  This notion of mass arrests is contrary to the notion that Plaintiffs were somehow treated differently as compared with others who were similarly situated.  There are no allegations of fact about the different classes of people who were allegedly engaged in the same conduct, in the same area, and were not also arrested.  The Amended Complaint also contains no mention of the impermissible considerations that form the basis of this alleged selective treatment.  John Gil Constr., Inc. v. Riverso, 99 F. Supp. 2d 345, 353 (S.D.N.Y. 2000)

(dismissing the plaintiff's selective enforcement claim because "vague and speculative statements are insufficient to state a claim"), aff'd, 7 F. App'x 134 (2d Cir. 2001).

## PLAINTIFFS' EXCESSIVE DETENTION CLAIM MUST BE DISMISSED AS PLED

Plaintiffs' excessive detention claim fails under the facts pled and as a matter of law.  A detention of less than forty-eight hours is presumptively reasonable.  Plaintiff fails to plead any facts that Defendants had control over their arrest processing time, or that they created a delay for no purpose.  Allen v. City of New York, 2007 U.S. Dist. LEXIS 15, at 47-48 (S.D.N.Y. Jan. 3, 2007) ("Plaintiff's cannot prevail on their claim simply by showing that they were excessively detained in violation of the Fourth Amendment, however. Rather, they must identify a defendant legally responsible for that violation.")  This is particularly true given the defined parameters of what would be excessive.   "[A] jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of Gerstein.  See Bryant v. City of New York, 404 F.3d 128, 137 (2d Cir. 2005) (citing Cnty. of Riverside v. McLaughlin, 500 U.S. 44 (1991); Powell v. Nevada, 511 U.S. 79 (1994); Gerstein v. Pugh, 420 U.S. 103 (1975)).  This was recently affirmed by the Second Circuit in the context of an arrest at Zuccotti Park.  "Because the plaintiffs were arraigned within 48 hours, any pre-arraignment delay the plaintiffs experienced was presumptively reasonable."  Lebowitz v. City of New York, 606 Fed. Appx. 18 (2d Cir. 2015).

In this case Plaintiffs' allegations are that Case was released after approximately 5 hours, (Amended Complaint, ¶ 114), Catlin was released after 38 hours, (Amended Complaint, ¶ 152), Klein was released after approximately 12 hours, (Amended Complaint, ¶ 182) , and Kushneir was released after 14 hours (Amended Complaint ¶ 212).  These all fall short of forty-eight hours, are presumptively reasonable, and do not shock the conscience.  As Plaintiffs

present no legally cognizable theory or set of facts to overcome the applicable law, their excessive detention claim must be dismissed.

## PLAINTIFFS' MONELL THEORIES MUST BE DISMISSED AS PLED

At the outset, where there is no underlying constitutional violation, there can be no municipal liability.  City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986).  Plaintiffs' claim for municipal liability fails as they have not identified and policy or practice that is even arguably the moving force behind an alleged constitutional violation.  Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978).

To hold a municipality liable under § 1983 for the allegedly unconstitutional acts of its employees, a plaintiff must prove (1) that the alleged actions by the employees were the result of a specific official policy, custom, or practice of the municipal defendant; (2) that this policy, practice, or custom caused plaintiff's alleged injuries; and (3) that those alleged injuries constituted a violation of plaintiff's constitutional rights.  Monell, 436 U.S. 658, 691-694; Bosone v. County of Suffolk, 274 A.D.2d 532, 534 (2nd Dept. 2000).

Plaintiffs set forth nine distinct theories in the hope that some of them can survive the instant motion.  Amended Complaint, ¶¶ 261(a)-(i).  These include: a) a policy or practice of failing to ensure that meaningful and adequate dispersal orders are given prior to arrests at First Amendment assemblies; b) "The NYPD's use of force and use of force reporting policies and practices;" c) treating groups as a unit for mass arrest probable cause determinations without ensuring lawful notice and an opportunity to disperse were issued; d) applying disorderly conduct charges where there is no lawful authority to arrest or detain groups of people; e) applying NY PL 240.20(6) where no lawful dispersal orders nor meaningful opportunities to disperse were given; f) arrests and arrest processing where summonses could be issued; g) the

use of police resources to corral and trap perceived participants of First Amendment assemblies; h) assigning officers to process multiple arrests by filling out arrest paperwork, which leads to false information in the paperwork; and i) using Police Department Legal Bureau and Criminal Justice Bureau staff during mass arrest processing, claiming that this leads to false information in the arrest paperwork.  Id.

Any theories that can be tied to specific factual pleadings are not sufficiently supported to make those broad conspiratorial theories plausible.  "[P]laintiffs have neither plausibly alleged that the officers intended to discourage protesting nor explained why, had they intended to do so, they would have arrested only the protesters who [violated the law]."  Garcia v. Bloomberg, 865 F. Supp. 2d 478, 492-3 (S.D.N.Y. 2012) (dismissing as implausible plaintiff's broad conspiratorial policy to allegedly deter Occupy Wall Street protests).

Additionally, for each of their nine theories Plaintiffs have not pled any causal connection between their myriad Monell theories and the injuries they allege.  "To establish Monell liability, the causal link must be strong; that is, the policy must be the 'moving force' behind a constitutional violation."  Mercado v. City of New York, 2011 U.S. Dist. LEXIS 140430, at 23 (S.D.N.Y. Dec. 5, 2011) (quoting Monell, 436 U.S. at 691, 694).  Plaintiffs allege no connection whatsoever between their arrests for refusing to leave Zuccotti Park and the broad policies they allege against Defendant City of New York in this case, as they must.  "The plaintiffs cannot bridge the gap between the broad, conspiratorial policy they attribute to the City and the violations that they have plausibly alleged in this case."  Garcia, 865 F. Supp. 2d at 492.

Several of Plaintiffs' theories are set forth in the sort of bare-bones and conclusory manner that requires their dismissal.  Plaintiffs' third theory of municipal liability, relates to the use of force, or use of force reporting policies and practices.  However, reporting

17

violations cannot be causally related to any constitutional violations, because they occur after the fact.  Board of County Comm'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 407-08 (1997) (the municipal policy must be the "moving force" behind Plaintiff's injuries.)   Additionally Plaintiffs have not suffered actionable claims related to force.   Similarly, Plaintiffs' second, fourth, and sixth municipal liability theories are implausible and unsupported as pled.   These theories discuss the adequacy of dispersal orders, however, Plaintiffs admit on the face of the Amended Complaint that Defendants Esposito, McCarthy, Groht, and Papola all gave dispersal orders within the vicinity of Plaintiffs arrests.  Amended Complaint at ¶ 82-86.  There is nothing to allow the inference that there was a municipal practice so widespread that it amounted to a policy of issuing insufficient dispersal orders.  This is particularly true in light of recent decisions by the Second Circuit and in this District.  Garcia, 779 F.3d 84; Lebowitz v. City of New York, 606 Fed. Appx. at 17; Thimmesch v. City of New York, 2013 U.S. Dist. LEXIS 53587 (S.D.N.Y. Apr. 9, 2013).

Plaintiffs also allege a municipal liability theory that addresses a policy to arrest individuals instead of issuing summonses.  Plaintiffs' theory fails as implausible, unrelated to their allegations, and legally untenable.   The issuance of Desk Appearance Tickets or summonses is discretionary as a matter of law, Bryant, 404 F.3d at 138, and cannot support a claim of a constitutional violation.  Atwater, 532 U.S. at 318.

Plaintiffs' eighth and ninth theories of municipal liability allege that a policy of assigning officers to process multiple arrests and of having the Police Department Legal Bureau and Criminal Justice Bureau assist in mass arrest situations leads to false records.  These theories are set out broadly, but lack any allegations regarding the Plaintiffs here about false information fabricated to arrest them.   Plaintiffs cite to arrests during the 2004 Republican National

Convention that purportedly challenge some aspect of mass arrest procedures, citing to a significant number of arrests and subsequent litigation.  Amended Complaint at ¶ 23.  This is insufficient to identify a policy, practice, or custom at issue here.  "[C]itation to various lawsuits [is] not probative of the existence of an underlying policy that could be relevant."  Jean-Laurent v. Wilkerson, 461 F. App'x 18, 22-23 (2d Cir. 2012); "The paltry number of Amended Complaints (none resulting in an adjudication of liability), spread over a period so long in a city so large, hardly suggests the frequency or pervasiveness of the purported custom that is required to state a Monell claim.  "Walker v. City of New York, 2014 U.S. Dist. LEXIS 42272, 6-7 (S.D.N.Y. 2014).  Plaintiffs' Legal Bureau/CJB theories also fail as implausible when measured against one of several more likely conclusions, e.g. that mass arrests procedures, including assigning multiple arrests to a transporting arresting officer for processing, are necessary to maintain resources at the scene of a disturbance.

There is no connection between the accuracy of paperwork prepared after a mass arrest, and the existence of probable cause based on the totality of the facts and circumstances at the time of the arrest.  It would be far more likely that the absence of a procedure to handle mass arrests would lead to difficulties in processing prisoners and potentially prolonged detentions.  In this light, the eighth and ninth municipal liability theories allege only that the Police Department engages in a pattern or practice of falsifying arrest information.  This represents a classically overbroad, and illogical basis for municipal liability.

## CONCLUSION

For these reasons defendants ask that the Court dismiss Plaintiffs' Amended Amended Complaint with prejudice, and grant such other relief as the Court deems just and proper.

Dated:          New York, New York
                August 26, 2015


                                    ZACHARY CARTER
                                    Corporation Counsel of the City of New York
                                    100 Church Street
                                    New York, New York 10007
                                    (212) 356-2579


                                    By: _____/s/_____
                                        Amanda Shoffel; Andrew Lucas; Joy Anakhu
                                        Assistant Corporation Counsel
                                        Special Federal Litigation Division




TO:     Analisa Torres
        United States District Judge
        Southern District of New York
        500 Pearl Street
        New York, NY 10007

        Gideon Orion Oliver
        277 Broadway, Suite 1501
        New York, NY 10007


                                    20