
**Gideon Orion Oliver**
—ATTORNEY AT LAW—
He/him/his

277 Broadway, Suite 1501
New York, NY 10007

1825 Foster Avenue, Suite 1K
Brooklyn, NY 11230

**Gideon@GideonLaw.com**\*
**GideonLaw.com**

**Office**: (718) 783-3682
**Signal**: (646) 263-3495
**Fax**: (646) 349-2914\*

*\*Not for service*

November 26, 2018

**BY ECF AND E-MAIL**
Hon. Analisa Torres
US District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re:    <u>Case, et al. v. City of New York, et al.</u> -14-cv-9148 (AT)

Your Honor:

    I am counsel for Plaintiffs in the above-captioned matter. I write in accordance with Your Honor's Individual Rules, and this Court's Orders regarding scheduling, in response to Defendants' November 13, 2018 letter (Dkt. 117) in anticipation of their proposed motion for summary judgment. Preliminarily, Plaintiffs attach their counterstatement containing Plaintiffs' Affirmative Statement of Facts Pursuant to Local Civil Rule 56.1. (Plaintiffs provided that document to defense counsel before Dkt. 117 was submitted, mistakenly thinking Defendants would submit it. Additionally, since providing it, counsel has noticed some typographical, and a few substantive, errors, that will be corrected prior to the submission of the summary judgment briefing). As seen in the 56.1 practice, Plaintiffs' versions of events differ sharply from Defendants'. Plaintiffs consent to Defendants' proposed briefing schedule.

    In terms of narrowing and/or clarifying the remaining claims: Plaintiffs are no longer pursuing First Amendment claims based on a retaliation theory with respect to their arrests. Plaintiffs are pursuing First Amendment-based and excessive detention-based *Monell* claims challenging Defendants' "DAT/No Prints" policy as applied to Occupy Wall Street ("OWS"). *See, e.g., Dinler v. City of New York*, No. 04 Civ. 7921 (RJS) (JCF), 2012 U.S. Dist. LEXIS 141851, \*69-85 (S.D.N.Y. Sept. 30, 2012).

    Plaintiff Mark Kushneir is the only Plaintiff who maintains a false arrest claim. Video evidence and his testimony regarding his arrest establish that there was neither probable cause nor arguable probable cause to arrest him for Disorderly Conduct or any offense. Video shows Defendant Esposito giving a dispersal order without amplification seconds before ordering arrests. There is no record evidence that Defendant Esposito gave Mr. Kushneir an opportunity to continue demonstrating in a different place or manner, within sight and sound of the Wall Street area that was the target of his demonstration. Mr. Kushneir is arrested within seconds.

    .

Video evidence shows there was no meaningful opportunity for Kushneir or others to respond by complying or leaving; nor was there an avenue of dispersal. Based on the record evidence, a jury could determine that there was no arguable probable cause for Mr. Kushneir's arrest, and/or that Mr. Kushneir's arrest violated his First Amendment rights, including because Defendant Esposito did not give Mr. Kushneir a lawful dispersal order or meaningful opportunity to disperse, and/or the regulations imposed on Mr. Kushneir's protected conduct of demonstrating and assembling peacefully lacked narrow tailoring to serve the asserted purported governmental interests and/or failed to provide ample alternatives for expression.

With respect to Plaintiffs Klein's and Case's arrests, a reasonable jury could find based on the record evidence that Defendants did not give those Plaintiffs a lawful dispersal order or meaningful opportunity to disperse, and/or the regulations imposed on their protected conduct of demonstrating and assembling peacefully lacked narrow tailoring to serve the asserted purported governmental interests and/or failed to provide ample alternatives for expression. In this connection, although Defendants state that those Plaintiffs could simply have gone onto the sidewalks, there is record evidence based on which a jury could find that Plaintiffs either could not have done so as Defendants claim, or that a jury could find justified Plaintiffs' failing to do so. For example, Plaintiff Klein testified in sum and substance that she was surrounded prior to her arrest, and that the areas around Plaintiff Klein, including the sidewalks, were congested. And Plaintiff Case testified that he only heard one dispersal order seconds before he sat down briefly to discuss how to respond and was suddenly pushed over by advancing police and protesters before he could have such a discussion or make a decision about how to respond to the order. And finally, a reasonable jury could find that holding Plaintiffs rather than releasing them with summonses violated their First Amendment rights and/or amounted to excessive detention.

With respect to Plaintiffs' fair trial rights claims, there is record evidence based on which a reasonable jury could find that the Defendants who filled out their arrest processing paperwork and ultimately swore out charging documents prosecuting Plaintiffs did not observe them engage in all of the conduct that those Defendants reported to prosecutors they observed. There is similarly record evidence based on which a reasonable jury could find that Plaintiffs suffered post-arraignment liberty deprivations as a result.

Finally, regardign Plaintiffs' *Monell* claims that survived Defendants' motion to dismiss, Defendants have not included in their affirmative 56.1 statements any allegations regarding Plaintiffs' *Monell* claims. In contrast, as shown in Plaintiffs' 56.1 statement provided to the Court herewith, there are material facts that are either not subject to dispute, or that are for a jury to resolve, regarding whether Defendants' training and policies and practices related to Plaintiffs' *Monell* claims were insufficient and were the result of deliberate indifference to the rights of persons participating in OWS demonstrations.

                Respectfully submitted,

                /S/
                Gideon Orion Oliver