

0UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

BENJAMIN CASE, ELIZABETH CATLIN, JENNIFER
KLEIN, and MARK KUSHNEIR,

                                                    Plaintiff,

                        -against-

THE CITY OF NEW YORK, et al,

                                                    Defendants.

------------------------------------------------------------------------ x

**ANSWER TO SECOND
AMENDED COMPLAINT ON
BEHALF OF CITY OF NEW
YORK, JOSEPH ESPOSITO,
BRIAN MCCARTHY, DAVID
GROHT, LAWRENCE
PAPOLA, BENJAMIN
ALMONTE, DANIEL
CONFORTI, DMITRY
TVERDOKHLEB, AND
MICHAEL MALDONADO.**

14-CV-9148 (AT)

Jury Trial Demanded

        Defendants by their attorney, Zachary W. Carter, Corporation Counsel of the City

of New York, for their answer to the second amended complaint, respectfully allege, upon

information and belief, as follows:

        1.  Deny the allegations set forth in paragraph "1" of the complaint, except

admit that plaintiff purports to bring this action as stated therein.

        2.  Deny the allegations set forth in paragraph "2" of the complaint.

        3.  Deny the allegations set forth in paragraph "3" of the complaint.

        4.  Deny the allegations set forth in paragraph "4" of the complaint, except

admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

        5.  Deny the allegations set forth in paragraph "5" of the complaint, except

admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

        6.  Deny the allegations set forth in paragraph "6" of the complaint, except

admit that plaintiff purports to lay venue as stated therein.

7.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11. Admit the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit that the City of New York maintains a police department, and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City and the New York City Police Department.

13. Admit that Joseph Esposito, Brian McCarthy, David Groht, and Lawrence Papola are/were employed by the City of New York as members of the New York City Police Department.

14. Paragraph "14" of the complaint sets forth conclusions of law rather than averments of fact and thus no response is required;  to the extent a response is required defendants deny the allegations set forth in paragraph "14."

15. Admit that Benjamin Almonte, Daniel Conforti, Dmitry Tverdokhleb and Michael Maldonado are/were employed by the City of New York as members of the New York City Police Department, except to the extent that Paragraph "15" of the complaint sets forth

conclusions of law rather than averments of fact no response is required; to the extent a response is required defendants deny the allegations set forth in paragraph "15."

16. Paragraph "16" of the complaint sets forth conclusions of law rather than averments of fact and thus no response is required; to the extent a response is required defendants deny the allegations set forth in paragraph "16."

17. Paragraph "17" of the complaint sets forth conclusions of law rather than averments of fact and thus no response is required; to the extent a response is required defendants deny the allegations set forth in paragraph "17."

18. Paragraph "18" of the complaint sets forth conclusions of law rather than averments of fact and thus no response is required; to the extent a response is required defendants deny the allegations set forth in paragraph "18."

19. Deny the allegations set forth in paragraph "19" of the complaint."

20. Deny the allegations set forth in paragraph "20" of the complaint."

21. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "21."

22. Admit that Chief of Department is the highest-ranking uniformed police officer in the NYPD.

23. Deny knowledge or information sufficient to form a belief with respect to the allegations, except admit that Joseph Esposito was promoted to the rank of NYPD Chief of Department.

24. Deny the allegations set forth in paragraph "24" of the complaint, except admit that these individuals are supervisors.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "28."

29. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "29."

30. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "30."

31. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "31."

32. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "32."

33. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "33."

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "35."

36. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "36."

37. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "37."

38. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "38."

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "41."

42. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "42."

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "45."

46. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "46."

47. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "47."

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "49" of the complaint.

51. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "51."

52. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "52."

53. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "53."

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "57."

58. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "58."

59. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "59."

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "61."

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "63."

64. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "64."

65. Deny the allegations set forth in paragraph "65" of the complaint.

66. Deny the allegations set forth in paragraph "66" of the complaint.

67. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "67."

68. Deny the allegations set forth in paragraph "68" of the complaint.

69. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "69."

70. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "70."

71. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "71."

72. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "72."

73. Deny the allegations set forth in paragraph "73" of the complaint.

74. Deny the allegations set forth in paragraph "74" of the complaint.

75. Deny the allegations set forth in paragraph "75" of the complaint.

76. Deny the allegations set forth in paragraph "76" of the complaint.

77. Deny the allegations set forth in paragraph "77" of the complaint.

78. Deny the allegations set forth in paragraph "78" of the complaint.

79. Deny the allegations set forth in paragraph "79" of the complaint.

80. Deny the allegations set forth in paragraph "80" of the complaint.

81. Deny the allegations set forth in paragraph "81" of the complaint.

82. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "82."

83. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "83."

84. Deny the allegations set forth in paragraph "84" of the complaint, except admit that Esposito was involved in the arrest and subsequent prosecution of the plaintiff in <u>Dekuyper v. City of New York, et al.</u>, 14-cv-8294 (SDNY).

85. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "84."

86. Deny the allegations set forth in paragraph "86" of the complaint.

87. Deny the allegations set forth in paragraph "87" of the complaint.

88. Deny the allegations set forth in paragraph "88" of the complaint.

89. Deny the allegations set forth in paragraph "89" of the complaint.

90. Deny the allegations set forth in paragraph "90" of the complaint.

91. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "91."

92. Deny the allegations set forth in paragraph "92" of the complaint.

93. Deny the allegations set forth in paragraph "93" of the complaint.

94. Deny the allegations set forth in paragraph "94" of the complaint.

95. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "95."

96. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "96."

97. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "97."

98. Deny the allegations set forth in paragraph "98" of the complaint.

99. Deny the allegations set forth in paragraph "99" of the complaint.

100. Deny the allegations set forth in paragraph "100" of the complaint.

101. Deny the allegations set forth in paragraph "101" of the complaint.

102. Deny the allegations set forth in paragraph "102" of the complaint.

103. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "103."

104. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "104."

105. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "105."

106. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "106."

107. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "107."

108. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "108."

109. Deny the allegations set forth in paragraph "109" of the complaint

110. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "110."

111. Deny the allegations set forth in paragraph "111" of the complaint.

112. Deny the allegations set forth in paragraph "112" of the complaint.

113. Deny the allegations set forth in paragraph "113" of the complaint.

114.   Deny the allegations set forth in paragraph "114" of the complaint.

115.   Deny the allegations set forth in paragraph "115" of the complaint.

116.   Deny the allegations set forth in paragraph "116" of the complaint.

117.   Deny the allegations set forth in paragraph "117" of the complaint.

118.   Deny the allegations set forth in paragraph "118" of the complaint.

119.   Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "119."

120.   Deny the allegations set forth in paragraph "120" of the complaint.

121.   Deny the allegations set forth in paragraph "121" of the complaint.

122.   Deny the allegations set forth in paragraph "122" of the complaint.

123.   Deny the allegations set forth in paragraph "123" of the complaint.

124.   Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "124," except admit that Groht was an NYPD Lieutenant.

125.   Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "125."

126.   Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "126."

127.   Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "127."

128.   Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "128," except admit that when Chief of Department Esposito gave an order, officers were required to comply.

129.   Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "129."

130.   Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "130."

131.   Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "131," except admit that dispersal orders were given at approximately 9:00 a.m., in the vicinity of plaintiffs' arrests.

132.   Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "132," except admit that dispersal orders were given at approximately 9:00 a.m., in the vicinity of plaintiffs' arrests.

133.   Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "133," except admit that dispersal orders were given at approximately 9:00 a.m., in the vicinity of plaintiffs' arrests.

134.   Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "134," except admit that dispersal orders were given at approximately 9:00 a.m., in the vicinity of plaintiffs' arrests.

135.   Deny the allegations set forth in paragraph "135" of the complaint.

136.   Deny the allegations set forth in paragraph "136" of the complaint.

137.   Deny the allegations set forth in paragraph "137" of the complaint.

138.   Deny the allegations set forth in paragraph "138" of the complaint.

139.   Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "139."

140.   Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "140," except deny that defendants did not have probable cause to arrest plaintiffs.

141.   Admit that plaintiffs were arrested by NYPD officers.

142.   Deny the allegations set forth in paragraph "142" of the complaint.

143.   Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "143."

144.   Deny the allegations set forth in paragraph "144" of the complaint.

145.   Deny the allegations set forth in paragraph "145" of the complaint.

146.   Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "146."

147.   Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "147."

148.   Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "148."

149.   Deny the allegations set forth in paragraph "149" of the complaint.

150.   Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "150."

151.   Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "151."

152.   Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "152."

153. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "153."

154. Deny the allegations set forth in paragraph "154" of the complaint.

155. Deny knowledge or information sufficient to form a belief with respect to Alamonte's sworn allegations alleged in paragraph "155."

156. Deny knowledge or information sufficient to form a belief with respect to Alamonte's sworn allegations alleged in paragraph "156."

157. Deny knowledge or information sufficient to form a belief with respect to the allegations alleged in paragraph "157."

158. Deny the allegations set forth in paragraph "158" of the complaint.

159. Deny the allegations set forth in paragraph "159" of the complaint.

160. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "160."

161. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "161."

162. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "162."

163. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "163," except admit that Almonte processed Case's arrest.

164. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "164."

165. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "165."

166.   Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "166."

167.   Admit that Almonte met with a member of the legal bureau at 1515 hours.

168.   Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "168."

169.   Admit that Almonte filled out NYPD paperwork.

170.   Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "170."

171.   Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "171."

172.   Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "172."

173.   Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "173."

174.   Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "174," except deny the allegation that plaintiff was subject to excessively long arrest processing.

175.   Deny the allegations set forth in paragraph "175" of the complaint.

176.   Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "176."

177.   Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "177."

178.   Deny the allegations set forth in paragraph "178" of the complaint.

179. Deny the allegations set forth in paragraph "179" of the complaint.

180. Deny the allegations set forth in paragraph "180" of the complaint.

181. Deny the allegations set forth in paragraph "181" of the complaint.

182. Deny the allegations set forth in paragraph "182" of the complaint.

183. Deny the allegations set forth in paragraph "183" of the complaint.

184. Deny the allegations set forth in paragraph "184" of the complaint.

185. Deny the allegations set forth in paragraph "185" of the complaint.

186. Deny the allegations set forth in paragraph "186" of the complaint.

187. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "187."

188. Deny the allegations set forth in paragraph "188" of the complaint.

189. Deny the allegations set forth in paragraph "189" of the complaint.

190. Deny knowledge or information sufficient to form a belief as to sworn allegations as alleged in paragraph "190."

191. Deny knowledge or information sufficient to form a belief as to sworn allegations as alleged in paragraph "191."

192. Deny the allegations set forth in paragraph "192" of the complaint.

193. Deny the allegations set forth in paragraph "193" of the complaint.

194. Deny the allegations set forth in paragraph "194" of the complaint.

195. Deny the allegations set forth in paragraph "195" of the complaint.

196. Deny the allegations set forth in paragraph "196" of the complaint.

197. Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "197."

198.   Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "198."

199.   Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "199."

200.   Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "200."

201.   Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "201."

202.   Admit that Conforti met with a member of the legal bureau during arrest processing.

203.   Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "203."

204.   Admit that Conforti filled out NYPD paperwork.

205.   Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "205."

206.   Deny the allegations set forth in paragraph "206" of the complaint.

207.   Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "207."

208.   Deny the allegations set forth in paragraph "208" of the complaint.

209.   Deny the allegations set forth in paragraph "209" of the complaint.

210.   Deny the allegations set forth in paragraph "210" of the complaint as to any injury suffered by plaintiff.

211.   Deny the allegations set forth in paragraph "211" of the complaint as to any use of force on plaintiff.

212.   Deny the allegations set forth in paragraph "212" of the complaint.

213.   Deny the allegations set forth in paragraph "213" of the complaint.

214.   Deny the allegations set forth in paragraph "214" of the complaint.

215.   Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "215."

216.   Deny the allegations set forth in paragraph "216" of the complaint.

217.   Deny the allegations set forth in paragraph "217" of the complaint.

218.   Deny the allegations set forth in paragraph "218" of the complaint.

219.   Deny the allegations set forth in paragraph "219" of the complaint.

220.   Deny the allegations set forth in paragraph "220" of the complaint.

221.   Deny the allegations set forth in paragraph "221" of the complaint.

222.   Deny the allegations set forth in paragraph "222" of the complaint.

223.   Deny the allegations set forth in paragraph "223" of the complaint.

224.   Deny the allegations set forth in paragraph "224" of the complaint.

225.   Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "225."

226.   Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "226."

227.   Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "227."

228.   Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "228."

229.   Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "229."

230.   Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "230."

231.   Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "231."

232.   Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "232."

233.   Deny the allegations set forth in paragraph "233" of the complaint.

234.   Deny knowledge or information sufficient to form a belief with respect to Tverdokhleb's sworn allegations alleged in paragraph "234."

235.   Deny knowledge or information sufficient to form a belief with respect to Tverdokhleb's sworn allegations alleged in paragraph "235."

236.   Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "236."

237.   Deny the allegations set forth in paragraph "237" of the complaint.

238.   Deny the allegations set forth in paragraph "238" of the complaint.

239.   Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "239."

240.   Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "240."

241.    Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "241."

242.    Admit that a Polaroid photograph of Tverdokhleb and Klein was taken.

243.    Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "243."

244.    Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "244."

245.    Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "245."

246.    Admit that Tverdokhleb filled out NYPD paperwork.

247.    Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "247."

248.    Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "248."

249.    Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "249."

250.    Deny the allegations set forth in paragraph "250" of the complaint

251.    Deny the allegations set forth in paragraph "251" of the complaint

252.    Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "252."

253.    Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "253."

254.    Deny the allegations set forth in paragraph "254" of the complaint.

255.  Deny the allegations set forth in paragraph "255" of the complaint.

256.  Deny the allegations set forth in paragraph "256" of the complaint.

257.  Deny the allegations set forth in paragraph "257" of the complaint.

258.  Deny the allegations set forth in paragraph "258" of the complaint.

259.  Deny the allegations set forth in paragraph "259" of the complaint.

260.  Deny the allegations set forth in paragraph "260" of the complaint.

261.  Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "261."

262.  Deny the allegations set forth in paragraph "262" of the complaint.

263.  Deny the allegations set forth in paragraph "263" of the complaint.

264.  Deny the allegations set forth in paragraph "264" of the complaint

265.  Deny knowledge or information sufficient to form a belief with respect to Maldonado's sworn allegations alleged in paragraph"265."

266.  Deny the allegations set forth in paragraph "266" of the complaint.

267.  Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "267."

268.  Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "268."

269.  Deny the allegations set forth in paragraph "269" of the complaint.

270.  Deny the allegations set forth in paragraph "270" of the complaint.

271.  Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "271."

272.    Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "272."

273.    Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "273."

274.    Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "274."

275.    Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "275."

276.    Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "276."

277.    Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "277."

278.    Admit that Maldonado filled out NYPD paperwork.

279.    Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "279."

280.    Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "280."

281.    Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "281."

282.    Deny the allegations set forth in paragraph "282" of the complaint.

283.    Deny the allegations set forth in paragraph "283" of the complaint.

284.    Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "284."

285.    Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "285."

286.    Deny the allegations set forth in paragraph "286" of the complaint.

287.    Deny the allegations set forth in paragraph "287" of the complaint.

288.    Deny the allegations set forth in paragraph "288" of the complaint.

289.    Deny the allegations set forth in paragraph "289" of the complaint.

290.    Deny the allegations set forth in paragraph "290" of the complaint.

291.    Deny knowledge or information sufficient to form a belief with respect to the allegations in paragraph "291."

292.    Deny the allegations set forth in paragraph "292" of the complaint.

293.    In response to the allegations set forth in paragraph "293" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

294.    Deny the allegations set forth in paragraph "294" of the complaint.

295.    Deny the allegations set forth in paragraph "295" of the complaint.

296.    Deny the allegations set forth in paragraph "296" of the complaint.

297.    In response to the allegations set forth in paragraph "297" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

298.    Deny the allegations set forth in paragraph "298" of the complaint.

299.    Deny the allegations set forth in paragraph "299" of the complaint.

300.    Deny the allegations set forth in paragraph "300" of the complaint.

301. In response to the allegations set forth in paragraph "301" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

302. Deny the allegations set forth in paragraph "302" of the complaint.

303. Deny the allegations set forth in paragraph "303" of the complaint.

304. Deny the allegations set forth in paragraph "304" of the complaint.

305. Deny the allegations set forth in paragraph "305" of the complaint.

306. Deny the allegations set forth in paragraph "306" of the complaint.

307. Deny the allegations set forth in paragraph "307" of the complaint.

308. Deny the allegations set forth in paragraph "308" of the complaint.

309. In response to the allegations set forth in paragraph "309" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

310. Deny the allegations set forth in paragraph "310" of the complaint.

311. Deny the allegations set forth in paragraph "311" of the complaint.

312. In response to the allegations set forth in paragraph "312" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

313. Deny the allegations set forth in paragraph "313" of the complaint.

314. Deny the allegations set forth in paragraph "314" of the complaint.

315. Deny the allegations set forth in paragraph "315" of the complaint.

316. Deny the allegations set forth in paragraph "316" of the complaint.

317. Deny knowledge or information sufficient to form a belief with respect to the allegations as set forth in paragraph "317."

318. Deny the allegations set forth in paragraph "318" of the complaint.

319. Deny the allegations set forth in paragraph "319" of the complaint.

320. Deny the allegations set forth in paragraph "320" of the complaint.

321. In response to the allegations set forth in paragraph "321" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

322. Deny the allegations set forth in paragraph "322" of the complaint.

323. Deny the allegations set forth in paragraph "323" of the complaint.

324. Deny the allegations set forth in paragraph "324" of the complaint.

325. Deny the allegations set forth in paragraph "325" of the complaint.

326. Deny the allegations set forth in paragraph "326" of the complaint.

327. Deny the allegations set forth in paragraph "327" of the complaint.

328. Deny the allegations set forth in paragraph "328" of the complaint.

329. Deny the allegations set forth in paragraph "329" of the complaint.

330. Deny the allegations set forth in paragraph "330" of the complaint.

331. Deny the allegations set forth in paragraph "331" of the complaint.

332. In response to the allegations set forth in paragraph "332" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

333. Deny the allegations set forth in paragraph "333" of the complaint.

334. Deny the allegations set forth in paragraph "334" of the complaint.

335.    Deny the allegations set forth in paragraph "335" of the complaint.

336.    Deny the allegations set forth in paragraph "336" of the complaint.

337.    Deny the allegations set forth in paragraph "337" of the complaint.

338.    Deny the allegations set forth in paragraph "338" of the complaint.

339.    Deny the allegations set forth in paragraph "339" of the complaint.

340.    Deny knowledge or information sufficient to form a belief with respect to the allegations as set forth in paragraph "340."

341.    Deny the allegations set forth in paragraph "341" of the complaint.

342.    Deny the allegations set forth in paragraph "342" of the complaint.

343.    Deny the allegations set forth in paragraph "343" of the complaint.

344.    In response to the allegations set forth in paragraph "344" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

345.    Deny the allegations set forth in paragraph "345" of the complaint.

346.    Deny the allegations set forth in paragraph "346" of the complaint.

347.    In response to the allegations set forth in paragraph "347" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

348.    Deny the allegations set forth in paragraph "348" of the complaint.

349.    Deny the allegations set forth in paragraph "349" of the complaint.

350.    In response to the allegations set forth in paragraph "350" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

351.   Deny the allegations set forth in paragraph "351" of the complaint.

352.   Deny the allegations set forth in paragraph "352" of the complaint.

353.   Deny knowledge or information sufficient to form a belief with respect to the allegations as set forth in paragraph "353."

354.   Deny the allegations set forth in paragraph "354" of the complaint.

355.   Deny the allegations set forth in paragraph "355" of the complaint.

356.   Deny the allegations set forth in paragraph "356" of the complaint.

357.   In response to the allegations set forth in paragraph "357" of the complaint, defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

358.   Deny the allegations set forth in paragraph "358" of the complaint.

359.   Deny the allegations set forth in paragraph "359" of the complaint.

360.   Deny the allegations set forth in paragraph "360" of the complaint.

361.   Deny the allegations set forth in paragraph "361" of the complaint.

362.   Deny the allegations set forth in paragraph "362" of the complaint.

363.   Deny the allegations set forth in paragraph "363" of the complaint.

364.   Paragraph "364" is plaintiffs demand for a jury trial to which no response is necessary.

### FIRST AFFIRMATIVE DEFENSE:

365.   The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE:

366.   Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United State or the State of New York or any political

subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

**THIRD AFFIRMATIVE DEFENSE:**

367. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct or that of a third party and was not the proximate result of any act of defendants.

**FOURTH AFFIRMATIVE DEFENSE:**

368. Plaintiffs have failed to comply with the conditions precedent to suit.

**FIFTH AFFIRMATIVE DEFENSE:**

369. There was probable cause for plaintiffs arrests, detention and prosecution.

**SIXTH AFFIRMATIVE DEFENSE:**

370. Plaintiffs' claims may be barred by the applicable statute of limitations.

**SEVENTH AFFIRMATIVE DEFENSE:**

371. At all times relevant to the acts alleged in the complaint, defendant City, its agents and officials, acted reasonably, properly, lawfully and in good faith in the exercise of their discretion. Consequently, defendant City of New York is entitled to governmental immunity.

**EIGHTH AFFIRMATIVE DEFENSE:**

372. Plaintiffs have failed, in whole or in part, to comply with New York General Municipal Law § 50-e, §50-h, §50-k and §50-i.

**NINTH AFFIRMATIVE DEFENSE:**

373. Plaintiffs provoked any incident.

**TENTH AFFIRMATIVE DEFENSE:**

374. Punitive damages cannot be awarded against the City of New York.

## ELEVENTH AFFIRMATIVE DEFENSE:

375.  Plaintiffs have failed to mitigate his alleged damages.

## TWELFTH AFFIRMATIVE DEFENSE:

376.  At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

## THIRTEENTH AFFIRMATIVE DEFENSE:

377.  Defendants are entitled to qualified immunity from liability.

## FOURTEENTH AFFIRMATIVE DEFENSE:

378. Defendants are entitled to the protections afforded by the Vehicle and Traffic Law, including but not limited to VTL § 1104.

**WHEREFORE,** defendants request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      April 14, 2017

ZACHARY W. CARTER
Corporation Counsel
of the City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007
(212) 356-3518

By:       /s/
      _____
      Amy Robinson
      Special Federal Litigation Division

To:     Gideon Oliver, Esq. (by ECF)
       *Attorney for Plaintiffs*

14-CV-9148

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BENJAMIN CASE, ELIZABETH CATLIN,
JENNIFER KLEIN, and MARK KUSHNEIR,

                                             Plaintiffs,

                     -against-

THE CITY OF NEW YORK, et al,

                                             Defendants.

**ANSWER TO SECOND AMENDED
COMPLAINT ON BEHALF OF CITY OF
NEW YORK, JOSEPH ESPOSITO, BRIAN
MCCARTHY, DAVID GROHT, LAWRENCE
PAPOLA, BENJAMIN ALMONTE, DANIEL
CONFORTI, DMITRY TVERDOKHLEB,  and
MICHAEL MALDONADO**

***ZACHARY CARTER***
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, New York  10007*

*Of Counsel:  Amy Robinson*
*Tel:  (212) 356-3518*
*NYCLIS No. 2015-009624*

*Due and timely service is hereby admitted.*

*New York, N.Y.  ........................................... , 2017*

*........................................................................ Esq.*

*Attorney for ............................................................*