Case 1:14-cv-09148-AT-BCM   Document 141   Filed 05/09/19   Page 1 of 3



**Gideon Orion Oliver**
—ATTORNEY AT LAW—
He/him/his

277 Broadway, Suite 1501
New York, NY 10007

1825 Foster Avenue, Suite 1K
Brooklyn, NY 11230

Gideon@GideonLaw.com*
GideonLaw.com

**Office**: (718) 783-3682
**Signal**: (646) 263-3495
**Fax**: (646) 349-2914*

*\*Not for service*

May 9, 2019

**BY ECF AND E-MAIL**
Hon. Analisa Torres
US District Judge
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re:    *Case, et al. v. City of New York, et al.* -14-cv-9148 (AT)(BCM)

Your Honor:

    I represent Plaintiffs in the above-captioned matter. I write to request that:

(1) The Court accept counsel's Declaration in Opposition to Defendants' Motion for Summary Judgment and exhibits (Dkt. 140), as if they had been timely filed, although the exhibits were successfully filed around 1 hour out of time;

(2) Consistent with this Court's Individual Rules of Practice Section IV(a), the Court grant leave to file *nunc pro tunc* the redacted versions of three Defendants' exhibits (Maldonado, Papola, and Tvrerdokhleb) that Plaintiffs have filed as part thereof; and

(3) Consistent with this Court's Individual Rules of Practice Section IV(a), the Court accept an Exhibit referred to as AR5 for filing under seal, which Defendants have designated as Confidential, in connection with Plaintiffs' opposition to Defendants' summary judgment application. A placeholder for AR5 was filed along with the counsel's Declaration.

    In compliance with this Court's Individual Rule of Practice Section III(C)(iv), Plaintiffs have submitted complete transcripts as to all witnesses whose testimony they cite, with the exception of required redactions, the above redactions, and withholding from filing portions of testimony bearing on disciplinary and CCRB records which were separately transcribed in accordance with the Protective Order in §1983 Plan Cases.

    **With respect to (1),** I began attempting to file the Declaration and exhibits around approximately 11:15PM. However, the ECF system rejected repeated attempts to file the Declaration and exhibits. First one, and then another, scanned Defendants' and third-party deposition transcript "bounced" although they were saved in OCR format under 10MB in size. I surmised that the ECF system did not like the format of those deposition transcripts. As a work-around, I began printing and re-scanning the depositions. I also filed a

1

version of the Declaration, without the exhibits (Dkt. 139). I promptly re-filed the Declaration (with the newly printed and scanned depositions) as soon as possible at around 1AM on May 9, 2019, around 1 hour past the deadline for filing.

**With respect to (2),** the parties seek permission to redact from officer witness deposition transcripts officers' testimony pertaining to their disciplinary and CCRB records, which is encompassed by paragraph (2) of the Protective Order in §1983 Plan Cases. The parties assert that these areas of information, marked as confidential during the depositions, should continue to be shielded from public filing. We are mindful of this Court's individual rules requiring that deposition transcripts supplied in connection with a motion for summary judgment be filed in their entirety and the requirement that a party requesting redactions address the factors in *Lugosch v. Pyramid Co of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

"[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts. Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Lugosch, supra* at 119. Where the information is "used to determine litigants' substantive legal rights, a strong presumption of access attaches." *Id.* at 121, see *Joy v. North,* 692 F.2d 880, 893 (2nd Cir. 1982) ("an adjudication is a formal act of government, the basis of which should, absent exceptional circumstances, be subject to public scrutiny"). By contrast, the presumption of public access is at its weakest where the information plays "only a negligible role in the performance of Article III duties." *Lugosch*, 435 F.3d at 121.

Here, officer witness testimony pertaining to disciplinary and CCRB records is not needed to adjudicate any matter between the parties. *See Giuffre v. Maxwell*, 325 F.Supp.3d 428, 443 (S.D.N.Y. 2018)("[t]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access"), *quoting United States v. Amodeo,* 44 F.3d 141, 145 (2nd Cir. 1995).

Even if the confidential portions of these depositions are judicial records, the weakest right of public access attaches to them. Further, any public right of access is rebutted here by strong countervailing privacy interests, particularly where a protective order is in place to preserve the confidentiality of this information.

It is respectfully submitted that the Court permit plaintiffs to file officers' deposition transcripts redacting all testimony as it pertains to their disciplinary or CCRB records.

**With respect to (3),** Defendants maintain that AR5 is Confidential under the Protective Order in §1983 Plan Cases. In around November of 2018, Plaintiffs requested that Defendants remove their Confidentiality designation. Defendants did not respond to that request. On May 8, 2019, Plaintiffs renewed that request, and Defendants declined to withdraw the designation. Defendants' position is that removing the designation would "reveal planning and tactics that are continuing to be used."

Thank you for your attention to this matter.

Respectfully submitted,

/S/

Gideon Orion Oliver