

**Gideon Orion Oliver**
—ATTORNEY AT LAW—
He/him/his

277 Broadway, Suite 1301
New York, NY 10007

1825 Foster Avenue, Suite 1K
Brooklyn, NY 11230

Gideon@GideonLaw.com*
GideonLaw.com

**Office**: (718) 783-3682
**Signal**: (646) 263-3495
**Fax**: (646) 349-2914*

*\*Not for service*

October 11, 2022

**BY ECF**
Hon. Jennifer L. Rochon
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY  10007

   Re: <u>Benjamin Case, et al. v. City of New York, et al.,</u> 14-cv-09148 (JLR)(BCM)

Your Honor:

  I am co-counsel for Plaintiffs, including Mark Kushnier, the only Plaintiff whose claims remain. I write jointly with opposing counsel in compliance with the Court's September 19, 2022 Order (ECF 167).

1. The names of current counsel and their current contact information are correctly reflected on the docket.

2. A brief statement of the nature of the case (by Plaintiff): Plaintiff Mark Kushneir was arrested during a 2012 Occupy Wall Street ("OWS") protest, and subsequently prosecuted, by individually-named Defendants including former New York City Police Department ("NYPD") Chief of Department Joseph Esposito and NYPD Officer Michael Maldonado. Pursuant to the September 30, 2019 decision by Hon. Analisa M. Torres resolving Defendants' summary judgment motion, Plaintiff Kushneir's claims for false arrest and violations of his fair trial rights against Defendants Esposito and Maldonado, as well as related *Monell* claims against Defendant City of New York, remain to be tried. *See Case v. City of NY*, 408 F Supp 3d 313 (SDNY 2019).

  A brief statement of the principal defenses in the case (by Defendants): (1) There was probable cause to arrest plaintiff Kushneir; (2) Defendants Esposito and Ma;donado are entitled to Qualified Immunity; (3) There is no evidence indicating that the defendant officers created false information and/or forwarded such false information to the District Attorney's Office; and (4) Plaintiff cannot prove that defendant City of New York failed to train its officers.

3. The Court has federal question jurisdiction under 28 USC 1331 and original jurisdiction under 1343(a)(3-4). Venue is proper under 28 USC 1391(b) because this suit has been brought in the judicial district where a substantial part of the event or omissions giving rise to the claim occurred and based on Defendant City's, and other Defendants', residency within the district.

4. Trial is scheduled to begin on October 2, 2023 at 9:00 a.m. Pre-trial submissions are due beginning on August 7, 2023. *See* ECF 165.

5. A final pretrial conference is scheduled for September 25, 2023 at 1:00 p.m. *See* ECF 165.

6. There are no outstanding motions.

7. There are no pending appeals.

8. The parties have conducted all discovery in the case, and trial is scheduled. No further discovery is necessary for the parties to engage in meaningful settlement negotiations.

9. The Court has directed the parties to inform the Court by March 1, 2023 whether the parties wish to be referred to a magistrate judge for settlement purposes. The parties will confer regarding settlement and comply with that direction.

10. Please see #9 above.

11. The parties estimate the trial will last between 5-10 days.

12. The parties cannot think of other information we believe may assist the Court in advancing the case to settlement or trial at this time.

The parties thank Your Honor for the Court's attention to this matter.

Respectfully submitted,

/S/

Gideon Orion Oliver