UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

| | |
|---|---|
| BENJAMIN CASE, et al., | DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND DOCUMENT DEMANDS |
| Plaintiffs, | |
| -against- | |
| CITY OF NEW YORK, et al., | |
| Defendants. | 14-CV-9148 (AT)(RLE) |

------------------------------------------------------------------- x

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, defendant(s) respond(s) and object(s) to plaintiffs' First Set of Interrogatories and Document Demands as follows:

### GENERAL STATEMENT AND GENERAL OBJECTIONS

1. By responding to any request, defendants do not concede the materiality of the subject to which it refers. Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2. Defendants object to this Interrogatory and Document Request to the extent that it demands documents and/or information which are protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes.

3. Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with

respect to that document or any other document, or its subject matter, or the information contained therein, or of defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

4. Defendants object in the entirety to any request for information or production from entities not represented by the Corporation Counsel of the City of New York.

5. Defendants further object in the entirety to the interrogatories to the extent that they seek the home address of individuals identified by the defendants in response to the Interrogatories.

6. With respect to the request for the production of documents, defendants will provide, under separate cover, a privilege index, as appropriate.

7. Defendants will comply with their obligation to supplement pursuant to Federal Rules of Civil Procedure 26(e).

8. Defendants are continuing to search for information responsive to plaintiff's requests and therefore reserve the right to supplement their response to each request with additional information, if and when such information becomes available to defendants' counsel. Defendants also reserve the right to object to the future disclosure of any such information.

complaint and/or incident identified therein, including, but not limited to, Closing Reports and/or the equivalent summaries related to each incident.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 50:**

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, not proportional, not sufficiently limited in time or scope, assumes facts that have not been established, seeks information concerning allegations that were not substantiated or did not result in a finding of wrongdoing and to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the extent that it seeks information relating to allegations dissimilar to those in the complaint. Notwithstanding, defendants refer to documents provided in their initial disclosures.

**DOCUMENT REQUEST NO. 51:**

Produce the disciplinary, medical, psychological, employment, and personnel files, including but not limited to, the CPI, G.0.-15 statements, pre- employment investigation information, psychological tests results, early intervention monitoring records, other monitoring records, fitness for duty evaluations, use of force records, interviews, memoranda, or other documents contained in or made a part of the personnel records or other files wherever kept, whether at the Defendant's command or elsewhere, of each Defendant.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 51:**

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, not proportional and to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding, defendants refer to documents provided in their initial disclosures.

not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object under the sealing provisions of N.Y. Criminal Procedure Law § 160.50. Defendants also object to the extent that this request seeks the private medical information of non-parties. Notwithstanding, no such documents have been received to date. Defendants will supplement this response as appropriate.

Dated:   New York, New York
         July 17, 2017

                                        ZACHARY W. CARTER
                                        Corporation Counsel of the
                                         City of New York
                                        *Attorney for Defendants*
                                        100 Church Street, Room 3-173b
                                        New York, New York 10007
                                        (212) 356-3518

                                   By:  /s/
                                        _____
                                        AMY ROBINSON
                                        *Spec. Assistant Corporation Counsel*

TO:   GIDEON ORION OLIVER
      *Counsel for Plaintiffs*
      277 Broadway, Suite 1501
      New York, New York 10007
      646-263-3495