| CASE NAME | CASE DESCRIPTION | TYPE OF RESULT | MONETARY AWARD |
|---|---|---|---|
| Haus, et al. v. City of New York, et al., 03-cv-4915 (SDNY) (RWS)(MHD) | **General Description and Allegations (NOTE: Citations in this exhibit are intended to be removed in a final version -- but are offered so both parties can check the accuracy of the statements):** This case was brought as a class action challenging arrests, detentions, and prosecutions of around 300 people in connection with February 15, 2003 anti-war protests. Among other things, the plaintiffs claimed they "were arrested without probable cause, in violation of their Fourth Amendment rights, for the sole purpose of clearing the streets, and that after long delays under uncomfortable conditions they were given summonses signed by police personnel who had no knowledge of their encounter with the arresting officers and had no factual basis to sign the summonses." *Haus v City of NY*, 2011 US Dist LEXIS 155735, at *6 (SDNY Aug. 31, 2011). The arrests were made for, among other things, "obstructing vehicular traffic" and "refusing to comply with a lawful order to disperse," like the arrests here. During the course of those arrests, various plaintiffs testified that "police officers ordered them to disperse but offered no means to do so since they were trapped in crowds who were also unable to move because of a crush of people." *Id.* at *30.<br><br>**Court Findings (If Any):** On summary judgment, the Court found that the City could not establish probable cause because while an officer testified that he had heard an order to disperse before he began arresting people, there was also testimony that "it was the police who had blocked her and the others from moving." *Haus,* 2011 US Dist LEXIS 155735, at *123. Additionally, the Court explained that as to a crowd the police surrounded, the "police obviously had no probable cause to arrest anyone in this crowd. The arrestees had been walking on the sidewalk, and thus not blocking pedestrian traffic, until they were stopped by the police. If civilian traffic was then blocked, it was only because the police refused, for no apparent reason, to permit the bulk of the approximately fifty people to continue walking in either direction. In short, it was the police who, in this account, manufactured the purported crime by blocking a large number of people from moving." *Id.* at *122. | Settlement | $396,350 (split between 15 plaintiffs) + $303,650 (attorneys' fees) = $700,000 (Dkt. No. 204) |
| Abdell, et al. v. City of New York, 05-cv-8453 (RJS) (JCF) | | | |
| Allen v. City of New York, 03-cv-2829 (SDNY) | | | |
| Burley, et al. v. City of New York, et al., 03-cv-0735 (SDNY) (WHP)(FM) | | | |
| Callaghan, et al. v. City of New York, et al., 07-cv-9611 (PKC) (S.D.N.Y.) | | | |
| Dinler, et al. v. City of New York, et al., 04-cv-7921 (RJS)(JCS) | | | |
| Kunstler, et al. v. City of New York, 04-cv-1145 (SDNY) (RWS)(MHD) | | | |
| Kyne, et al. v. Wolfowitz, et al., 06-cv-2041 (SDNY)(RJS)(JCF) | | | |
| Larsen, et al. v. City of New York, et al., 04-cv-665 (SDNY) (RWS) | | | |
| Long v. City of New York, 09-cv-6099 (AKH) (S.D.N.Y.) | | | |
| MacNamara, et al. v. City of New York, 04-cv-9216 (SDNY) (RJS) (JCF) | | | |
| Mandal, 02-cv-1234 (WHP)(FM) (S.D.N.Y.) | | | |
| Osterhaudt, No. 10-cv-3173 (RJC)(RML) (EDNY) | | | |