UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BENJAMIN CASE, et al.,

                              Plaintiffs,

    v.

CITY OF NEW YORK, et al.,

                              Defendants. [1]

[PROPOSED]
JOINT QUESTIONS FOR VOIR DIRE

14-cv-09148 (JLR) (BCM)

---

The parties, by their attorneys, pursuant to Rule 47(a) of the Federal Rules of Civil Procedure, hereby submit the following proposed questions for *voir dire*:[2]

1. Please give your full name and age.

2. What neighborhood do you live in?

    a. How long have you lived there?

    b. What neighborhood did you live in before?

    c. How long?

3. What kind of work do you do?

    a. If retired or unemployed, what was the last type of work that you did?

4. What is your job title?

5. Please state any other jobs you have held in the past 10 years.

---

[1] The parties have agreed that the caption should be amended, as follows: Mark Kushneir v. City of New York, Joseph Esposito, and Michael Maldonado.

[2] Defendants respectfully request that any question which calls for the disclosure of information which is sensitive or private in nature—such as criminal or litigation history—or has the potential to inflame the passions of the jury—such as positive or negative opinions or experiences with regard to law enforcement—be discussed outside the presence of other prospective jurors.

6. Does/did your job cause you to work with any law enforcement office or agency?

    If yes:

    a. Which law enforcement office or agency?

    b. What type of interaction did you have with the law enforcement office or agency?

    c. Was your experience positive or negative?

    If it was negative:

    d. Will you be able to separate your feelings about your prior contact with law enforcement and not hold it against the defendant police officers in this case?

7. Do you live with someone or multiple individuals? If yes:

    a. What is that person's or those individuals' occupation(s)?

8. Are you married (or have a registered domestic partner)? If yes:

    a. What kind of work does that person do?

9. Do you have children? If yes:

    a. How many?

    b. What ages?

    c. If your children are adults, what are their occupations?

10. Please describe your educational background, including any certificates, training institutes, colleges, and graduate schools.

11. Have you ever served in the military? If yes:

    a. Which branch?

    b. What rank did you hold?

    c. What duties did you have?

      d.    Were you ever in the military police?

12. What activities or hobbies do you engage in?

13. Do you belong to any organizations or clubs?

14. Do you use social media (including blogs)? If yes:

    a.    Have you ever posted about issues related to law enforcement?

15. Are you, or anyone in your family, or anyone in your household, or any close friends, a lawyer? If yes:

    a.    Please describe your relationship to each person and the type of law that person practices.

    b.    Would you be able to refrain from discussing this trial with that person and follow the law as it is given by this Court?

16. Have you, or anyone in your family, or anyone in your household, or any close friends ever worked for a local municipality, county, or federal agency? If yes:

    a.    Please describe your relationship to each person, what they do/did for work, which agency they worked for, and when.

17. Have you, or anyone in your family, or anyone in your household, or any close friends ever worked for the City of New York? If yes:

    a.    Please describe your relationship to each person, what they do/did for work, which agency they worked for, and when.

18. Have you, or anyone in your family, or anyone in your household, or any close friends worked for the NYPD or a law enforcement agency? If yes:

    a.    Please describe your relationship to each person, what they do/did for work, which agency they worked for, what positions were held, and when.

19. Do you regularly read any newspapers or magazines? If yes:

    a. What are they?

20. Do you regularly read any blogs? If yes:

    a. What are they?

21. What types of books do you read?

22. Do you regularly watch television? If yes:

    a. What TV shows do you watch?

23. Do you regularly listen to the radio? If yes:

    a. What radio stations do you listen to?

24. Do you regularly listen to any podcasts? If yes:

    a. Which podcasts?

25. Have you, or anyone in your family, or anyone in your household, or any close friends ever been involved in a lawsuit of any kind? (For example, sued someone else, or been sued by someone else). If yes:

    a. Please describe what the lawsuit was about and whether the result was satisfactory or unsatisfactory.

26. Have you ever been a witness for a party bringing a lawsuit? If yes:

    a. Please describe the case and the nature of your testimony.

27. Have you ever been a juror before? If yes:

    a. Was it a civil or criminal case?

    b. Did the case go to verdict?

    c. Tell us about your experience as a juror.[1]

---

[1] Defendants object to Question 29(c).

28. Have you ever been on a Grand Jury? If yes:

    a. Tell us about your experience.[1]

29. Have you, or anyone in your family, or anyone in your household, or any close friends ever had any interaction with the New York City Police Department, or any other police department? If yes:

    a. Please provide details, for example: being arrested, a traffic stop, being stopped and questioned, reporting a crime, being convicted of a crime, etc.? This will be explained outside the presence of the other prospective jurors.

    b. What was your impression of the police officers following the interaction? This will be explained outside the presence of the other prospective jurors.

30. Have you formed an opinion about NYPD officers or any other law enforcement agency officers? If yes:

    a. Please explain. This will be explained outside the presence of the other prospective jurors.

31. Do you have any bias against the NYPD or its officers? If yes:[2]

    a. Please explain. This will be explained outside the presence of the other prospective jurors.

32. What is your opinion of the police?

33. What is your opinion of the NYPD?

---

[1] Defendants object to Question 30(a).
[2] Defendants object to Questions 33-35 as unduly suggestive and duplicative of Question 32.

5

34. Have you or a member of your family or household or any close friend ever attended a demonstration, rally, protest, or march? If yes:[1]

    a. When and where did that demonstration, rally, protest, or march take place? This will be explained outside the presence of the other prospective jurors.

    b. What was the subject matter of that demonstration, rally, protest, or march? This will be explained outside the presence of the other prospective jurors.

    c. What organization or group organized the demonstration, rally, protest, or march? This will be explained outside the presence of the other prospective jurors.

35. Have you ever been impacted by a protest or protester(s)? If yes:

    a. Please explain. This will be explained outside the presence of the other prospective jurors.

36. Have you ever presented a grievance against a local government? If yes:

    a. Please explain. This will be explained outside the presence of the other prospective jurors.

37. What is your opinion of the NYPD's treatment of protests or protesters?[2]

38. Have you heard of the Occupy Wall Street ("Occupy") movement? If yes: [This will be explained outside the presence of the other prospective jurors.]

---

[1] Defendants object to the sub-parts of Question 36, and respectfully submit that prospective jurors could be invited to provide a brief description of relevant protest activities to avoid undue delay in the *voir dire* process.
[2] Defendants object to Question 39 as unduly suggestive and cumulative of other questions regarding prospective jurors' experiences with protest activities.

      a.      What do you know about it?

      b.      What are your feelings about it, if any?

39.      Were you, or anyone in your family, or anyone in your household, or any close friends ever involved or a participant in the Occupy movement? If yes:[1]

      a.      Please tell us about their experience.

40.      Do you know anyone who was arrested in an Occupy protest? If yes:[2]

      a.      Tell us about those people and what you know about their experience.

41.      Have you heard of Black Lives Matter ("BLM")? If yes:[3]

      a.      How did you hear about BLM?

      b.      What is your opinion of BLM?

      c.      Do you know anyone who has participated in any BLM protests?

42.      Do you know anyone who has participated in any BLM protests? If yes:[4]

      a.      Tell us about their experience.

      b.      Why did they participate in any BLM protest?

43.      Do you know anyone who was arrested at a BLM protest? If yes:[5]

      a.      Tell us about their experience.

44.      What do you think about the kneeling protests in the National Football League?[6]

---

[1] Defendants object to Question 41 as unduly suggestive and cumulative of other questions regarding prospective jurors' experiences with the Occupy Wall Street protests.
[2] Defendants object to Question 41 as unduly suggestive and cumulative of other questions regarding prospective jurors' experiences with the Occupy Wall Street protests.
[3] Defendants object to Question 43 as irrelevant, unduly suggestive, and potentially inflammatory to the extent that it conflates more recent protest activities with eh Occupy Wall Street protests; and cumulative to the extent numerous other questions have been proposed regarding prospective jurors' experiences with protest activities.
[4] See objections to Question 43 *supra*.
[5] See objections to Question 43 *supra*.
[6] See objections to Question 43 *supra*.

45. Have you, or anyone in your family, or anyone in your household, or any close friends ever attended any police-related protests? [1]

46. Have you, or anyone in your family, or anyone in your household, or any close friends ever made a complaint about a police officer or other law enforcement officer? [To be explained outside the presence of other prospective jurors.]

47. Have you, or anyone in your family, or anyone in your household, or any close friends ever been the victim of a crime? If yes: [To be explained outside the presence of other prospective jurors.]

   a. Please describe the circumstances.

48. Have you, or anyone in your family, or anyone in your household, or any close friend ever been stopped and/or questioned by a police officer? If yes: [To be explained outside the presence of other prospective jurors.]

   a. What were your feelings about that?

49. Do you know the plaintiff in this case, Mark Kushneir?

50. Do you know former NYPD Chief of Department Joseph Esposito?

51. Do you know NYPD Officer Michael Maldonado?

52. Plaintiff in this case is represented by two attorneys. Do you know or have you had any dealings with the following attorneys or their offices?

   a. Gideon Orion Oliver;

   b. J. Remy Green and their law firm, Cohen & Green PLLC.

---

[1] See objections to Question 43 *supra*.

53. Defendant in this case is represented by Hannah Faddis and ___[1] of the New York City Law Department, which is also referred to as the Office of Corporation Counsel. Do you know these attorneys or have you had any dealings with their office?

54. Do you know any of the following individuals who may be called as a witness in this trial?

    a.    Former NYPD Deputy Chief Joseph Raganella

    b.    NYPD Officer Shurland Marshall

    c.    NYPD Lt. Christopher Czark

55. Do you believe that the fact that the plaintiff started this lawsuit and is here today for trial means that there must be at least some merit to the plaintiff's allegations?

56. Do you have any reason to believe that anything in your life experience would tend to make you partial to one side or the other in this case?

57. Will you be able to deliberate based solely on the evidence presented at trial, and not based on any other information?

58. Will you be able to render a verdict based solely on the evidence, and not allow sympathy to affect your judgment?

59. Would you be able to evaluate each witness's credibility objectively, without bias or prejudice?

60. If you believed that the law the Judge instructs you to apply is morally wrong, would you still be able to apply it?

---

[1] Additional trial counsel will be assigned closer to trial.

61. Are there any reasons why you would not be able to follow the Judge's instructions on the law?

62. This is not a criminal case. The plaintiff does not have the burden to prove his case beyond a reasonable doubt. I will instruct you that the plaintiff has the burden to prove his case by a preponderance of the credible evidence. In light of this instruction, is there any reason why you could not follow this instruction when you deliberate?

63. Plaintiff is represented by Mx. J. Remy Green, a nonbinary, transgender attorney. Throughout this trial, you will hear people using "they" and "them" pronouns, and either the honorific "Professor" or "Mx."[1],[2]

---

[1] Defendants object to Questions 66-77 which focus on the personal characteristics of a single attorney to the exclusion of the distinguishing characteristics of any other witness, party, attorney or person involved in this case, and are not relevant to the issues to be decided by the jury. Defendants further note that they expect the jury will be instructed to disregard any personal opinions they have of the attorneys in this action. Defendants have proposed as an alternative Question 66-a, which addresses personal biases, generally. Defendants propose that personal pronouns can be included in the introductions of the parties and counsel, so as not to single out any one person nor to suggest or inflame bias or prejudice. Defendants further object to the use of any professional honorifics to identify any attorney in Court (*i.e.*, "Professor," which may suggest to the jury that one attorney should be given greater attention or deference than another).

[2] Plaintiff believes that the significance of this issue, in light of the epidemic-level hatred and bias faced by transgender Americans is self-evident (it's also not clear what Defendants mean in objecting to "the use of any professional honorifics to identify any attorney" — are they suggesting the Court should not refer to lawyers as "counsel"? That the Court cannot say "Attorney Faddis"?).

On the substance, a major stereotype about transgender people specifically is that they are inherently deceptive. Talia Mae Bettcher, *Evil Deceivers and Make-Believers: On Transphobic Violence and the Politics of Illusion*, 22 HYPATIA 43 (2007) (examining the stereotype that trans people are "deceivers"). That bias has infected judicial decision-making at times in the all-too-recent past. *See Matter of Eck*, 584 A.2d 859, 860–61 (N.J. Super. Ct. App. Div. 1991) (overturning a decision where a lower court found "it is inherently fraudulent for a person who is physically a male to assume an obviously 'female' name for the sole purpose of representing himself to future employers and society as a female."). All of that is of concern because those biases should not be allowed to impact a particular person's right to a fair trial with an unbiased jury — and reaching that result, given the right to counsel of one's choice, requires ensuring those stereotypes do not form a part of the jury's decision.

64. 66-a. Is there any reason you would be unable to be fair and impartial toward the parties, witnesses, attorneys, or other persons involved in this lawsuit based on their gender, sexual orientation, gender presentation, race, national origin, mental or physical disabilities, or age? Are you capable of treating Mx. Green as you will treat the other attorneys, with respect and dignity?

65. Do you believe that people born and identified as male can ever be women?

66. Do you believe people can be neither men nor women?

67. Do you have any feelings or opinions, personal or political, about transgender or nonbinary people?

68. If you have such feelings or opinions, are you capable of setting them aside while acting as a juror in this case?

69. Do you know any people who are transgender or nonbinary? If so, how do you know them, and what do you think about them?

70. Do you have any feelings or opinions about the use of "they" and "them" pronouns, or gender-related pronouns in general? If so, what are they?

71. Do you have any feelings or opinions about which bathrooms transgender or nonbinary people should use? If so, what are they?

72. Do you have any feelings or opinions about which sports teams transgender or nonbinary people should or should not play on? If so, what are they?

73. Do you believe transgender or nonbinary people are untrustworthy or deceitful?

74. Are you capable of treating Mx. Green as being as trustworthy as the other attorneys?

75. Is there anything which has not been asked that you want to tell the Court about and which may be a factor in your ability to be fair and impartial in this case? You may speak to me and counsel privately if you wish.

Dated: Brooklyn, New York
April 27, 2023

/s/
_____
J. Remy Green
Elena L. Cohen
**COHEN&GREEN P.L.L.C.**
1639 Centre Street, Suite 216
Ridgewood, New York 11385
(929) 888.9480 (telephone)
(929) 888.9457 (facsimile)
remy@femmelaw.com

**GIDEON ORION OLIVER**

_____
277 Broadway, Suite 1501
New York, NY 10007
T: 718-783-3682
F: 646-349-2914
Gideon@GideonLaw.com

*Attorney for Plaintiff*

**HON. SYLVIA O. HINDS-RADIX**
Corporation Counsel of the City of New York
100 Church Street
New York, NY 10007
(212) 356-3523


By: _____/s/_____
Hannah V. Faddis
Senior Counsel
Special Federal Litigation Division
T: 212-356-2486
F: 212-356-1148
hfaddis@law.nyc.gov

12

*Attorney for Defendants*

Cc: All counsel of record (by ECF only)