UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

Benjamin Case, *et al.*,

                          *Plaintiffs*,

      v.

City of New York, *et al.*,

                          *Defendants*.[1]

-----------------------------------------------------------x

14-cv-09148 (JLR)(BCM)

# JOINT PROPOSED SPECIAL VERDICT FORM

Pursuant to Rule 49 of the Federal Rules of Civil Procedure, the parties ask that that the Court utilize the following Special Verdict Form in connection with the trial of this action.

**[this space intentionally left blank]**

---

[1] The parties have agreed that the caption should be amended, as follows: Mark Kushneir v. City of New York, Joseph Esposito, and Michael Maldonado.

1

SPECIAL VERDICT FORM – LIABILITY AND DAMAGES

**Note: Your answer to <u>each</u> question must be unanimous.**

**First Cause of Action:  False Arrest (Questions 1-4):**

**Question 1:**

Has plaintiff provided, by a preponderance of the [credible[2]] evidence, that Mr. Kushneir was falsely arrested on November 17, 2011, by:

(a)   Defendant Joseph Esposito:              Yes _____   No _____[3],[4]

(b)   Defendant Michael Maldonado:           Yes _____   No _____

*If you answered Yes to either Question 1a or 1b, proceed to Question 2. If you answered No to both Questions 1a and 1b, proceed to Question 5, under "Second Cause of Action."*

**Question 2:**

Has plaintiff proved, by a preponderance of the [credible] evidence, that the City of New York is responsible for his false arrest?[5]

Yes _____   No _____

---

[2] Any language in brackets is language Plaintiff objects to.  Specifically here, the Court will have already instructed the jury on how to weigh evidence.

[3] Defendants respectfully propose to reverse the order of responses, to read, "No, Yes" in order to accurately reflect the burden of proof in this case. This is a common convention on verdict forms to avoid the suggestion that "Yes" is the default answer; juries typically have no difficulty following this formulation.

[4] Yes/No forms always put "Yes" first. As a matter of common sense, this would be confusing as jurors will be used to ordinary forms.  Moreover, Defendants misstate the burden:  as the Court knows, the burden on probable cause ultimately falls on Defendants.  To switch yes and no each time the burden changes would be absurd.  Jurors should receive a clear form, consistent with every other form they receive in daily life.

[5] Defendants object to including this question here and respectfully refer the Court to their motion *in limine* to bifurcate the trial of this matter and their proposed supplemental verdict form on <u>Monell</u> liability. Plaintiff will oppose the motion to bifurcate, and object to the confusingly worded supplemental verdict form.  The language Plaintiff has proposed here, combined with the instructions the Court will already be giving, is straightforward and easy to understand.  If there is a supplemental verdict sheet, because the Court ultimately bifurcates, it should simply be the question proposed here.

*Regardless of your answer to Question 2, proceed to Question 3.*

**Question 3:**

    (a) Has plaintiff proved, by a preponderance of the [credible] evidence, that he is entitled to compensatory damages for his false arrest claim?[6]

              Yes _____  No _____

*Plaintiff's Proposal*:

    (b) If you answered YES to any of Questions 1a, 1b, or 2 — along with Question 3 — please write the amount of compensatory damages on the line below that Plaintiff has proven that would fully, fairly, and adequately compensate Plaintiff for any injuries proximately caused by his false arrest, by each Defendant:

        Defendant Joseph Esposito:  $_____

        Defendant Michael Maldonado  $_____

        Defendant City of New York[7]  $_____

*Defendants' Proposal:*

    (b) If YES, in what amount has plaintiff proven in compensatory damages?

        $ _____

    (c) If plaintiff has not proved by the preponderance of the credible evidence that he suffered any compensatory damages, you are required to enter an award of nominal damages in an amount not to exceed one dollar ($1.00):[8]

        $ _____

---

[6] Defendants respectfully submit that these questions should be grouped into liability and damages, but do not object to separate compensatory damages questions for false arrest and denial of the right to a fair trial claims.

[7] See defendants' objections to Question 2.

[8] Plaintiff objects to the nominal damage charge for the reasons in his *in limine* motion. Essentially, it is Plaintiff's right to have such a charge and he has elected not to exercise it.

*If you answered YES to either of Question 1a or 1b, proceed to Question 4.*

**Question 4:**[9],[10]

    (a) Has plaintiff proved by a preponderance of the [credible] evidence that he is entitled to punitive damages for his false arrest, from:

        i.    Defendant Joseph Esposito:                              Yes _____      No _____

        ii.    Defendant Michael Maldonado:                        Yes _____      No _____

    (b) If you answered YES, please write the amount of punitive damages, if any, you award as to each defendant to be paid to the Plaintiff?

        i.    Defendant Joseph Esposito:                              $_____

        ii.    Defendant Michael Maldonado:                        $_____

*Regardless of your answers to Questions 1-4, you should proceed to Question 5 on the next page.*

**Second Cause of Action:  Fair Trial Rights (Questions 5-7):**

**Question 5:**

*Plaintiff's Proposal*:

Has plaintiff provided, by a preponderance of the evidence, that Mr. Kushneir had his "fair trial" rights, as the Court has described those to you, violated on November 17, 2011 or thereafter, by:

    (a) Defendant Michael Maldonado:                        Yes _____      No _____

*Defendants' Proposal*:

---

[9] Defendants object to this question on the grounds that the evidence is not likely to support an award of punitive damages.

[10] There is no basis to not instruct a jury on a live claim that has not been dismissed, and Defendants cite none.  The City routinely moves to dismiss or for summary judgment on punitive damages claims, and elected not to here.

    Has the plaintiff Mark Kushneir proven by a preponderance of the credible evidence that Michael Maldonado denied him the right to a fair trial in connection with his arrest on November 17, 2011?[11]

                  NO _____      YES _____

*If you answered YES to Question 5a, proceed to Question 6.  If you answered NO to Question 5a, your deliberations are finished, and you should proceed to page 6 to sign the verdict sheet.*

**Question 6:**

    (a) Has plaintiff proved, by a preponderance of the evidence, that he is entitled to compensatory damages for his "fair trial" claim?

               Yes _____       No _____

    *Plaintiff's Proposal:*

    (b)  If you answered YES to Question 6a, please write the amount of compensatory damages on the line below that Plaintiff has proven that would fully, fairly, and adequately compensate Plaintiff for any injuries proximately caused by his denial of the right to a fair trial, by:

    Defendant Michael Maldonado            $_____

    *Defendants' Proposal:*

    (b) If YES, in what amount has plaintiff proven in compensatory damages?

            $ _____

    (c) If plaintiff has not proved by the preponderance of the credible evidence that he suffered any compensatory damages, you are required to enter an award of nominal damages in an

---

[11] The label "fair trial rights" is a confusing one, as courts have observed.  To simply ask if Defendant Maldonado "denied [Plaintiff] the right to a fair trial" asks the jury, essentially, to disregard the Court's instructions and use their plain English understanding of the a fair trial — and therefore answer the wrong question.  If the Court is inclined to use a version of Defendants' instruction, Plaintiff believes using a phrase that reflects the actual standard would be appropriate.  That could be something to the effect of replacing "denied him the right to a fair trial" with "forwarded false information to a prosecutor that was likely to influence a jury's verdict, if a jury ever heard it, regardless of whether a jury in fact heard it."  *See Case v City of NY*, 408 F Supp 3d 313, 322 (SDNY 2019) (quotation marks are not intended to indicate a quotation from the decision).

amount not to exceed one dollar ($1.00):[12]

$ _____

**Question 7:** [13],[14]

(a) Has plaintiff proved by a preponderance of the credible evidence that he is entitled to punitive damages for the violation of his "fair trial" rights, from:

   i. Defendant Michael Maldonado:           Yes _____    No _____

(b) If you answered YES, please write the amount of punitive damages, if any, you award as to be paid to the Plaintiff?

   i. Defendant Michael Maldonado:           $_____

*Please proceed to the last page, page 6.*

---

[12] See above.

[13] Defendants object to this question on the grounds that the evidence is not likely to support an award of punitive damages.

[14] See above.

6

**You have completed all questions. Please proceed to the signature line below.**

**SIGNATURE LINE**

Foreperson and other jurors, please sign and date the verdict sheet. Then, without disclosing your verdict, advise the Marshal, that you have reached a verdict and are ready to return to the courtroom to announce your verdict.

_____     _____
Foreperson


_____     _____


_____     _____


_____     _____


Dated: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
BENJAMIN CASE,

                                Plaintiff,

            -against-

THE CITY OF NEW YORK, CHIEF OF
DEPARTMENT JOSEPH ESPOSITO, LIEUTENANT
DAVID GROHT, SERGEANT LAWRENCE PAPOLA,
OFFICER BENJAMIN ALMONTE, OFFICER
DMITRY TVERDOKHLEB, and OFFICER MICHAEL
MALDONADO,

                                Defendants.[15]
------------------------------------------------------------------------x

**DEFENDANTS SUPPLEMENTAL PROPOSED VERDICT SHEET**[16],[17]

18 Civ. 9148 (JLR) (BCM)

**Note: Your answer to <u>each</u> question must be unanimous.**

**Answer this question only if you have found that plaintiff proved he was falsely arrested on November 17, 2011 in Question 1.**

    Has the Plaintiff Mark Kushneir proven by a preponderance of the credible evidence that the City of New York was deliberately indifferent to constitutionally inadequate training which caused him to be falsely arrested on November 17, 2011?

                NO _____      YES _____


**Your deliberations are <u>finished</u>. The foreperson should sign the verdict sheet, place it in a sealed envelope marked "verdict" and hand it to the marshal.**

---

[15] The parties have agreed that the caption should be amended, as follows: <u>Mark Kushneir v. City of New York, Joseph Esposito, and Michael Maldonado</u>.

[16] Defendants intend to move *in limine* to bifurcate the trial of plaintiff's individual and municipal liability claims and thus respectfully submit that the question of municipal liability should be segregated from jury questions regarding individual liability.

[17] As set out above, even if the Court bifurcates, the question Plaintiff proposes above on *Monell* liability is what Plaintiff believes should be included here.