**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BENJAMIN CASE, et al., | [PROPOSED] |
| Plaintiffs, | JOINT PRETRIAL ORDER |
| v. | 14-cv-09148 (JLR) (BCM) |
| THE CITY OF NEW YORK, et al., | |
| Defendants. | |

The Parties in the above-captioned action, having conferred among themselves through counsel, hereby submit the following proposed Joint Pretrial Order:

i.   **Full Caption**

The full case caption is *Benjamin Case, Jennifer Klein, and Mark Kushneir v. The City of New York, Joseph Esposito, David Groht, Lawrence Papola, Benjamin Almonte, First Name Unknown ("FNU") Downes, Dmitry Tverdokhleb, and Michael Maldonado*, 14-cv-09148-JLR-BCM.

However, the only remaining claims are Plaintiff Mark Kushneir's, against three Defendants -- The City of New York, former New York City Police Department ("NYPD") Chief of Department Joseph Esposito, and NYPD Officer Michael Maldonado. The parties agree that amending the caption to list Mr. Kushneir as the sole remaining Plaintiff and Defendants City, Esposito, and Maldonado as the remaining Defendants would be appropriate:

*Mark Kushneir v. City of New York, Joseph Esposito, and Michael Maldonado*.[1]

ii.   **Trial Counsel[2]**

For Plaintiff Mark Kushneir:

Gideon Orion Oliver

---

[1] In the event the Court grants defendants' motion to bifurcate plaintiff's Monell claims, defendants respectfully submit that the caption should not include the City of New York. Plaintiff will be opposing that motion. Regardless of its outcome, Plaintiff's position is that, even if the Court bifurcates the municipal liability claims, the City is still a defendant in, and, effectively, the real party in interest in, the case. Plaintiff would oppose removing the City of New York from the caption. It would also be confusing to the jury for the caption to suddenly change once the Monell phase began.

[2] The parties reserve their rights to add additional trial counsel.

1

277 Broadway, Suite 1501
New York, NY 10007
Tel: (646) 263-3495
Fax: (646) 349-2914
Email: gideon@gideonlaw.com

J. Remy Green
Cohen & Green PLLC
1639 Centre Street, Suite 216
Ridgewood, NY  11385
Tel: (929) 888-9480
Fax: (929) 888-9457
Email: remy@femmelaw.com

For Defendants City of New York, Esposito, and Maldonado:

Hon. Sylvia O. Hinds-Radix
Corporation Counsel of the City of New York
New York City Law Department
100 Church Street
New York, New York 10007

By: Hannah V. Faddis
Tel: (212) 356-2486
Fax:  (212) 356-1148
Email: hfaddis@law.nyc.gov

**iii.** **<u>Subject-Matter Jurisdiction</u>**

<u>Plaintiff's Statement:</u>

This Court has jurisdiction over this federal civil rights action brought under 42 U.S.C. §§ 1983 and 1988 seeking redress for violations of Plaintiff's rights under the United States Constitution pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4).

<u>Defendants' Statement:</u>

Defendants do not dispute subject-matter jurisdiction.

**iv.** **<u>Claims and Defenses to be Tried</u>**

<u>Plaintiff's Statement:</u>

2

As detailed in the Court's comprehensive decision on Defendants' motion for summary judgment, *see Case v. City of New York*, 408 F. Supp. 3d 313 (S.D.N.Y. 2019), the following claims remain in to be tried:

1. Plaintiff's false arrest claim against Defendants Esposito and Maldonado arising under the 4th and 14th Amendments to the United States Constitution;

2. Plaintiff's fair trial rights violation claim against Defendant Maldonado arising under the 5th, 6th, and 14th Amendments to the United States Constitution; and

3. Related to Plaintiff's false arrest claim, Plaintiff's municipal liability claim against Defendant City of New York under *Monell v. Department of Social Services*, 436 U.S. 658 (1978) based on a failure to train in connection with:

   a. Ensuring "that constitutionally meaningful and adequate dispersal orders and opportunities to disperse are given prior to effecting arrests in connection with First Amendment assemblies";

   b. "[A]pplying New York Penal Law § 240.20(5) (Disorderly Conduct—Blocking Pedestrian or Vehicular Traffic) in connection with actual or perceived protest activity in circumstances where the person arrested neither created nor recklessly risked substantial disruption of vehicular or pedestrian traffic or other criminally significant public ramifications"; and

   c. "[A]pplying New York Penal Law § 240.20(6) (Disorderly Conduct—Failure to Obey Lawful Dispersal Order) in connection with actual or perceived protest activity in circumstances where neither lawful dispersal orders, nor meaningful opportunities to disperse, were in fact given".

<u>Defendants' Statement:</u>

   Defendants' defenses to be tried are as follows:

   1. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

   2. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct or that of a third party and was not the proximate result of any act of defendants.

   3. There was probable cause for plaintiff's arrest and detention; and

   4. The individual defendants are entitled to qualified immunity from liability.

5. The City was not deliberately indifferent to the Constitutional adequacy of its training.

## v. __Jury and Length of Trial__

Plaintiff's Statement:

Plaintiff anticipates that the trial will take approximately 6-8 days, including jury selection, and will be tried by a jury.  Plaintiff anticipates that if there is separate *Monell* trial phase, that would likely extend the trial to 8-10 days, since there are multiple witnesses who would need to testify more than once, and certain efficiencies could not be achieved. Contrary to Defendants' suggestion below, unless Defendants are prepared to concede the City's policies — whatever they may be — were the motivating force behind Defendants Esposito and Maldonado's actions, Plaintiff intends to elicit testimony on both sides of that causal chain.  That is, Plaintiff intends to ask the individual Defendants about how the policies other witnesses testify to formed the basis for certain actions they took.

Defendants' Statement:

Defendants estimate that the trial of plaintiff's individual liability claims would take 2-3 days and the trial of his municipal liability claims would take an additional 3-4 days. Contrary to plaintiff's statement, there are only three fact witnesses who would testify regarding the plaintiff's arrest—the parties—and the remaining witnesses would only be called to testify in regards to plaintiff's Monell claim. Any limited testimony that might be required from the individual defendants to establish causation on the Monell claim would be in addition to, not cumulative of, their testimony in the first phase of the trial.

## vi. __Statement Summarizing Nature of the Case__

On November 17, 2011, New York City Police Department members arrested plaintiff Mark Kushneir while he was participating in an Occupy Wall Street protest in the vicinity of the New York Stock Exchange. Mr. Kushneir is suing for damages arising from his arrest and prosecution. The parties dispute whether plaintiff's arrest was lawful and whether Defendant Maldonado made false statements in plaintiff's prosecution. Additionally, plaintiff contends, and defendants dispute, that the City of New York's training *related to protest*

*policing and probable cause to make arrests at protests*[3] functionally caused his unlawful arrest.[4]

**vii.** **People, Places, and Institutions Likely to be Mentioned During Trial**

1. The trial witnesses listed in § (x) below

2. The City of New York

3. The New York City Police Department

4. One Police Plaza

5. Occupy Wall Street ("OWS")

6. Wall Street

7. Broadway and Exchange Place

8. New York City Criminal Court

9. The Office of the District Attorney of New York County

**viii.** **Trial by Magistrate**

The parties do not consent to trial of this case by a Magistrate Judge.

**ix.** **Stipulations**

The parties have not agreed to any stipulations of fact or law.

**x.** **Witnesses**

Plaintiff's Witnesses:[5]

---

[3] Defendants object to the language *italicized*.

[4] Defendants are moving *in limine* to bifurcate the trial of the <u>Monell</u> claim in this action, and respectfully submit that this sentence need not be included in the statement of the case if that motion is granted.

[5] Plaintiff reserves the right to call at trial any witness listed by Defendants, to call or not call witnesses listed, and to supplement Plaintiff's witness list in the future. This witness list is contingent on the Court's rulings before and after trial and the development of the evidence at trial. The listing of a witness is not a concession that the witness may be properly called by Defendants in all parts of the trial or for all purposes.

Plaintiff anticipates calling the following witnesses.  Unless otherwise noted, all will testify in person and do not require an interpreter:

1. Plaintiff Mark Kushneir.[6] [7]  Mr. Kushneir will testify about his experiences at the Occupy Wall Street protest he attended on November 17, 2011 leading up to and including his arrest and his subsequent large-scale arrest processing, as well as his experiences arising from the resulting prosecution, and his injuries and damages. Plaintiff expects Mr. Kushneir will testify for 2-3 hours on direct.

2. Defendant Joseph Esposito,[8] [9] former NYPD Chief of Department. Defendant Esposito will testify, consistent with his prior testimony in this matter pursuant to Fed.R.Civ.P. 30(b)(6), regarding the NYPD's policies, practices, and training in November of 2011 regarding discretion to release, and procedures to be followed in determining whether to release, detainees with a summons or appearance ticket, and, consistent with his prior testimony in this matter pursuant to Fed.R.Civ.P. 30(b)(1), about the NYPD's planning for policing the OWS protest at which Plaintiff was arrested, as well as the events leading up to and including Mr. Kushneir's arrest and the beginning of processing his arrest, which Defendant Esposito was personally involved in. Plaintiff expects Defendant Esposito will testify for 3-4 hours on direct.

---

[6] Defendants object to the anticipated testimony of Mr. Kushneir to the extent it is irrelevant to plaintiff's remaining claims as set forth herein. F.R.E. 402, 403.  Defendants intend to move *in limine* to preclude testimony or argument relating to plaintiff's dismissed claims—including, without limitation, claims relating to time, place, and manner restrictions, group probable cause, and the "no summons" policy.  As set out in Plaintiff's own motion *in limine*, he has no intention of discussing any dismissed claims, and is essentially moving for the same relief (Plaintiff does not repeat this comment below each time Defendants repeat this).

[7] Plaintiff does not understand the specific grounds for Defendants' relevancy objection and so cannot comment on it.

[8] Defendants object to the anticipated testimony of Comm'r Esposito to the extent it is irrelevant to plaintiff's remaining claims as set forth herein. F.R.E. 402, 403.  Defendants intend to move *in limine* to preclude testimony or argument relating to plaintiff's dismissed claims—including, without limitation, claims relating to time, place, and manner restrictions, group probable cause, and the "no summons" policy.  Defendants note that Comm'r Esposito was designated as a 30(b)(6) witness only with regard to: 1) discretion to release detainees with a summons or Desk Appearance Ticket after detention in lieu of arrest; and 2) procedures to be followed in determining whether to release a detainee with a summons or Desk Appearance ticket.

[9] Plaintiff does not understand the specific grounds for Defendants' relevancy objection and so cannot comment on it. Plaintiffs will address the balance of the issues in the *in limine* motions.

3. Defendant NYPD Officer Michael Maldonado.[10] [11] Defendant Maldonado will testify, consistent with his prior testimony in this matter pursuant to Fed.R.Civ.P. 30(b)(1), about his observations and actions at the time and location at which Mr. Kushneir was arrested leading up to and after Mr. Kushner's arrest, the circumstances under which he was assigned to process Mr. Kushneir's arrest (and 3 others) by a NYPD supervisor, Mr. Kushneir's arrest processing, release, and prosecution, and Defendant Maldonado's creation of the official NYPD paperwork, and official, sworn charging document, that formed the basis of Mr. Kushneir's prosecution. Plaintiff expects Defendant Maldonado will testify for 3-4 hours on direct.

4. NYPD Officer Shurland Marshall:[12] [13] Officer Marshall will testify, consistent with her prior testimony in this matter pursuant to Fed.R.Civ.P. 30(b)(6), regarding the NYPD's policies, practices, and training in effect in November of 2011 related to the following topics:

   a. Authority to and/or grounds to arrest for, or NYPD practices regarding arrests for, the following offenses, including in connection with First Amendment assemblies:

      i. Disorderly Conduct - New York State Penal Law ("PL") Section 240.20(5);
      ii. Disorderly Conduct — PL Section 240.20(6); and
      iii. Obstruction of Governmental Administration - PL Section 195.05.

   b. The blockage of traffic necessary to trigger probable cause to make a PL Section 240.20(5) arrest;

   c. Ensuring that lawfully authorized and constitutionally significant notice, and a meaningful opportunity to disperse, were given and disregarded prior to a PL Section 240.20(6) arrest;

---

[10] Defendants object to the anticipated testimony of PO Maldonado to the extent it is irrelevant to plaintiff's remaining claims as set forth herein. F.R.E. 402, 403. Defendants intend to move *in limine* to preclude testimony or argument relating to plaintiff's dismissed claims—including, without limitation, claims relating to time, place, and manner restrictions, group probable cause, and the "no summons" policy.

[11] Plaintiff does not understand the specific grounds for Defendants' relevancy objection and so cannot comment on it at this time.

[12] Defendants object to the anticipated testimony of PO Marshall to the extent it is irrelevant to plaintiff's remaining claims as set forth herein. F.R.E. 402, 403. Defendants further object to the extent this anticipated testimony exceeds the scope of PO Marshall's testimony pursuant to Fed. R. Civ. P. 30(b)(6). Defendants intend to move *in limine* to preclude testimony or argument relating to plaintiff's dismissed claims—including, without limitation, claims relating to time, place, and manner restrictions, group probable cause, and the "no summons" policy.

[13] Plaintiff does not understand the specific grounds for Defendants' relevancy or scope objections and so cannot comment on them at this time. The list of topics included by Plaintiff accurately tracks the witness's 30(b)(6) testimony.

    d. The public inconvenience, annoyance or alarm required to arrest for a PL Section 240.20 violation and the state of mind required to arrest for a PL Section 240.20 violation;

    e. Ensuring that constitutionally meaningful and adequate dispersal orders and opportunities to disperse are given prior to effecting arrests in connection with First Amendment assemblies for purported "group" conduct; and

    f. The extent, location, and custodians of documents related to the matters of examination identified above.

Plaintiff expects Officer Marshall will testify for 4-5 hours on direct.

5. Former NYPD Deputy Chief Joseph Raganella:[14] [15] Deputy Chief Raganella will testify, consistent with his prior testimony in this matter pursuant to Fed.R.Civ.P. 30(b)(6), regarding the NYPD's policies, practices, and training in effect in November of 2011 related to the following topics:

    a. Policing First Amendment assemblies;

    b. Crowd/disorder control (relating to policing First Amendment assemblies);
    c. The role of "arrest teams" in disorder control and policing First Amendment assemblies; and

    d. The extent, location, and custodians of documents related to the matters of examination identified above.

Plaintiff expects former Deputy Chief Raganella will testify for 4-5 hours on direct.

6. NYPD Lt. Christopher Czark:[16] [17] Lt. Czark will testify, consistent with his prior testimony in this matter pursuant to Fed.R.Civ.P. 30(b)(6), regarding the NYPD's

---

[14] Defendants object to the anticipated testimony of Dep. Chief Raganella to the extent it is irrelevant to plaintiff's remaining claims as set forth herein. F.R.E. 402, 403. Defendants further object to the extent this anticipated testimony exceeds the scope of Dep. Chief Raganella's testimony pursuant to Fed. R. Civ. P. 30(b)(6).

[15] Plaintiff does not understand the specific grounds for Defendants' relevancy or scope objections and so cannot comment on them at this time. The list of topics included by Plaintiff accurately tracks the witness's 30(b)(6) testimony.

[16] Defendants object to the anticipated testimony of Lt. Czark to the extent it is irrelevant to plaintiff's remaining claims as set forth herein. Defendants further object to the extent this anticipated testimony exceeds the scope of Lt. Czark's testimony pursuant to Fed. R. Civ. P. 30(b)(6). Defendants intend to move *in limine* to preclude testimony or argument relating to plaintiff's dismissed claims—including, without limitation, claims relating to time, place, and manner restrictions, group probable cause, and the "no summons" policy.

[17] Plaintiff does not understand the specific grounds for Defendants' relevancy or scope objections and so cannot comment on them at this time. The list of topics included by Plaintiff accurately tracks the witness's 30(b)(6) testimony.

policies, practices, and training in effect in November of 2011 related to the following topics:

   a.   Mass or large-scale arrest processing, including the roles of the NYPD Legal Bureau and the NYPD Criminal Justice Bureau in mass or largescale arrest processing;

   b.   The uses of Mass Arrest Processing Centers or "MAPC"s;

   c.   The creation of mass or large-scale arrest processing paperwork (including, but not limited to, Online Booking System Reports or "OLBS Reports"); and

   d.   The extent, location, and custodians of documents related to the matters of examination identified above.

Plaintiff expects Lt. Czark will testify for 2-3 hours on direct.

Defendants' Witnesses:[18]

1.   Commr. Joseph Esposito – defendant; will testify live regarding the facts and circumstances of plaintiff's arrest.

2.   PO Michael Maldonado – defendant; will testify live regarding the facts and circumstances of plaintiff's arrest.

3.   PO Shurland Marshall[19] – non-party; will testify live regarding NYPD training and/or policies.

4.   Dep. Chief Anthony Raganella[20] – non-party; will testify live regarding NYPD training and/or policies.

---

[18] Defendants reserve the right to call at trial any witness listed by the plaintiff.  This witness list is contingent on the Court's rulings before and after trial and the development of the evidence at trial.  The listing of a witness is not a concession that the witness may be properly called by plaintiff in all parts of the trial or for all purposes.  Defendants reserve the right to not call listed witnesses or to supplement this witness list in the future.  Defendants reserve the right to designate the deposition testimony of any witness who becomes unavailable for trial.

[19] PO Marshall testified on behalf of the City regarding specific topics pursuant to Fed. R. Civ. P. 30(b)(6).  The City reserves the right to designate an alternative witness to testify on these topics in the event PO Marshall is unavailable.

[20] Dep. Chief Raganella testified on behalf of the City regarding specific topics pursuant to Fed. R. Civ. P. 30(b)(6).  The City reserves the right to designate an alternative witness to testify on these topics in the event Dep. Chief Raganella is unavailable.

5.  Lt. Christopher Czark[21] – non-party; will testify live regarding NYPD training and/or policies.

None of these witnesses require an interpreter.

Plaintiff's Objections:

Plaintiff reserves his rights to object to some or all of the defense witnesses' anticipated testimony, including on F.R.E. 402 and 403 grounds.

Plaintiff categorically objects to Defendants' proposal to substitute other 30(b)(6) witnesses in place of the witnesses who testified on Defendant City's behalf at trial and reserves the right to make a formal motion to preclude Defendants from doing so, if necessary.

### xi.    **Deposition Testimony**

Plaintiff's Statement:

As Plaintiff intends to call all of the above witnesses to testify live, Plaintiff does not intend to read deposition testimony into the record as part of Plaintiff's direct case at this time. Plaintiff reserves the right to designate deposition testimony if circumstances change – for example, in the event one of the witnesses is unavailable.

Defendants' Statement:

Defendants do not intend to offer any deposition testimony in their case-in-chief.

### xii.    **Exhibits**

Plaintiff's Exhibit List:[22]

| No. | Description | Bates No. | Objections (*/**) (authenticity/admissibility) | Basis |
|-----|-------------|-----------|-----------------------------------------------|-------|
|     |             |           |                                               |       |

---

[21] Lt. Czark testified on behalf of the City regarding specific topics pursuant to Fed. R. Civ. P. 30(b)(6). The City reserves the right to designate an alternative witness to testify on these topics in the event Lt. Czark is unavailable.

[22] The parties have indicated exhibits on which they are requesting an advance ruling (†). The parties have further included objections to each exhibit subject to the establishment of a foundation for relevance as articulated herein, to avoid waiver of such objections pursuant to the Court's Individual Rule of Practice V(A)(xii), and have indicated those exhibits to which they do not otherwise object, subject to a foundation for relevance (⚹⚹).

| 1 | Rivera TARU Video Clip | M2U00332 .MPG | ** | F.R.E. 402, 403, 802. Defendants object to portions of this video as irrelevant, potentially confusing and prejudicial to the extent events involving non-parties are depicted, and hearsay to the extent non-party statements are captured. Defendants have no objection to the depiction of the parties, the plaintiff's arrest, and the immediate aftermath, to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| 2 | Screenshots from Rivera TARU Video (included in Plaintiffs' 56.1 statement) | | * | F.R.E. 402, 403, 802. Defendants object to the annotations to still video images on hearsay grounds. Defendants have no objection to the original still images to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| 3 | Google map of Broadway and Exchange (Esposito 8) | | ** | F.R.E. 402, 403, 802. Defendants object to the annotations to this exhibit, but have no objection to this exhibit for demonstrative purposes to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| 4 | Scratch Online Booking System ("OLBS") Report regarding Plaintiff Mark Kushneir's arrest | DANY0015 9 | **, ⚹ | F.R.E. 402, 403, 802. Defendants have no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| 5 | OLBS Report regarding Plaintiff Kushneir's arrest | D200-202 | **, ⚹ | F.R.E. 402, 403, 802. Defendants have no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| 6 | Desk Appearance Ticket ("DAT") regarding Plaintiff Kushneir's arrest | DANY0016 0 | **, ⚹ | F.R.E. 402, 403, 802. Defendants have no objection to the extent such evidence is introduced at an |

| | | | | appropriate time and for a relevant purpose. |
|---|---|---|---|---|
| 7 | DA Datasheet regarding Plaintiff Kushneir's arrest | DANY0015 3-154 | **, ⁂ | F.R.E. 402, 403, 802. Defendants object to this exhibit on the grounds it is not relevant to plaintiff's claims and contains inadmissible hearsay. |
| 8 | Online Prisoner Arraignment ("OLPA") Report regarding Plaintiff Kushneir's arrest | D204-205 | **, ⁂ | F.R.E. 402, 403, 802. Defendants have no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| 9 | Criminal Court Complaint regarding Plaintiff Kushneir's arrest | DANY0015 5 | **, ⁂ | F.R.E. 402, 403, 802. Defendants have no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| 10 | Certificate of Disposition regarding Plaintiff Kushneir | | **, ⁂ | F.R.E. 402, 403, 802. Defendants have no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| 11 | Plaintiff Kushneir Mass Arrest Processing Center Intake Sheet | D1351-1352 | **, ⁂ | F.R.E. 402, 403, 802. Defendants object to this exhibit on the grounds that it is not relevant to plaintiff's remaining claims and is potentially confusing, cumulative, and a waste of the jury's time. |
| 12 | Still photo of Plaintiff Kushneir | D377 | **, ⁂ | F.R.E. 402, 403, 802. Defendants object to this exhibit on the grounds that it is not relevant to plaintiff's claims and is potentially confusing, cumulative, and a waste of the jury's time. |
| 13 | Plaintiff Kushneir Office of Court Administration Cover Sheet | DANY0015 2 | ** | F.R.E. 402, 403, 802. Defendants object to this exhibit on the grounds that it is not relevant to plaintiff's claims and is potentially confusing, cumulative, and a waste of the jury's time. |
| 14 | Plaintiff Kushneir DAT Investigation Sheet | DANY0016 1 | ** | F.R.E. 402, 403, 802. Defendants object to this exhibit on the grounds that it is not relevant to plaintiff's |

| | | | | claims and is potentially confusing, cumulative, and a waste of the jury's time. |
|---|---|---|---|---|
| 15 | Plaintiff Kushneir Mass Arrest Pedigree Label | DANY00016 2 | ** | F.R.E. 402, 403, 802. Defendants object to this exhibit on the grounds that it is not relevant to plaintiff's claims and is potentially confusing, cumulative, and a waste of the jury's time. |
| 16 | Former Plaintiff Benjamin Case's Mass Arrest Processing Photograph | DANY0001 9 | ** | F.R.E. 402, 403, 802. Defendants object to this exhibit on the grounds that it is not relevant to plaintiff's remaining claims and is potentially confusing, cumulative, and a waste of the jury's time. |
| 17 | Disorderly Conduct Warnings | D1437 | **, ⁂, † | F.R.E. 402, 403, 802. Defendants have no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| 18 | New York City Police Department Patrol Guide ("PG") Provision 208-20: "Turnover" Arrests | | **, † | F.R.E. 402, 403, 802. Defendants object to this exhibit on the grounds that it is not relevant to plaintiff's remaining claims and is potentially confusing, cumulative, and a waste of the jury's time. |
| 19 | PG 208-27: Desk Appearance Ticket – General Procedure | D712-721 | **, † | F.R.E. 402, 403, 802. Defendants object to this exhibit on the grounds that it is not relevant to plaintiff's remaining claims and is potentially confusing, cumulative, and a waste of the jury's time. |
| 20 | PG 208-28: Desk Appearance Ticket – Identification Standards | D722-726 | **, † | F.R.E. 402, 403, 802. Defendants object to this exhibit on the grounds that it is not relevant to plaintiff's remaining claims and is potentially confusing, cumulative, and a waste of the jury's time. |
| 21 | PG 209-01: Conditions of Service | D727-728 | **, † | F.R.E. 402, 403, 802. Defendants object to this exhibit on the grounds that it is not relevant to plaintiff's remaining claims and is potentially |

| | | | | |
|---|---|---|---|---|
| | | | | confusing, cumulative, and a waste of the jury's time. |
| 22 | PG 209-09: Personal Service of Summonses Returnable to Traffic Violations Bureau or Criminal Court | D730-735 | **, † | F.R.E. 402, 403, 802. Defendants object to this exhibit on the grounds that it is not relevant to plaintiff's remaining claims and is potentially confusing, cumulative, and a waste of the jury's time. |
| 23 | PG 213-06: Large Scale Arrest Processing Procedure | | **, † | F.R.E. 402, 403, 802. Defendants object to this exhibit on the grounds that it is not relevant to plaintiff's remaining claims and is potentially confusing, cumulative, and a waste of the jury's time. |
| 24 | PG 213-11: Policing Special Events/Crowd Control | | **, † | F.R.E. 402, 403, 802. Defendants object to this exhibit on the grounds that it is not relevant to plaintiff's remaining claims and is potentially confusing, cumulative, and a waste of the jury's time. |
| 25 | 5/9/2008 NYPD memorandum regarding Mass Arrest Processing Procedure | D1823 | **, † | F.R.E. 402, 403, 802. Defendants object to this exhibit on the grounds that it is not relevant to plaintiff's remaining claims and is potentially confusing, cumulative, and a waste of the jury's time. |
| 26 | Esposito Interrogatory Verification | | ** | F.R.E. 402, 403, 802. Defendants object to this exhibit on the grounds that it is likely to confuse the jury and waste its time. To the extent the witness is expected to testify live, the presentation of interrogatory responses may lead the jury to place unequal weight on these responses and cause undue prejudice to the defendant. |
| 27 | Request for detail | D41-D53 | **, † | F.R.E. 402, 403, 802. Defendants object to this exhibit on the grounds that it is not relevant to plaintiff's remaining claims and is potentially confusing, cumulative, and a waste of the jury's time. |

| 28 | Request for detail | D188-193 | **, † | F.R.E. 402, 403, 802. Defendants object to this exhibit on the grounds that it is not relevant to plaintiff's remaining claims and is potentially confusing, cumulative, and a waste of the jury's time. |
| 29 | Planning documents | D378 | **, † | F.R.E. 402, 403, 802. Defendants object to this exhibit on the grounds that it is not relevant to plaintiff's remaining claims and is potentially confusing, cumulative, and a waste of the jury's time. |
| 30 | Planning documents | D1353-1356 | **, † | F.R.E. 402, 403, 802. Defendants object to this exhibit on the grounds that it is not relevant to plaintiff's remaining claims and is potentially confusing, cumulative, and a waste of the jury's time. |
| 31 | Defendant Maldonado memo book entries | D21-24 | **, ⁂, † | F.R.E. 402, 403, 802. Defendants have no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| 32 | Defendant Maldonado training transcript | D397-399 | **, † | F.R.E. 402, 403, 802. Defendants object to this exhibit to the extent it pertains to events after the incident underlying this action. Defendants have no objection to the remainder of the exhibit to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| 33 | Defendant Maldonado disorder control training records | D1101-1138 | **, † | F.R.E. 402, 403, 802. Defendants object to this exhibit to the extent it pertains to events after the incident underlying this action or to non-parties. Defendants have no objection to the remainder of the exhibit to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |

| 34 | Mass Arrest Report (regarding Defendant Maldonado) | D73 | **, † | F.R.E. 402, 403, 802. Defendants object to this exhibit on the grounds that it is not relevant to plaintiff's remaining claims and is potentially confusing, cumulative, and a waste of the jury's time. |
| 35 | OLBS Report for Arrest No. M11700141 | D1832-1834 | **, † | F.R.E. 402, 403, 802. Defendants object to this exhibit on the grounds that it is not relevant to plaintiff's remaining claims and is potentially confusing, cumulative, and a waste of the jury's time, because *inter alia* it pertains to the arrest of a non-party. |
| 36 | OLPA Report for Arrest No. M11700141 | D1835-1836 | **† | F.R.E. 402, 403, 802. Defendants object to this exhibit on the grounds that it is not relevant to plaintiff's remaining claims and is potentially confusing, cumulative, and a waste of the jury's time, because *inter alia* it pertains to the arrest of a non-party. |
| 37 | OLBS Report for Arrest No. M11700163 | D1837-1839 | **, † | F.R.E. 402, 403, 802. Defendants object to this exhibit on the grounds that it is not relevant to plaintiff's remaining claims and is potentially confusing, cumulative, and a waste of the jury's time, because *inter alia* it pertains to the arrest of a non-party. |
| 38 | OLPA Report for Arrest No. M11700163 | D1840-1841 | **, † | F.R.E. 402, 403, 802. Defendants object to this exhibit on the grounds that it is not relevant to plaintiff's remaining claims and is potentially confusing, cumulative, and a waste of the jury's time, because *inter alia* it pertains to the arrest of a non-party. |
| 39 | OLBS Report for Arrest No. M11700078 | D1842-1844 | **, † | F.R.E. 402, 403, 802. Defendants object to this exhibit on the grounds that it is not relevant to plaintiff's remaining claims and is potentially confusing, cumulative, and a waste of the jury's time, because *inter alia* it pertains to the arrest of a non-party. |

| 40 | OLPA Report for Arrest No. M11700078 | D1845-1846 | **, † | F.R.E. 402, 403, 802. Defendants object to this exhibit on the grounds that it is not relevant to plaintiff's remaining claims and is potentially confusing, cumulative, and a waste of the jury's time, because *inter alia* it pertains to the arrest of a non-party. |
| 41 | OLBS Report for Arrest No. M11700092 | D1847-1849 | **, † | F.R.E. 402, 403, 802. Defendants object to this exhibit on the grounds that it is not relevant to plaintiff's remaining claims and is potentially confusing, cumulative, and a waste of the jury's time, because *inter alia* it pertains to the arrest of a non-party. |
| 42 | OLPA Report for Arrest No. M11700092 | D1850-1851 | **, † | F.R.E. 402, 403, 802. Defendants object to this exhibit on the grounds that it is not relevant to plaintiff's remaining claims and is potentially confusing, cumulative, and a waste of the jury's time, because *inter alia* it pertains to the arrest of a non-party. |
| 43 | Prior Litigation Outcome Summary Spreadsheet[23] | | *, † | Fed. R. Civ. P. 26; F.R.E. 402, 403, 802, 901. Defendants object to this exhibit in its entirety, which was produced to defendants on April 27, 2023, during the preparation of pre-trial filings. This document consists of a lists of unrelated prior litigation, seemingly prepared by counsel, which constitutes inadmissible hearsay and for which plaintiff will not be able to establish a foundation for relevance or admissibility. Defendants intend to address this exhibit in their motions *in limine*. |
| 44 | Kennedy TARU Video Clip | Kennedy 1 of 1.VOB | **, † | F.R.E. 402, 403, 802. Defendants object to portions of this video as irrelevant, potentially confusing and |

[23] This exhibit is not intended to be presented as primary evidence, but rather, a summary — as explicitly permitted by Fed. R. Ev. 1006 — of voluminous underlying documents, all of which would be judicially noticeable on their own as Court records for the fact of what they say, or for estoppel purposes with regard to fully litigated issues (or otherwise statements of a party opponent, as far as settlements signed by the City).

| | | | | |
|---|---|---|---|---|
| | | | | prejudicial to the extent events involving non-parties are depicted, and hearsay to the extent non-party statements are captured. Defendants have no objection to the depiction of the parties, the plaintiff's arrest, and the immediate aftermath, to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| 45 | September 27, 2017 Notice of Deposition Pursuant to Rule 30(B)(6) in this case, referred to as "Raganella AR2" in the Raganella deposition ("AR2") | | ** | F.R.E. 402, 403, 802.  Defendants object to this exhibit on the grounds that it constitutes inadmissible hearsay and is potentially confusing, cumulative, and a waste of the jury's time |
| 46 | October 21, 2012 NYPD Course on Disorder Control Training lesson plan titled "Legalities at protest/demonstrations", referred to as "Raganella AR10" in the Raganella deposition and Exhibit HH in the Supplemental Declaration of Amy Robinson ("AR10") | D1139-1146 | **, † | F.R.E. 402, 403, 407, 802. Defendants object to this exhibit on the grounds that it is not relevant to plaintiff's remaining claims; is potentially confusing, cumulative, and a waste of the jury's time; and is inadmissible under Rule 407. |
| 47 | June 5, 2014 NYPD Instructor Guide on Legalities at Protests/Demonstrations, referred to as "Raganella AR11" in the Raganella deposition ("AR11") | D1147-1164 | **, † | F.R.E. 402, 403, 407, 802. Defendants object to this exhibit on the grounds that it is not relevant to plaintiff's remaining claims; is potentially confusing, cumulative, and a waste of the jury's time; and is inadmissible under Rule 407. |
| 48 | NYPD Disorder Control Guidelines and referred to as "Raganella AR12" in the Raganella deposition ("AR12") | D119-D185 | **, † | F.R.E. 402, 403, 407, 802. Defendants object to this exhibit to the extent that it is not relevant to plaintiff's remaining claims; is potentially confusing, cumulative, and a waste of the jury's time; and is inadmissible under Rule 407. |

| 49 | May 5, 2014 NYPD Course on Disorder Control Training titled "Mass Arrest Procedures & Tactics", referred to as "Raganella AR13" in the Raganella deposition ("AR13") | D1223-1231 | **, † | F.R.E. 402, 403, 407, 802. Defendants object to this exhibit on the grounds that it is not relevant to plaintiff's remaining claims; is potentially confusing, cumulative, and a waste of the jury's time; and is inadmissible under Rule 407. |
| 50 | NYPD Rapid Mobilization Plan, referred to as "Raganella AR14" in the Raganella deposition ("AR14") | D1178-1209 | **, † | F.R.E. 402, 403, 407, 802. Defendants object to this exhibit on the grounds that it is not relevant to plaintiff's remaining claims and is potentially confusing, cumulative, and a waste of the jury's time. |
| 51 | December 7, 2012 NYPD Lesson plan on Disorder Control Training titled "Disorder Control Formation Verbal Commands", referred to as "Raganella AR15" in the Raganella deposition ("AR15") | D1170-1176 | **, † | F.R.E. 402, 403, 407, 802. Defendants object to this exhibit on the grounds that it is not relevant to plaintiff's remaining claims; is potentially confusing, cumulative, and a waste of the jury's time; and is inadmissible under Rule 407. |
| 52 | November 10, 2012 NYPD DCU Level I & II Mobilizations for Task Force Training-2010, referred to as "Raganella AR17" in the Raganella deposition ("AR17") | D1210-1213 | **, † | F.R.E. 402, 403, 407, 802. Defendants object to this exhibit on the grounds that it is not relevant to plaintiff's remaining claims; is potentially confusing, cumulative, and a waste of the jury's time; and is inadmissible under Rule 407. |
| 53 | October 19, 2012 NYPD Course on Disorder Control titled 'Containing the Event—Barrier Plan' referred to as "Raganella AR18" in the Raganella deposition ("AR18") | D1165-1170 | **, † | F.R.E. 402, 403, 407, 802. Defendants object to this exhibit on the grounds that it is not relevant to plaintiff's remaining claims; is potentially confusing, cumulative, and a waste of the jury's time; and is inadmissible under Rule 407. |
| 54 | May 14, 2011 NYPD Lesson Plan on Disorder Control Guidelines/Detail Rosters for Probationary Lieutenants, referred to as | D1232-1237 | **, ⁕⁕, † | F.R.E. 402, 403, 802. Defendants have no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |

| | | | | |
|---|---|---|---|---|
| | "Raganella AR19" in the Raganella deposition, and Exhibit II in the Supplemental Declaration of Amy Robinson ("AR19") | | | |
| 55 | November 14, 2011 NYPD Lesson Plan on Disorder Control Guidelines/Detail Rosters for Probationary Sergeants, referred to as "Raganella AR20" in the Raganella deposition, and Exhibit JJ in the Supplemental Declaration of Amy Robinson ("AR20") | D1238-1242 | **, ⁂, † | F.R.E. 402, 403, 802. Defendants have no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| 56 | January 2012 Police Student Guide on Authority to Arrest, referred to as "Raganella AR23" in the Raganella deposition and Exhibit KK in the Supplemental Declaration of Amy Robinson ("AR23") | D408-438 | **, ⁂, † | F.R.E. 402, 403, 802. Defendants have no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| 57 | November 10, 2012 NYPD Course on Disorder Control titled 'Command and Control for Civil Disorder', referred to as "Raganella AR25" in the Raganella deposition ("AR25") | D1213-1221 | **, † | F.R.E. 402, 403, 407, 802. Defendants object to this exhibit to the extent it is not relevant to plaintiff's remaining claims; is potentially confusing, cumulative, and a waste of the jury's time; and is inadmissible under Rule 407. |
| 58 | NYPD Disorderly Conduct Warnings, referred to as "Raganella AR27" in the Raganella deposition ("AR27") | D1437 | ** | F.R.E. 402, 403, 802. Defendants object to this exhibit on the grounds it is duplicative of Exhibit 17. |
| 59 | March 10, 2004 NYPD Legal Guidelines for the | | **, † | F.R.E. 402, 403, 407, 802. Defendants object to this exhibit on |

| | | | | |
|---|---|---|---|---|
| | Republican National Convention, referred to as "Raganella AR39" in the Raganella deposition ("AR39") | | | the grounds that it is not relevant to plaintiff's remaining claims and is potentially confusing, cumulative, and a waste of the jury's time. |
| 60 | 2006 NYPD Powerpoint Presentation on "Maintaining Public Order", referred to as "Marshall 8" in the Marshall deposition ("Marshall 8") | D2318-2396 | **, † | F.R.E. 402, 403, 407, 802. Defendants object to this exhibit to the extent that it is not relevant to plaintiff's remaining claims and is thus potentially confusing, cumulative.. |
| 61 | December 2007 NYPD Police Academy Training Memo #41-07 on enforcing Disorderly Conduct laws, referred to as "Marshall 10" in the Marshall deposition and Exhibit GG in the Supplemental Declaration of Amy Robinson | D2498-2500 | **, ⁂, † | F.R.E. 402, 403, 802. Defendants have no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| 62 | 2011 NYPD Police Student's Guide on Maintaining Public Order, referred to as "Marshall 25" in the Marshall deposition, and Exhibit BB in the Supplemental Declaration of Amy Robinson ("Marshall 25") | D3285-3321 | **, ⁂, † | F.R.E. 402, 403, 802. Defendants have no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| 62a | 2005 NYPD Police Student's Guide on Maintaining Public Order, referred to as Exhibit BB1 in the Supplemental Declaration of Amy Robinson | 3674-3712 | **, ⁂, † | F.R.E. 402, 403, 802. Defendants have no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| 62b | 2006 NYPD Police Student's Guide on Maintaining Public Order, referred to as Exhibit BB2 | 3751-3787 | **, ⁂, † | F.R.E. 402, 403, 802. Defendants have no objection to the extent such evidence is introduced at an |

| | in the Supplemental Declaration of Amy Robinson | | | appropriate time and for a relevant purpose. |
|---|---|---|---|---|
| 62c | 2007 NYPD Police Student's Guide on Maintaining Public Order, referred to as Exhibit BB3 in the Supplemental Declaration of Amy Robinson | 3879-3917 | **, **, † | F.R.E. 402, 403, 802. Defendants have no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| 62d | 2008 NYPD Police Student's Guide on Maintaining Public Order, referred to as Exhibit BB4 in the Supplemental Declaration of Amy Robinson | 3933-3969 | **, **, † | F.R.E. 402, 403, 802. Defendants have no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| 62e | 2009 NYPD Police Student's Guide on Maintaining Public Order, referred to as Exhibit BB5 in the Supplemental Declaration of Amy Robinson | 3986-4022 | **, **, † | F.R.E. 402, 403, 802. Defendants have no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| 62f | 2010 NYPD Police Student's Guide on Maintaining Public Order, referred to as Exhibit BB6 in the Supplemental Declaration of Amy Robinson | 4042-4080 | **, **, † | F.R.E. 402, 403, 802. Defendants have no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| 63 | August 2011 Police Academy Recruit School lesson on Custodial Offenses, referred to as "Marshall 33" in the Marshall deposition and Exhibit DD in the Supplemental Declaration of Amy Robinson ("Marshall 33") | D3449-3457 | **, **, † | F.R.E. 402, 403, 802. Defendants have no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |

| | | | | |
|---|---|---|---|---|
| 63a | 2007 Police Academy Recruit School lesson on Custodial Offenses, referred to as Exhibit DD1 in the Supplemental Declaration of Amy Robinson | 3513-3528 | **, ⁂, † | F.R.E. 402, 403, 802. Defendants have no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| 63b | 2008 Police Academy Recruit School lesson on Custodial Offenses, referred to as Exhibit DD2 in the Supplemental Declaration of Amy Robinson | 4364-4375 | **, ⁂, † | F.R.E. 402, 403, 802. Defendants have no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| 63c | 2009 Police Academy Recruit School lesson on Custodial Offenses, referred to as Exhibit DD3 in the Supplemental Declaration of Amy Robinson | 3501-3512 | **, ⁂, † | F.R.E. 402, 403, 802. Defendants have no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| 63d | 2010 Police Academy Recruit School lesson on Custodial Offenses, referred to as Exhibit DD4 in the Supplemental Declaration of Amy Robinson | 3416-3424 | **, ⁂, † | F.R.E. 402, 403, 802. Defendants have no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| 64 | August 2011 Police Academy Recruit School lesson on Maintaining Public Order, referred to as "Marshall 34" in the Marshall deposition and Exhibit CC in the Supplemental Declaration of Amy Robinson ("Marshall 34") | D3458-3474 | ***, ⁂, † | F.R.E. 402, 403, 802. Defendants have no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| 64a | 2008 Police Academy Recruit School lesson on Maintaining Public Order, referred to as Exhibit CC2 | 4413-4429 | **, ⁂, † | F.R.E. 402, 403, 802. Defendants have no objection to the extent such evidence is introduced at an |

| | | | | |
|---|---|---|---|---|
| | in the Supplemental Declaration of Amy Robinson | | | appropriate time and for a relevant purpose. |
| 64b | July 2011 Police Academy Recruit School lesson on Maintaining Public Order, referred to as Exhibit CC3 in the Supplemental Declaration of Amy Robinson | 4680-4698 | **, ⚹⚹, † | F.R.E. 402, 403, 802. Defendants have no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| 64c | 2010 Police Academy Recruit School lesson on Maintaining Public Order, referred to as Exhibit CC4 in the Supplemental Declaration of Amy Robinson | 2899-2917 | **, ⚹⚹, † | F.R.E. 402, 403, 802. Defendants have no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| 65 | January 2007 Police Academy Lesson Plan on Maintaining Public Order, referred to as "Marshall 51" in the Marshall deposition and Exhibit CC1 in the Supplemental Declaration of Amy Robinson ("Marshall 51") | D3855-3878 | **, ⚹⚹, † | F.R.E. 402, 403, 802. Defendants have no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| 66 | Legal Bureau Bulletin regarding disorderly conduct from April 15, 1971 which was still in effect on the date of the incident, referred to as "Marshall 95" in the Marshall deposition and Exhibit FF in the Supplemental Declaration of Amy Robinson (the "Legal Bureau Bulletin") | D2084-2086 | **, ⚹⚹, † | F.R.E. 402, 403, 802. Defendants have no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| 67 | July 2011 Police Academy Recruit School lesson on Authority to Arrest, referred to as | D3191-3204 | **, ⚹⚹, † | F.R.E. 402, 403, 802. Defendants have no objection to the extent such evidence is introduced at an |

| | | | | |
|---|---|---|---|---|
| | "Marshall 99" in the Marshall deposition ("Marshall 99") | | | appropriate time and for a relevant purpose. |
| 68 | 2011 NYPD Police Academy Introduction to Law and Justice Lesson Plan, referred to as Exhibit AA in the Supplemental Declaration of Amy Robinson | 4621-4634 | **, **, † | F.R.E. 402, 403, 802. Defendants have no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| 68a | 2007 NYPD Police Academy Introduction to Law and Justice Lesson Plan, referred to as Exhibit AA1 in the Supplemental Declaration of Amy Robinson | 3529-3543 | **, **, † | F.R.E. 402, 403, 802. Defendants have no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| 68b | 2008 NYPD Police Academy Introduction to Law and Justice Lesson Plan, referred to as Exhibit AA2 in the Supplemental Declaration of Amy Robinson | 4911-4924 | **, **, † | F.R.E. 402, 403, 802. Defendants have no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| 68c | 2009 NYPD Police Academy Introduction to Law and Justice Lesson Plan, referred to as Exhibit AA3 in the Supplemental Declaration of Amy Robinson | 3323-3336 | **, **, † | F.R.E. 402, 403, 802. Defendants have no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| 68d | 2010 NYPD Police Academy Introduction to Law and Justice Lesson Plan, referred to as Exhibit AA4 in the Supplemental Declaration of Amy Robinson | 3596-3608 | **, **, † | F.R.E. 402, 403, 802. Defendants have no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| 69 | 2012 NYPD Recruit Training Manual, Mass Arrest Procedures and Tactics, referred to as | D539-569 | **, **, † | F.R.E. 402, 403, 802. Defendants have no objection to the extent such evidence is introduced at an |

| | Exhibit EE in the Supplemental Declaration of Amy Robinson | | | appropriate time and for a relevant purpose. |
|---|---|---|---|---|
| 70 | Maldonado Interrogatory Verification | | **, † | F.R.E. 402, 403, 802. Defendants object to this exhibit on the grounds that it is likely to confuse the jury and waste its time.  To the extent the witness is expected to testify live, the presentation of interrogatory responses may lead the jury to place unequal weight on these responses and cause undue prejudice to the defendant. |

Defendants' Exhibit List:

| Ex. No. | Description | Bates Number(s) | Objections (*/**) (authenticity/admissibility) | Basis |
|---|---|---|---|---|
| A | NYPD TARU Video, Rivera, 1 of 2, M2U00332.MPG | | **, ** | F.R.E. 402, 403, 802. Plaintiff has no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| B | NYPD TARU Video, Kennedy, 1 of 1.VOB | | **, ** | F.R.E. 402, 403, 802. Plaintiff has no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| C | NYPD TARU Video, McDonald, VTS_01_1.VOB | | *, **, † | F.R.E. 402, 403, 802. Plaintiff objects to this video on authenticity grounds. Additionally, Defendants lack a foundation for introducing it. The video was apparently taken by a videographer who was not identified as a potential witness during discovery and does not depict any of the Defendants who will be testifying – or, more importantly, any events that they witnessed, or had knowledge of. Plaintiff objects to the video as |

| | | | | |
|---|---|---|---|---|
| | | | | irrelevant, potentially confusing and prejudicial to the extent irrelevant events involving non-parties who will not testify are depicted, and hearsay to the extent non-party statements are captured. |
| D | OccupyWallSt.org., "November 17th International Day of Action," | D1347-1349 | **, ** | F.R.E. 402, 403, 802. Plaintiff has no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| E | Demonstrative Exhibit, Map Area of Wall Street and Exchange Place | | *, **, ** | F.R.E. 402, 403, 802. Plaintiff has no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose, as well as reserving any objections depending on the exact content of the demonstrative, what is included in the map, and the like; as well as clarity about what is the map, and what are demonstrative additions to the map (if there are any). |
| F[24] | NYPD Lesson Plan, Introduction to Law and Justice, July 2011 (SJ Ex. AA, ECF No.130-1) | D4621-46334 | **, ** | F.R.E. 402, 403, 802. Plaintiff has no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| G | NYPD Lesson Plan, Introduction to Law and Justice, July 2007 (SJ Ex. AA-1, ECF No. 130-2) | D3529-3543 | **, ** | F.R.E. 402, 403, 802. Plaintiff has no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| H | NYPD Lesson Plan, Introduction to Law and Justice, November 2008 (SJ Ex. AA-2, ECF No. 130-3) | D4911-4924 | **, ** | F.R.E. 402, 403, 802. Plaintiff has no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |

---

[24] Defendants' Exhibits F-HH relate to plaintiff's <u>Monell</u> claim.

Plaintiff understands the note above to be saying Defendants will not introduce these exhibits if the Court bifurcates the *Monell* phase of the trial, and therefore the objections noted assume Defendants will not attempt to introduce any of these exhibits in the first phase of the trial if the Court does bifurcate (which, for reasons that will be explored in Plaintiff's opposition to Defendants motions *in limine*, the Court should not).

| | | | | |
|---|---|---|---|---|
| I | NYPD Lesson Plan, Introduction to Law and Justice, April 2009 (SJ Ex. AA-3, ECF No. 130-4) | D3323-3336 | **, ** | F.R.E. 402, 403, 802. Plaintiff has no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| J | NYPD Lesson Plan, Introduction to Law and Justice (SJ Ex. AA-4, ECF No. 130-5) | D3596-3608 | **, ** | F.R.E. 402, 403, 802. Plaintiff has no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| K | NYPD Police Student's Guide, Maintaining Public Order, 2011 (SJ Ex. BB, ECF No. 130-6) | D3284-3322 | **, ** | F.R.E. 402, 403, 802. Plaintiff has no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| L | NYPD Police Student Guide, Maintaining Public Order, 2005 (SJ Ex. BB-1, ECF No. 130-7) | D3674-3712 | **, ** | F.R.E. 402, 403, 802. Plaintiff has no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| M | NYPD Police Student Guide, Maintaining Public Order, 2006 (SJ Ex. BB-2, ECF No. 130-8) | D3751-3787 | **, ** | F.R.E. 402, 403, 802. Plaintiff has no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| N | NYPD Police Student Guide, Maintaining Public Order, 2007 (SJ Ex. BB-3, ECF No. 130-9) | D3879-3917 | **, ** | F.R.E. 402, 403, 802. Plaintiff has no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| O | NYPD Police Student Guide, Maintaining Public Order, 2008 (SJ Ex. BB-4, ECF No. 130-10) | D3933-3969 | **, ** | F.R.E. 402, 403, 802. Plaintiff has no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| P | NYPD Police Student Guide, Maintaining Public Order, 2009 (SJ Ex. BB-5, ECF No. 130-11) | D3986-4022 | **, ** | F.R.E. 402, 403, 802. Plaintiff has no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| Q | NYPD Police Student Guide, Maintaining Public Order, 2010 (SJ | D4042-4080 | **, ** | F.R.E. 402, 403, 802. Plaintiff has no objection to the extent such evidence is introduced at an |

| | | | | |
|---|---|---|---|---|
| | Ex. BB-6, ECF No. 130-12) | | | appropriate time and for a relevant purpose. |
| R | NYPD Lesson Plan, Maintaining Public Order. August 2011 (SJ Ex. CC, ECF No. 130-13) | D3458-3474 | **, ** | F.R.E. 402, 403, 802. Plaintiff has no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| S | NYPD Lesson Plan, Maintaining Public Order, January 2007 (SJ Ex. CC-1, ECF No. 130-14) | D3855-3878 | **, ** | F.R.E. 402, 403, 802. Plaintiff has no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| T | NYPD Lesson Plan, Maintaining Public Order, July 2008 (SJ Ex. CC-2, ECF No. 130-15) | D4413-4429 | **, ** | F.R.E. 402, 403, 802. Plaintiff has no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| U | NYPD Lesson Plan, Maintaining Public Order, July 2011 (SJ Ex. CC-3, ECF No. 130-16) | D4681-4698 | **, ** | F.R.E. 402, 403, 802. Plaintiff has no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| V | NYPD Lesson Plan, Maintaining Public Order, September 2010 (SJ Ex., CC-4, ECF No. 130-17) | D2899-2917 | **, ** | F.R.E. 402, 403, 802. Plaintiff has no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| W | NYPD Lesson Plan, Custodial Offenses, August 2011 (SJ Ex. DD, ECF No. 130-18) | D3449-3457 | **, ** | F.R.E. 402, 403, 802. Plaintiff has no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| X | NYPD Lesson Plan, Custodial Offenses, January 2007 (SJ Ex. DD-1, ECF No. 130-19) | D3513-3528 | **, ** | F.R.E. 402, 403, 802. Plaintiff has no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| Y | NYPD Lesson Plan, Custodial Offenses, July 2008 (SJ Ex. DD-2, ECF No. 130-20) | D4364-4375 | **, ** | F.R.E. 402, 403, 802. Plaintiff has no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| Z | NYPD Lesson Plan, Custodial Offenses, | D3501-3512 | **, ** | F.R.E. 402, 403, 802. Plaintiff has no objection to the extent such |

| | | | | |
|---|---|---|---|---|
| | February 2009 (SJ Ex. DD-3, ECF No. 130-21) | | | evidence is introduced at an appropriate time and for a relevant purpose. |
| AA | NYPD Lesson Plan, Custodial Offenses, August 2010 (SJ Ex. DD-4, ECF No. 130-22) | D3416-3424 | \*\*, \*\* | F.R.E. 402, 403, 802. Plaintiff has no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| BB | NYPD Recruit Training Manual, Mass Arrest Procedures and Tactics (SJ Ex. EE, ECF No. 130-23) | D539-569 | \*\*, \*\* | F.R.E. 402, 403, 802. Plaintiff has no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| CC | Legal Division Bulletin 1971 (SJ Ex. FF, ECF No. 130-24) | D2084-2087 | \*\*, \*\* | F.R.E. 402, 403, 802. Plaintiff has no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| DD | NYPD Police Academy Training Memo, Enforcement of NYS Penal Law Section 240.20(5) Disorderly Conduct, December 2007 (SJ Ex. GG, ECF No. 130-25) | D2498-2501 | \*\*, \*\* | F.R.E. 402, 403, 802. Plaintiff has no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| EE | NYPD Lesson Plan, Disorder Control Training, October 2012 (Ex. HH, ECF No. 130-26) | D1139-1146 | \*\*, \*\* | F.R.E. 402, 403, 802. Plaintiff has no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| FF | NYPD Lesson Plan, Probationary Lieutenant, Disorder Control Guidelines/Detail Rosters, May 2011 (SJ Ex. II, ECF No. 130-27) | D1232-1237 | \*\*, \*\* | F.R.E. 402, 403, 802. Plaintiff has no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |
| GG | NYPD Lesson Plan, Probationary Sergeant, Disorder Control | D1238-1242 | \*\*, \*\* | F.R.E. 402, 403, 802. Plaintiff has no objection to the extent such evidence is introduced at an |

| | | | | |
|---|---|---|---|---|
| | Guidelines/Detail Rosters, November 2011 (SJ Ex. JJ, ECF No. 130-28) | | | appropriate time and for a relevant purpose. |
| HH | NYPD Police Student's Guide, January 2012 (SJ Ex. KK, ECF No. 130-29) | D299-329 | **, ** | F.R.E. 402, 403, 802. Plaintiff has no objection to the extent such evidence is introduced at an appropriate time and for a relevant purpose. |

Plaintiff and Defendants reserve their rights to use any exhibit listed on either's exhibit list,and any other document for impeachment purposes or on rebuttal.

Plaintiff and Defendants reserve their rights to object to exhibits offered without the properfoundation and not relevant to the testimony being given.

**xiii.**   **Damages Claimed and Other Relief Sought**

Mr. Kushneir seeks compensatory damages against the Defendants jointly and severally, and punitive damages[25] against Defendants Esposito and Maldonado, in amounts to be determined by the jury, as well as attorney's fees, costs, and expenses pursuant to 42 USC § 1988.

Mr. Kushneir claims the following damages arising from his false arrest and subsequent prosecution:

1.   Loss of liberty and First Amendment rights related to his November 17, 2011 arrest and subsequent 12-13 hour detention;

2.   Loss of liberty related to his nearly 4-month prosecution on a single PL Section 240.20(5) charge, during which Mr. Kushneir was released on his own recognizance pursuant to New York Criminal Procedure Law Section 510.40 and made two appearances on January 25, 2012 and March 12, 2012; and

3.   Emotional distress related to his arrest, detention, and prosecution.

**xiv.**   **Less Than Unanimous Verdict**

The parties do not consent to a less than unanimous verdict.

---

[25] Defendants object to punitive damages as they are unlikely to be supported by the evidence at trial. Plaintiff's position is that punitive damages are likely to be supported by the evidence at trial.

Dated: New York, NY
      April 27, 2023

      Gideon Orion Oliver                Hon. Sylvia O. Hinds-Radix
      Attorney At Law                     Corporation Counsel of the
      277 Broadway                       City of New York
      Suite 1501                       *Attorney for Defendants*
      New York, New York  10007      100 Church Street
                                     New York, New York 10007

By:  / s / _____    By: /s/_____
      Gideon Orion Oliver                 Hannah V. Faddis
                                     *Senior Counsel*
                                     Special Federal Litigation Division

      J. Remy Green
      Elena L. Cohen
      **COHEN&GREEN P.L.L.C.**
      1639 Centre Street, Suite 216
      Ridgewood, New York 11385

By:  / s / _____
      J. Remy Green

                                       SO ORDERED:

                                     _____
                                     HON. JENNIFER L. ROCHON, U.S.D.J.

                                     Dated:_____