UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------

BENJAMIN CASE, et al.,

                               Plaintiffs,

                -against-

THE CITY OF NEW YORK, CHIEF OF DEPARTMENT JOSEPH ESPOSITO, LIEUTENANT DAVID GROHT, SERGEANT LAWRENCE PAPOLA, OFFICER BENJAMIN ALMONTE, OFFICER DMITRY TVERDOKHLEB, and OFFICER MICHAEL MALDONADO,

                         Defendants. [1]

------------------------------------------------------------------------

**JOINT REQUEST TO CHARGE**

14 Civ. 9148 (JLR)(BCM)

         The parties, jointly, respectfully request, pursuant to the Court's Individual Rules of Practice, and Rule 51 of the Federal Rules of Civil Procedure, that the Court give the following instructions to the jury: [2]

**DEFENDANTS' PROPOSED CHARGES**

<u>**PART I:  SUBSTANTIVE LAW**</u>

---

[1] The parties have agreed that the caption should be amended, as follows: <u>Mark Kushneir v. City of New York, Joseph Esposito, and Michael Maldonado</u>.

[2] The parties object to the other's proposed charges. The objections are substantial enough that Plaintiff's proposed charges follow Defendants'. Plaintiff objects to and will oppose Defendants' bifurcation application. Plaintiff objects to a nominal damages charge, as argued in Plaintiff's motions *in limine.* Plaintiff objects to Defendants' proposal not to include a punitive damages charge, and has proposed one. The parties would welcome the opportunity to make further written submissions, or to participate in oral argument, at any time, related to the proposed charges and their objections.

**A.      The Statute, Its Function, and Elements of Claim for Relief**

Plaintiff asserts claims pursuant to 42 U.S.C. § 1983.

In order to prevail in this case pursuant to 42 U.S.C. § 1983, plaintiff must prove by a preponderance of the evidence that:

1)      The acts complained of were committed by the defendants; and

2)      Defendants' conduct deprived the plaintiff of a right protected by the Constitution of the United States; and

3)      Defendants' conduct was a proximate cause of the injuries and damages sustained by the plaintiff.

I will explain these elements to you.

**1.      First Element:  Action Under Color of State Law**

The first element of the plaintiff's Section 1983 claim against the defendants is: action under color of state law. In this case, there is no dispute that, at the time of the alleged violation, the defendants were employees of the New York City Police Department, and were acting under color of state law. Therefore, I instruct you that the first element of the plaintiff's Section 1983 claim against the defendants has been met and you need not consider this element.

**2.      Second Element:  Deprivation of Constitutional Right**

The second element of the plaintiff's federal civil rights claims is that the defendants, in committing the acts complained of, intentionally or recklessly deprived him of a federal right. In order for plaintiff to establish this second element, he must show that those acts that you have found the defendant took under color of State law caused him to suffer the loss of a federal right; and that the defendants performed these acts intentionally or recklessly, rather than accidently.

- 2 -

### a.      Commission of Alleged Acts

The first thing for you to determine is whether the defendants committed the acts as alleged by plaintiff.  If you find that plaintiff has failed to prove by a preponderance of the credible evidence that the defendants committed the acts as alleged by plaintiff, you must find in favor of the defendants.[3]

### b.      Loss of a Constitutional Right

If you determine defendant committed the act as alleged by plaintiff, you must next determine whether that act caused plaintiff to suffer the loss of a constitutional right.

In this case plaintiff have brought the following claim under 42 U. S. C. § 1983 against the defendants.

### FALSE ARREST

Plaintiff alleges that he was falsely arrested.  Defendants deny this claim and asserts that there was probable cause to arrest plaintiff.

No person may be arrested without probable cause.[4]  Police officers have probable cause to arrest when they have knowledge or reasonably trustworthy information at the time of the arrest that would lead a reasonable person who possesses the same official expertise as the officer to conclude that the person being arrested had committed, is committing, or is about to commit an offense.[5]

---

[3] Adapted from the instructions given by Hon. Paul A. Engelmayer in <u>Gabriel Diaz v. Lauren Diaz, et al.</u>, 14 CV 4716 (S.D.N.Y. – delivered on February 3, 2016).

[4] <u>Ramos, et al., v. City of New York, et al.</u> (Judge Ramos)

[5] <u>Shaheed, et al.</u>, (Engelmayer); <u>Ramos, et al., v. City of New York, et al.</u> (Judge Ramos)

Probable cause exists where, at the time of the arrest, the totality of the facts and circumstances known to an arresting officer, and of which the officer had reasonably trustworthy information, are sufficient to warrant an officer of reasonable prudence to believe that a crime has been committed, is being committed, or was attempted.[6]  The arrestee's actual guilt or innocence is irrelevant to that determination.[7]

Federal law provides that no person may be arrested without probable cause.[8]  Let me explain what "probable cause" means.  Probable cause exists when, based on the totality of circumstances, an officer has knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been committed, is being committed, or is was attempted by the person to be arrested.[9]  Defendants have the burden of proving the existence of probable cause.  Whether probable cause existed depends upon the reasonable conclusions to be drawn from the facts known to the defendants at the time of the arrest of plaintiff.[10]  You are not to view the question of probable cause from a position of calm, reflective hindsight, but from the position of how the circumstances appeared to the defendant at the time.[11]

---

[6] Ramos, et al., v. City of New York, et al. (Judge Ramos)

[7] Ramos, et al., v. City of New York, et al. (Judge Ramos)

[8] Cook v. Sheldon, 41 F.3d 73, 78 (2d Cir. 1994).

[9] Escalera v. Lunn, 361 F.3d 737, 743 (2d Cir. 2004).

[10] Panetta v. Crowley, 460 F.3d 388, 395 (2d Cir. 2006).

[11] Ali v. City of New York, 11 Civ. 5469 (LAK), 2012 U.S. Dist. LEXIS 126233, at *14 (S.D.N.Y. Sept. 5, 2012).

Probable cause requires only the probability of criminal activity; it does not require an actual showing of criminal activity.[12]  In other words, the arrestee's actual guilt or innocence is irrelevant to the determination of probable cause.[13]  An arrest made with probable cause is lawful even if the plaintiff actually did not commit the crime.[14]  An officer need not have been convinced beyond a reasonable doubt that a criminal offense was being, had been or is about to be committed. Thus, the ultimate disposition of the criminal charges against plaintiff, whatever it may have been, is irrelevant to this question.[15]

The existence of probable cause is measured at the moment of arrest, not based on later developments.[16]  You are not to view the question of probable cause from a position of calm, reflective hindsight, but from a position of how the circumstances appeared to the officers at the time.[17]  Because the existence of probable cause is analyzed from the perspective of a reasonable person standing in the officer's shoes, the actual subjective beliefs of the officer are irrelevant to the determination of probable cause.[18]  Once a police officer has a reasonable basis to believe there

---

[12] Ricciuti v. New York City Transit Auth., 124 F.3d 123, 128 (2d Cir. 1997).

[13] Michigan v. DeFillippo, 443 U.S. 31, 36 (1979); Pierson v. Ray, 386 U.S. 547, 555 (1967).

[14] Id.

[15] Pierson v. Ray, 386 U.S. 547, 555 (1967); Weyant v. Okst, 101 F.3d 845, 852 (2d. Cir. 1996).

[16] Taken from the instructions given by the Hon. Judge Lewis A. Kaplan in the case of Manigault v. Brown, 11 Civ. 4307 (LAK) (S.D.N.Y. – delivered on July 18, 2012).

[17] Taken from the instructions given by the Hon. Judge Lewis A. Kaplan in Manigault v. Brown, 11 CV 4307 (LAK); see also Maryland v. Pringle, 540 U.S. 366, 371 (2003).

[18] Whren v. United States, 517 U.S. 806, 812-813 (1996).

is probable cause to arrest, the officer is not required to explore or eliminate every theoretically plausible claim of innocence before making an arrest.[19]

Once an officer possesses facts sufficient to establish probable cause, they are neither required, nor allowed, to sit as prosecutor, judge or jury. Their function is to apprehend those suspected of wrongdoing, and not to finally determine guilt through the weighing of the evidence.[20] An officer also has no duty to investigate any claims of innocence by plaintiff, and, if an officer ignored any statements of innocence by the plaintiff or the plaintiff' witnesses, that does not defeat probable cause.[21] Probable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information.[22]

The existence of probable cause is not measured by the strict standards required for a criminal conviction. An officer need not have been convinced beyond a reasonable doubt at the time of an arrest that a criminal offense was being committed, had been committed, or was attempted. Probable cause only requires a fair probability that an offense has been committed, is being committed, or was attempted. There need not have been evidence proving each of the elements of the offense at the time the officer made the arrest.[23]

---

[19] Baker v. McCollan, 443 U.S. 137, 145-46 (1979); Panetta, 460 F.3d at 395.

[20] Krause v. Bennett, 887 F.2d 362, 372 (2d Cir. 1989).

[21] Taken from the instructions given by Hon. Judge Andrew J. Peck in Tsesarskaya v. City of New York, et al., 11 CV 4897 (S.D.N.Y. – delivered on June 13, 2012).

[22] Bernard v. U.S., 25 F.3d 98, 102 (2d Cir. 1994).

[23] This paragraph has been taken from the instructions given by the Hon. Judge Lewis A. Kaplan in Manigault v. Brown, 11 CV 4307 (LAK) (citing Devenpeck v. Alford, 543 U.S. 146, 152-3 (2004); DeFillippo, 443 U.S. at 36; United States v. Ginsburg, 758 F.2d 832 (2d Cir. 1985).

Moreover, it is not necessary that the officer had probable cause to arrest plaintiff for the offense(s) with which he eventually charged the plaintiff, so long as the officer had probable cause to arrest plaintiff for any criminal offense.  An arrest made with probable cause for any offense – whether charged or not – is lawful.[24]

Defendants assert that probable cause existed to arrest plaintiff for disorderly conduct under two provisions of the New York State Penal Law or for obstruction of governmental administration.

A person commits the violation of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he 1) obstructs vehicular or pedestrian traffic; or 2) he congregates with other persons in a public place and refuses to comply with a lawful order of the police to disperse.

Under New York State law a person commits the offense of obstructing governmental administration when he intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force, or interference. N.Y. Penal L. § 196.65. Under New York State law, merely approaching the police, or speaking during the course of a police action, or disregarding police instructions, provides probable cause to arrest a citizen for obstructing governmental administration.[25]

---

[24] This paragraph has been adapted from the instructions given by the Hon. Judge Brian M. Cogan in the case of <u>Spero v. Tudor</u>, 11 CV 4850 (BMC) (E.D.N.Y. – delivered on October 11, 2012); <u>see</u> <u>also</u> <u>Devenpeck v. Alford</u>, 543 U.S. 146, 153 (2004).

[25] <u>See</u> <u>Rasmussen v. City of New York</u>, 766 F. Supp. 2d 399, 403 (E.D.N.Y. 2011); <u>see also</u> <u>Lugo</u> <u>v. City of New York</u>, 773 F App'x 68, 69 (2d Cir. 2019) (entering the immediate area of an ongoing

I instruct you further that the law recognizes what is called the fellow officer rule. Under the fellow officer rule, an arrest by an officer who himself lacks probable cause to make the arrest is lawful as long as other officers initiating the arrest or involved in the investigation have sufficient information to form the basis for probable cause. This is so because modern police work can be complex. Officers often do not work all alone. Not every officer always can be aware of every aspect of an investigation. Hence, in determining whether there is a legal basis for an arrest – in other words, probable cause – the law looks to the information known to all law enforcement authorities who are cooperating in an investigation. The knowledge of each of the officers is presumed known to all.[26]

If you find that probable cause existed for any one of the offenses as I just described, then you must find in favor of the defendants with respect to plaintiff's false arrest claim. Keep in mind, you do not need to be unanimous as to which offense you find probable cause, only that you are unanimous that probable cause existed for any crime.[27]

## DENIAL OF THE RIGHT TO A FAIR TRIAL

Plaintiff alleges that defendant Maldonado violated his right to a fair trial by fabricating evidence against him.

---

arrest after being told to keep his distance, provided probable cause to arrest plaintiff for obstructing governmental administration.)

[26] This paragraph has been adopted from the instructions given by the Hon. Judge Lewis A. Kaplan in the case Manigault, 11 CV 4307 (LAK).

[27] This paragraph has been adapted from the instructions given by the Hon. Judge Brian M. Cogan in Spero, 11 CV 4850 (BMC).

Under the Constitution, every person has the right to a fair trial. To prove a violation of this right, plaintiff must prove, by a preponderance of the evidence, each of the following elements: (1) defendant fabricated evidence, (2) the evidence was likely to influence a jury's verdict; (3) defendant forwarded the evidence to prosecutor and/or the grand jury, (4) plaintiff suffered a deprivation of liberty as a result, and (5) the underlying criminal proceeding was terminated in plaintiff's favor.[28]  If you find that plaintiff has failed to prove any of these elements, then you must find in favor of the defendant.

Evidence is fabricated if it is false. A document is false if it is untrue when made and was known to be untrue when made by the person making it or causing it to be made. Fabricated evidence includes an officer's false account of his own observations of alleged criminal activity which led to an arrest. Paperwork errors, or a mere mistake or mistakes, by a police officer in making a written record is not a basis for finding a constitutional violation. Similarly, an officer's opinions, conclusions or qualitative assessments are not a basis for finding a constitutional violation.

The manufacture of false evidence in and of itself does not impair anyone's liberty. In order to find for plaintiff, you must find that the alleged fabrication was both material (*i.e.*, likely to influence a jury's decision), and the proximate cause of the injury to the plaintiff's liberty interest (*i.e.*, that he suffered a deprivation of liberty as a result of the alleged fabrication of

---

[28] This element was not included in the <u>Smalls</u> Jury Instructions because those were read prior to the Supreme Court's decision in <u>McDonough v. Smith</u>, 139 S. Ct. 2149 (2019).  In light of <u>McDonough</u> and <u>Lanning v. City of Glenn Falls</u>, 908 F.3d 19, 22 (2d Cir. 2018), the jury should now be charged as to this element.

evidence).  In the context of a fair trial claim, a person may suffer a liberty deprivation when he faces trial, is convicted, or is imprisoned.

Finally, a criminal proceeding is terminated in plaintiff's favor when it ends without a conviction.  I instruct you that this element of plaintiff's claim is satisfied.

## MUNICIPAL LIABILITY[29, 30]

In addition to the two individual defendants, the City of New York is also a defendant in this case. I will now instruct you on the law relating to the potential liability of the City of New York.

Plaintiff contends that the City of New York is liable for his alleged unlawful arrest by the individual defendants because the City, as a matter of policy and practice, failed to give adequate training to its officers. There is no claim against the City relating to fabrication of evidence.

I charge you that you may not hold the City liable merely if you find that a person it employs violated plaintiff's right to be free from unlawful arrest. You may only hold the City liable if it had some policy or practice that resulted in the police officer's unlawful arrest of the plaintiff. Put otherwise, a municipality, such as the City of New York, may be held liable for the violation of a plaintiff's federal constitutional rights if that violation is caused by a policy, custom, or practice of the municipality. If there was no constitutional violation by the officers, the City cannot be held liable. Even if you conclude that one or more officers unlawfully arrested plaintiff, that alone will not make the City liable; you must determine independently whether the City has a policy or practice that led to the officers' violation.

---

[29] Defendants intend to move *in limine* to bifurcate the trial of this action, and propose a charge regarding municipal liability pursuant to <u>Monell</u> here only in the event that motion is denied.

[30] Adapted from the Court's proposed charge in <u>Fraser v. City of N.Y.</u>, 20 Civ. 4926 (CM).

### 1.   Training Implemented by the City

Plaintiff may establish municipal liability by showing that a constitutional violation was caused by a policy maker's deliberate indifference to the need to give its employees adequate training so that they would not violate the constitutional rights of citizens.

Plaintiff's specific claim here is that the City inadequately trained police officers in two ways: 1) failing to train officers in the manner in which to give orders to disperse; and 2) failing to train officers to correctly apply the disorderly conduct statute in circumstances where the person arrested neither created nor recklessly risked substantial disruption of vehicular or pedestrian traffic; and in circumstances where neither lawful dispersal orders, nor meaningful opportunities to disperse, were in fact given.

To establish liability for inadequate training, plaintiff must establish that the NYPD's training program was not adequate to allow its officers to understand what the law required them to do and to carry out that obligation. He must also show that this inadequate training resulted from the deliberate indifference of the employer with responsibility for such training.

Deliberate indifference means more than simple or even heightened negligence; it is a conscious disregard on the part of the City for the known or obvious consequences of its actions.  In other words, in order to establish conscious disregard, plaintiff must show that the City knew or should have known to a moral certainty that the failure to train its officers adequately created a high risk that the officers would deprive citizens of their constitutional rights and that the City consciously disregarded that risk.  The plaintiff must demonstrate that, through its deliberate

conduct, the City was the "moving force" behind the alleged injury.[31]   To meet this burden, a plaintiff must prove that the City was on notice that its training would cause constitutional violations.[32] The plaintiff must prove (1) that the City was "on actual or constructive notice" of a particular deficiency in the training of its employees, and (2) the deficiency in training "causes city employees to violate citizens' constitutional rights[.]"[33]

### 3.    Third Element:  Proximate Cause

As I stated earlier, three elements are required for the plaintiff to establish a claim under Section 1983. To recap, those elements are: (1) that the conduct complained of was committed by a person acting under color of state law; (2) that this conduct deprived the plaintiff of a federal right; and (3) that the defendant's acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff.

The third element that the plaintiff must prove is that the acts of the defendant were a proximate cause of the injuries sustained by the plaintiff. Proximate cause means that there must be a sufficient causal connection between the acts or omissions of the defendant and any injury or damage sustained by the plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of the defendant's act or omission.  If an injury was a direct result or reasonably probable consequence of the defendant's act or omission, it was proximately caused by

---

[31] Roe v. City of Waterbury, 542 F.3d 31, 37 (2d Cir. 2008).

[32] Connick v. Thompson, 563 U.S. 51, 61 (2011).

[33] Monahan v. City of N.Y., No. 20-cv-2610 (PKC), 2023 US Dist LEXIS 28802, at *4 (S.D.N.Y. Feb. 21, 2023) (citing City of Canton v Harris, 489 U.S. 378, 388, (1989)).

such act or omission.  In other words, if the defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of an injury or damage. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

## PART II:  DAMAGES[34]

### General Instructions[35]

If you find that the plaintiff has proved, by a preponderance of the evidence, all of the elements of any of his claims for relief, you must then decide if he suffered any injuries as a result of the violation of his rights.

The fact that I am giving you instructions on damages does not mean that you must reach the issue of damages.  You should not reach the issue of damages unless you find that the plaintiff have established liability on their claims.  Also, just because I give you instructions on damages does not mean that I have any opinion about liability.  It is for you alone to decide whether the defendant is liable to the plaintiff.

---

[34] Defendants are not proposing a charge on punitive damages because the evidence is unlikely to support such damages, but reserve their rights to propose language, should the Court deem it warranted.

[35] Adapted from MARTIN A. SCHWARTZ & GEORGE C. PRATT, Section 1983 Litigation: Jury Instructions, Instruction § 18.01.2 (2005 Supplement).

Plaintiff is entitled to only one recovery, if at all, sufficient to reasonably compensate him for his injuries.  I therefore instruct you that if you find that plaintiff has prevailed on more than one claim, you may not award additional compensatory damages for the same injury. You should award an amount of compensatory damages equal to the total damages you believe will fairly and justly compensate plaintiff for the separate injuries he suffered.  But you should not compensate plaintiff for the same injury twice simply because you find defendant liable for multiple claims.[36]

Should you decide that the plaintiff has proved a claim by a preponderance of the evidence, you must consider awarding two types of damages: compensatory damages and nominal damages.  I will explain the law concerning each of these types of damages to you.

---

[36] Defendants propose this language only in the event the Court charges the jury separately as to federal and state law false arrest.

### Compensatory Damages[37]

If you return a verdict for the plaintiff on their claims, then you may award them such sum of money as you believe will fairly and justly compensate them for any injury you believe he actually sustained as a direct consequence of the conduct of the defendant.  These damages are called compensatory damages.  The purpose of compensatory damages is to make the plaintiff whole – that is, to compensate the plaintiff for the damage that they have proven by a preponderance of the credible evidence.

Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant.  You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff have actually suffered, or that the plaintiff are reasonably likely to suffer in the future.

Moreover, you shall award actual damages only for those injuries that you find plaintiff have proven by a preponderance of credible evidence to have been the direct result of conduct by the defendant you have found liable.  That is, you may not simply award actual damages for any injury suffered by plaintiff — you must award actual damages only for those injuries that are a direct result of actions by the defendant, and that are a direct result of conduct by the defendant that was a violation of plaintiff' rights.

If you decide to award compensatory damages, you should be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require

---

[37] Unless otherwise cited, all paragraphs in this section, entitled "Compensatory Damages", were adapted from MARTIN A. SCHWARTZ & GEORGE C. PRATT, Section 1983 Litigation: Jury Instructions, Instruction § 18.01.1 (2005 Supplement).

that the plaintiff prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances.

Plaintiff may not recover for any injury that existed prior to the incidents at issue, or for any injury from which he suffered that was not caused by the violation of his rights at issue here. You may, however, compensate the plaintiff to the extent that you find that he was further injured by defendants' violations of his rights.

Actual damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence.

There is no claim in this case that the plaintiff sustained any loss of income or other economic loss. So, in calculating compensatory damages, you may not include any amount for such losses.

### Nominal Damages[38]

If you return a verdict in the plaintiff's favor, but find that he failed to meet his burden of proving, by a preponderance of the credible evidence, that he suffered any actual injury, then you must return an award of nominal damages. Nominal damages are the law's way of recognizing that constitutional rights must be scrupulously observed, even when constitutional violations have not been shown to have caused actual injury.

---

[38] MARTIN A. SCHWARTZ & GEORGE C. PRATT, Section 1983 Litigation: Jury Instructions, Instruction § 18.03.1 (2005 Supplement).

Nominal damages may be awarded when the plaintiff has been deprived of a constitutional right but has suffered no actual damages as a natural consequence of that deprivation.  The mere fact that a constitutional deprivation occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation.[39]  Therefore, if you find that the plaintiff have suffered no injury as a result of the defendant's conduct other than the fact of a constitutional deprivation, you must award nominal damages not to exceed one dollar.

### Attorneys' Fees

Additionally, federal law provides for a separate award of attorneys' fees should the plaintiff prevail in this case.  The award of attorneys' fees in such circumstances is a matter to be determined by the Court.  Accordingly, if you award any damages to the plaintiff, you should not take into consideration the fees that the plaintiff may have to pay their attorneys.[40]

### Federal Income Tax

If you make any award of damages, such award is not subject to federal income taxes and you should not consider such taxes in determining the amount of damages, if any.[41]

### Damages: Final Word

Again, let me repeat that the fact that I have instructed you as to the proper measure of damages should not be considered as intimating that I have any view as to which party is entitled

---

[39] Smith v. Wade, 461 U.S. 30, 52-56 (1983).

[40] This paragraph has been adopted from the instructions given by the Hon. Lewis A. Kaplan in Manigault, 11 CV 4307 (LAK).

[41] Taken from the instructions given by the Hon. Paul A. Engelmayer in Gabriel Diaz v. Lauren Diaz et al., 14 CV 4716 (S.D.N.Y. – delivered on February 3, 2016).

to your verdict in this case.  Instructions as to the measure of damages are required to be given for your guidance in the event you should find that any actual damages were proved by a preponderance of the evidence by plaintiff in this case according to the instructions I have given to you.

<u>**PLAINTIFF'S PROPOSED CHARGES**</u>[42]

### I.   SUBSTANTIVE INSTRUCTIONS

I will now turn my instructions to the substantive law to be applied to this case.

The Plaintiff in this case – the party who brought the case – is Mr. Mark Kushneir.

The individual Defendants are Joseph Esposito and Michael Maldonado, who were members of the New York City Police Department at the time of the events at issue. The City of New York – a municipality – is also a Defendant in the case.

Plaintiff has asserted three causes of action or "claims" against these defendants. Two of the claims are against the individual Defendants, and one is against the City of New York.

You should consider plaintiff's claims against each of the defendants separately. Each defendant is entitled to a fair consideration of the evidence relating to that defendant, and is not to be prejudiced by any finding you make for or against any other defendant.

I will now discuss each of the claims in this case and the elements of each of these claims.

**A. Section 1983**

Plaintiff asserts claims under a federal civil rights law, 42 U.S.C. Section 1983, or "Section 1983" for short. Section 1983 provides a remedy for individuals who have been deprived of their federal constitutional rights under color of state law. Section 1983 states, in relevant part, that:

> Every person who, under color of [state law], subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the

---

[42] Unless otherwise indicated, Plaintiff's proposed charge is generally adapted from the charge this Court recently gave in *Columna v. Gomez*, 19-cv-03801 (JLR), ECF 208 pp. 71-105 (the "*Columna* Charge"). Plaintiff consents to the Court's giving the "General Instructions" and "Deliberations of the Jury" sections of the *Columna* charge.

deprivation of any rights, privileges, or immunities secured by the [United States] Constitution and [federal] laws, shall be liable to the party injured [for damages].

Section 1983 creates a form of liability in favor of people who have been deprived of rights secured to them by the United States Constitution. Section 1983 itself does not establish or create any federally protected right. Rather, it is the statute that allows people to enforce rights guaranteed to them by the United States Constitution, including their rights under the Fourth Amendment to the United States Constitution, to be free from unlawful arrest or malicious prosecution. Plaintiff alleges that the defendants deprived plaintiff of his constitutional right to be free from false arrest and that Defendant Maldonado deprived plaintiff of due process-based "fair trial" rights by fabricating evidence against him. Defendants deny plaintiff's claims.

To establish claims under Section 1983, plaintiff must demonstrate, by a preponderance of the evidence, the following three elements:

First, that the acts complained of were committed by the defendant acting under color of state law;

Second, that this conduct deprived the plaintiff of rights protected by the United States Constitution or laws of the United States; and

Third, that the defendant's conduct was a proximate cause of the injuries and damages sustained by the plaintiff.

I will now explain each of these elements in greater detail.

### 1. First Element – Action under Color of State Law

As to the first element – whether the defendants were acting under color of state law — I instruct you that there is no dispute in this case that the individual defendants were acting under color of state law and therefore you do not have to consider this element.

## 2.   Second Element – Deprivation of a Federal Right

The second element that plaintiff must prove by a preponderance of the evidence is that the defendant you are considering deprived the plaintiff of a right protected by the United States Constitution.  Here the plaintiff alleges that the defendants deprived him of two federal rights – the right to be free from false arrest under the Fourth Amendment, and the right to be free from liberty deprivations caused by fabrications of evidence under the Fourth, Fifth, and Fourteenth Amendments.

I will detail the elements of each of these alleged Constitutional violations in a few moments, but first generally speaking in order for plaintiff to establish this element of his Section 1983 claims, he must prove two things by a preponderance of the evidence with respect to the defendant you are considering:

First, the plaintiff must prove that the defendant acted in the way that Plaintiff alleges. In other words, Plaintiff must prove by a preponderance of the evidence that the defendant took the actions that the plaintiff claims violated his Constitutional rights.

The law imposes liability only upon a defendant who "subjects, or causes to be subjected" any person to the deprivation of a federal right.  Thus, in order for the plaintiff to prevail on his claims, there must be some evidence of personal involvement by an individual defendant, or municipal liability on behalf of the City of New York. I will discuss potential municipal liability on behalf of the City of New York in a moment.

An individual defendant's personal involvement may be established by a showing of direct participation, namely personal participation by one who has knowledge of the facts that rendered the conduct illegal, or indirect participation such as ordering or helping others to do the unlawful acts. Therefore, you must first make a determination of personal involvement

by the individual defendant you are considering in the constitutional violations alleged by the plaintiff. If you find that an individual defendant was not personally involved in the deprivation of the plaintiff's constitutional rights, then you must find for that defendant on that alleged violation. If, however, you find that an individual defendant was personally involved in the deprivation of the plaintiff's constitutional rights, then you must go on to determine whether the plaintiff has proven the other elements of his claims regarding the deprivation of his constitutional rights against that defendant. Although there are two individual defendants, and one municipal defendant, in this case, each defendant is entitled to fair, separate, and individual consideration without regard to your decision as to the others.

The plaintiff must also establish that the defendant you are considering acted intentionally or recklessly, rather than accidentally or mistakenly. An act is intentional if it is done voluntarily and deliberately and not because of mistake, accident, negligence, or another innocent reason. An act is reckless if done in conscious disregard of its known probable consequences. To be clear, Section 1983 does not require the plaintiff to demonstrate that the defendant you are considering acted with the specific intention of violating plaintiff's federally protected rights.

In determining if the defendant you are considering acted intentionally or recklessly, you should remember that there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds, and your belief or disbelief with respect to those facts.

Second, the plaintiff must prove that the defendant's conduct caused the plaintiff to suffer the loss of a Constitutional right. I will now discuss in more detail the federal rights that

plaintiff alleges he was deprived of by each defendant.  You have heard plaintiff's and each defendant's versions of what happened in this case, and it is up to you to first decide what actually occurred based on the evidence.  With that determination in mind, you should then consider, under the law as I am about to instruct you, whether the plaintiff has established that the defendants violated his Constitutional rights.

### i.      Deprivation of a Federal Right – False Arrest

Plaintiff first alleges that his rights were violated because he was falsely arrested by Defendants Esposito and Maldonado.  Defendants contend that they acted lawfully under the circumstances.

The primary contested issue with respect to the false arrest claim is whether Mr. Kushneir's arrest was justified by probable cause. Because probable cause is an affirmative defense, the defendants bear the burden of proving by a preponderance of the evidence that the arrest was justified by probable cause.  If you find that the defendants lacked probable cause to arrest plaintiff, you must find that they deprived plaintiff of a federal Constitutional right to be free from false arrest under the Fourth Amendment.

**<u>What is probable cause?</u>**

Probable cause exists where, at the time of the arrest, the totality of the facts and the circumstances known to the police officer are sufficient to warrant an officer of reasonable prudence to believe that a crime has been or is being committed by the person arrested.

Under the United States Constitution, no person may be arrested or detained without probable cause.  This means that an officer who makes an arrest must have information at the time of the arrest that would lead a reasonable person with the same official expertise as

the officer to conclude that the person being arrested had committed or was in the process of committing a crime. You must keep in mind, however, that you are being asked only to decide whether the defendant you are considering, at the time he participated in the arrest of plaintiff, had probable cause to believe that plaintiff had committed or was in the process of committing a crime, but you are not being asked whether plaintiff was in fact guilty of a crime. An arrest made with probable cause is lawful even if the plaintiff did not actually commit the crime.

The existence of probable cause is measured at the time of the arrest, not based on later developments. You are not to view the question of probable cause from a position of calm, reflective hindsight, but from the position of how the circumstances appeared to the officers at the time.  Probable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably in relying on that information.

There is no dispute in this case that Mr. Kushneir was arrested.  The questions for you, therefore, are whether (i) the defendant you are considering participated, either directly or indirectly, in arresting plaintiff, and (ii) if so whether the arrest was justified, meaning  the defendant you are considering had probable cause to make the arrest.

Up until this point, I have instructed you that Mr. Kushneir bears the burden to prove the basis for his claims by a preponderance of the evidence.  That remains true when you are deciding whether the defendant you are considering participated in arresting plaintiff; that is something plaintiff must prove by a preponderance of the evidence.  However, if you decide that plaintiff has proven that the defendant you are considering participated in arresting him, then the burden shifts to that defendant to prove by a preponderance of the evidence that there was probable cause to arrest plaintiff.  That is because the existence of probable cause is

an affirmative defense to a false arrest and is something the defendant has the burden of proving.

I instruct you further that the law recognizes what is called the fellow officer rule. Under the law, when a group of officers are working together, an individual officer does not need to have knowledge of all of the facts and circumstances that establish probable cause, as long as at least one officer has knowledge of all of the facts and circumstances that establish probable cause and the officers in question have communicated the information they possess individually, thereby pooling their collective knowledge.[43]  If the collective knowledge of the

---

[43] According to the so-called fellow officer rule,

> an arrest . . . is permissible where the actual arresting . . . officer lacks the specific information to form the basis for probable cause . . . but sufficient information to justify the arrest . . . was known by other law enforcement officials initiating . . . the investigation, *and the other officers have communicated the information they possess individually, thereby pooling their collective knowledge to meet the probable cause threshold.*

*Brown v. City of New York*, 798 F.3d 94, 99 (2d Cir. 2015) (emphasis added) (internal citations and quotations omitted). Although the first aspect of the fellow officer rule is oft-cited, the requirement that "the other officers have communicated the information they possess individually, thereby pooling their collective knowledge to meet the probable cause threshold" is an often overlooked, but central, part of the analysis. Critically, "[o]f course, '[i]n order for the collective knowledge doctrine to apply . . . there must have been some communication between the officers involved.'" *Bryant v Serebrenik*, No. 15-CV-3762 (ARR)(CLP), 2016 US Dist LEXIS 149717, at *10 (EDNY Oct. 28, 2016), quoting *Colon v. City of New York*, No. 11-CV-0173 (MKB), 2014 U.S. Dist. LEXIS 46451, at *14, 2014 WL 1338730, at *4 (EDNY Apr. 2, 2014); s*ee also United States v. Cruz*, 834 F.2d 47, 51 (2d Cir. 1987) ("The determination of whether probable cause to arrest exists can be based on the collective knowledge of all of the officers involved in the surveillance efforts because the various law enforcement officers in this investigation were in communication with each other") (citing *United States v. Tussa*, 816 F.2d 58, 63 (2d Cir. 1987)); *United States v. Shareef*, 100 F.3d 1491, 1504 & n. 5 (10th Cir. 1996) (declining to extend collective knowledge doctrine where evidence showed officers had not communicated with each other; "'[i]nformation scattered among various officers in a police department cannot substitute for possession of the necessary facts by a single officer related to the arrest'").

officers on the scene is of such weight and persuasiveness as to convince an officer of ordinary intelligence, judgment, and experience that there is probable cause, then the officer who relies on that information has probable cause to arrest. This rule exists because, in light of the complexity of modern police work, the arresting officer cannot always be aware of every aspect of an investigation. Sometimes his authority to arrest a suspect is based on facts known only to his fellow officers. Thus, if you find that one officer had information that amounted to probable cause to arrest Mr. Kushneir, and communicated that information to a second, fellow officer, then that second, fellow officer would have probable cause, as well.

Some of the testimony you have heard today was about the intent or motive of the various parties. You may consider evidence about intent or motive to help you evaluate the facts and witness credibility. Once you have decided the facts, you consider whether these facts and circumstances gave the officers probable cause. When deciding whether an officer had probable cause, you should put aside any perceptions you have regarding the defendant's underlying intent or motivation. What I mean is that even if an officer acts with evil intentions, that officer will not have violated an individual's Fourth Amendment rights if there existed probable cause under the circumstances. On the other hand, even if an officer acts with good intentions, that officer will have violated plaintiff's Fourth Amendment right if, based on the circumstances, a reasonable police officer would not have thought that the plaintiff had committed or was about to commit a crime.[44]

---

[44] Defendants object to this portion of plaintiff's proposed charge as subjective intent is irrelevant to a Fourth Amendment analysis.

Defendants Esposito and Maldonado each assert the affirmative defense of probable cause here.  Specifically, they assert that they had probable cause to arrest Mr. Kushneir on suspicion of violating three New York laws.

First, Defendants Esposito and Maldonado claim there was probable cause to arrest Mr. Kushneir for disorderly conduct in violation of New York Penal Law Section 240.20(5). A person is guilty of this form of disorderly conduct when, with intent to cause public inconvenience, annoyance, or alarm, or recklessly creating the risk thereof, the person blocks vehicular or pedestrian traffic.[45] In order for probable cause to exist for a 240.20(5) arrest, the putative offender must be actually and immediately blocking the pedestrian or vehicular traffic in question, and the conduct at issue must cause more than a mere inconvenience to pedestrian or vehicular traffic.[46] Only an actual blockage of a real and substantial nature can support a 240.20(5) arrest.[47] For example, New York courts have held that something more than blocking a sidewalk or crosswalk, requiring pedestrians to enter the roadway to get around them, is required.[48]

_____

[45] *See* PL Section 240.20(5).

[46] *Case v City of NY*, 408 F Supp 3d 313, 320 (SDNY 2019).

[47] *See, e.g., People v. Kauff, et al.,* 34 Misc.3d 137(A), (Appellate Term, 9th and 10th Dists., Dec. 27, 2011).

[48] *See, e.g., People v. Pearl*, 66 Misc.2d 502 (1st Dept. 1971) ("Something more … the demonstrators' blocking of the west crosswalk, requiring [pedestrians] to enter the roadway to get to the other side, was required to sustain a conviction for obstructing pedestrian traffic"); and *People v. Nixon*, 248 N.Y. 182, 185, 187 (1928) (reversing convictions of labor picketers, whom a police officer had observed marching 4 abreast along a sidewalk only 12' feet wide with 100 others for 10 minutes, causing some pedestrians to walk around them into  the roadway and otherwise behaving such that the "regular amount of traffic was just barely getting through")); *People v. Jones*, 9 N.Y.3d 259 (2007) (dismissing charges that Jones stood "along with a number of other individuals standing around [on a] public sidewalk, not moving, and that as a result, . . .

Second, Defendants Esposito and Maldonado claim there was probable cause to arrest Mr. Kushneir for disorderly conduct in violation of New York Penal Law Section 240.20(6). A person is guilty of this form of disorderly conduct when, with intent to cause public inconvenience, annoyance, or alarm, or recklessly creating the risk thereof, the person gathers with two or more other people and refuses a lawful order to disperse given by police.[49] "Not every police instruction constitutes a 'lawful' order to leave, and the circumstances surrounding such an order must be examined" to determine if it was lawful.[50] Beyond that, whether police had probable cause for a 240.20(6) arrest for defying a police order turns on two other factors: The first is whether, and to what extent, the police communicated their order or orders. The second is whether police gave the person or people to whom the orders were communicated an opportunity to comply – that is, whether they indeed refused to do so.[51]

"[T]he validity of disorderly conduct charges" turns "on the presence or absence of adequate proof of public harm."[52] Disorderly conduct charges can only ever apply to conduct that creates or recklessly threatens a real "breach of the peace."[53] An arrestee must demonstrate a "conscious disruptive intent" and their conduct must have caused "disturbance or disorder

---

numerous pedestrians in the area had to walk around"); *People v. Carcel*, 165 N.Y.S.2d 113 (1957).

[49] *See* PL Section 240.20(6).

[50] *People v. Benjamin*, 185 Misc.2d 466, 468-69 (N.Y. Crim. Ct. 2000).

[51] *Case v City of NY*, 408 F Supp 3d 313, 321 (SDNY 2019).

[52] *People v. Baker*, 20 NY3d 354, 359-60 (2013).

[53] *See, e.g., People v. Weaver*, 16 N.Y.2d 123, 127-28 (2011); *see also Adams v. City of New York*, No. 15 Civ. 6741, 2016 U.S. Dist. LEXIS 37330, 2016 WL 1169520, at *3 (S.D.N.Y. Mar. 22, 2016) (discussing *People v. Johnson*, 22 N.Y.3d at 1164; *People v. Gonzalez*, 25 N.Y.3d 1100, 1101 (2015), and other New York cases).

among others present,"[54]– that is, it "must cause inconvenience, annoyance or alarm to a substantial segment of the public or be of such nature and character that it would appear beyond a reasonable doubt that the conduct created a risk that a breach of the peace was imminent.[55]"

A valid disorderly conduct arrest must be based on "facts, either about the [arrestee's] conduct or about the surrounding circumstances, to support an inference that [arrestee] possessed the requisite intent or recklessness."[56] With respect to the intent element, in order to *interntionally* commit disorderly conduct, a person must have consciously meant to cause a significant blockage of traffic or to refuse to comply with a lawful and clearly communicated dispersal order.[57] In order to *recklessly* commit disorderly conduct, a person must have been aware of a specific public harm that their conduct created the risk of creating and persisted in that conduct after awareness of the risk was "a gross deviation from" the standard of conduct a reasonable person would observe.[58]

Finally as to the disorderly conduct charges, where, as here, a disorderly conduct statute is applied in the context of political demonstrations and protests - activities at the heart of what the Bill of Rights was designed to safeguard - First Amendment considerations come into play, and police may not interfere with orderly, nonviolent protests merely because they simply fear

---

[54] *People v. Pritchard*, 27 N.Y.2d 246, 248-249 (1970).

[55]  *People v. Griswald*, 170 Misc.2d 38, 41 (Yates County Court 1996).

[56] *People v. Barrett*, 13 Misc.3d 929, 944-946 (NY Crim. Ct. 2006); *see also People v. Munafo*, 50 N.Y.2d 326, 331 (1980).

[57] *See* PL § 15.15(1).

[58] *See* PL § 15.05(3).

possible disorder.[59] For example, in the protest context, the Supreme Court has "long applied the 'clear and present danger' test to protest cases to determine when police interference is constitutional" under which, "unless there is a 'clear and present danger' of riot, imminent violence, interference with traffic or other immediate threat to public safety" police authority to end or substantially limit a peaceful First Amendment assembly is sharply circumscribed.[60] Under that test, "[n]either energetic, even raucous, protesters who annoy or anger audiences, *nor demonstrations that slow traffic or inconvenience pedestrians*, justify police stopping or interrupting a public protest."[61]

Third, Defendants Esposito and Maldonado claim there was probable cause to arrest Mr. Kushneir for obstruction of governmental administration in the second degree in violation of New York Penal Law Section 195.05. A person is guilty of obstruction of governmental administration in the second degree when they *intentionally* obstruct, impair, or pervert the administration of law or other governmental function or prevent or attempt to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act.[62] A person subject to arrest for obstruction of governmental administration in the second degree must act with the intent to

---

[59] *Id*. at 320-321.

[60] *Papineau v. Parmley*, 465 F.3d 46, 56-57 (2nd Cir. 2006).

[61] *Id*. at 57-58 (emphasis added).

[62] *See* PL Section 195.05.

*prevent* a specific, authorized, official function.[63] In this context, "[t]he word "prevent" implies

"'an insurmountable obstacle or impediment.'"[64] Interference that violates the prohibition on

obstruction of governmental administration must be physical.[65] Significantly, "'[f]ailing to obey

a police order, in and of itself, does not'" give rise to probable cause to arrest for obstruction of

governmental administration.[66] "[A]n order must be lawful before failure to obey it gives rise to

liability."[67] Moreover, where alleged disobedience of police orders are the basis for the physical

interference, the refusal must be persistent and physical.[68]

     If, at the time of plaintiff's arrest, the arresting defendant had probable cause to believe

that he had committed any of these criminal acts then you must find for the arresting defendant.

If that defendant lacked probable cause for the arrest, and all the other elements I've

described are satisfied, then the defendant violated plaintiff's constitutional rights, and you

---

[63] *See, e.g., Akinnagbe v City of NY,* 2015 US Dist LEXIS 141646, 2015 WL 5124456, at *5 (EDNY Oct. 18, 2015); *Lennon v. Miller,* 66 F.3d 416, 424 (2nd Cir. 1995); *Charles v City of NY*, 12-CV-6180 (SLT)(SMG), 2017 U.S. Dist. LEXIS 17943, at *46 (EDNY 2017).

[64] *People v. Arbeiter*, 169 Misc.2d 771, 773-4 (N.Y.Sup.App.Term 1st Dept. 1996), *app. den'd* 89 NY2d 918 (1996) and *cert den'd,* 520 US 1213 (1997).

[65] *Uzoukwu v. City of New* York, 805 F.3d 409, 414 (2nd Cir. 2015); *People v. Case*, 42. N.Y.2d 98, 100 (1977); *People v. Vargas*, 179 Misc.2d 236, 237-38 (Crim. Ct., N.Y. Co. 1998).

[66] *Akinnagbe*, 2015 WL 5124456, at *4; *see also Matter of Kendall R.*, 71 A.D.3d 553, 554 (1st Dept. 2010).

[67] *Akinnagbe*, 2015 WL 5124456, at *5.

[68] *See, e.g., Dowling v. City of New York,* No. 11 CV 4954 (NGG)(RML), 2013 WL 5502867, at *4-6 (E.D.N.Y. Sept. 30, 2013); *see also Jackson v. City of NY*, 939 F.Supp.2d 219, 229-30 (E.D.N.Y. 2013); *Marcavage v. City of NY*, 689 F.3d 98, 110 (2nd Cir. 2012) ("Plaintiffs rejected 17 directives (by three officers) to leave [a] no-demonstration zone [that the Court found was a lawfully imposed time/place/manner regulation], insisting on a constitutional right to demonstrate where they stood" and where they were "hostile and non-compliant" and "in effect, they courted arrest").

must find for the plaintiff.  Please note that you do not have to be unanimous as to the offense

or offenses for which you find there was probable cause.  You only need to be unanimous in

finding that probable cause existed for the arrest.

### ii.   Deprivation of a Federal Right – Liberty Deprivation Without Due Process/Fair Trial Rights Violation Claim

Plaintiff alleges that Defendant Maldonado violated his due process and fair trial rights

by fabricating evidence against him.

To prevail on a claim for denial of the constitutional right to a fair trial, a plaintiff must

demonstrate that (1) an investigating official (2) fabricates information (3) that is likely to

influence a jury's verdict, (4) forwards that information to prosecutors, and (5) the  plaintiff

suffers a deprivation of life, liberty, or property as a result. [69]

The fabricated information must be both false *and* likely to influence a jury's decision.

Forwarding police records and/or making statements to prosecutors with false information

about their observations of the conduct leading up to a person's arrest can amount to a fair trial

rights violation.[70] Statements made in police records, such as police reports, and charging

instruments, such as a criminal complaint, can be actionable.

---

[69] This proposed charge is taken almost verbatim, with citations and quotations omitted, from *Case v City of NY,* 408 F Supp 3d 313, 322-323 (SDNY 2019).

[70] *See, e.g., Garnett v. City of New York*, 2014 WL 395094, at *12 (SDNY Aug. 13, 2014 ("*Garnett I*"); *see also Coggins v. Buonaro*, 776 F.3d 108, 113 (2nd Cir. 2015); *Marom v. City of New York*, No. 15 Civ. 2017 (PKC), 2016 WL 5900217, at *3 (SDNY July 29, 2016); *Case,* 233 F.Supp.3d at 388; *see also MacNamara v. City of N.Y.,* No. 04 CIV. 9216 (RJS)(JCF), 2007 WL 3196295, at *2 (S.D.N.Y. Oct. 30, 2007).

A trial is not a prerequisite for such a claim. Instead, where plaintiff never proceeded to trial, the question is if the allegedly false information is material such that it would likely influence the jury *if* it arrived at a jury.

Moreover, spending a number of hours in jail constitutes a sufficient deprivation of liberty, as has the obligation to attend numerous follow-up court appearances.

### iii.    Municipal Liability against Defendant City of New York

In addition to the two individual defendants, the City of New York is also a defendant in this case. I will now instruct you on the law relating to the potential liability of the City of New York.

Plaintiff contends that the City of New York is liable for his alleged unlawful arrest b  the individual defendants because the City failed to give adequate training to its officers in certain areas related to policing protests and probable cause to make arrests at them. There is no claim against the City relating to fabrication of evidence.

If you find there was no constitutional violation by the individual defendants, the City cannot be held liable. Even if you find that one or both of the individual Defendants violated plaintiff's right to be free from unlawful arrest, Plaintiff cannot hold the City liable directly for the conduct of its employees, without more. Rather, Plaintiff must establish that his false arrest was functionally caused by an official policy, or a widespread practice, of the City.

In this case, Plaintiff claims that the City's failure to train its police in probable cause to arrest for disorderly conduct at protests, and ensuring that constitutionally meaningful and adequate dispersal orders and opportunities are given prior to making arrests at protests, constituted a municipal policy or practice.

A City's failure to train its employees about citizens' constitutional and other rights can constitute an official government policy if it amounts to "deliberate indifference" to the rights of those with whom the municipality's employees interact.[71]

The required proof of notice for deliberate indifference "will vary given the facts of the case and need not rely on any particular factual showing."[72]

To demonstrate that a failure to train constitutes "deliberate indifference," a plaintiff must satisfy three elements: (1) that a policymaker knows to a "moral certainty" that employees will confront a given situation; (2) that the situation either presents the employee with a difficult choice of the sort that training or supervision will make less difficult or that there is a history of employees mishandling the situation; and (3) that the wrong choice by the employee will frequently cause the deprivation of a citizen's constitutional rights.

The plaintiff must also identify a specific deficiency in the city's training program and establish that that deficiency is closely related to the ultimate injury, such that it actually caused the constitutional deprivation.[73]

The required "deliberate indifference may be inferred if [legal] complaints are followed by no meaningful attempt on the part of the municipality to investigate or to forestall other incidents."[74]

### 3.  Third Element – Proximate Cause

---

[71] *Case v City of NY*, 408 F Supp 3d 313, 327 (SDNY 2019).
[72] *Amnesty Am. V. Town of W. Hartford*, 361 F.3d 113, 129 (2d Cir 2004).

[73] *Case v City of NY*, 408 F Supp 3d 313, 327 (SDNY 2019).
[74] *Id.* at 328.

The third element for all of the claims is that plaintiff must prove that the acts of the defendant you are considering were a proximate cause of the injuries that the plaintiff sustained.  For an injury sustained by the plaintiff to be proximately caused by a defendant means that there must be a sufficient causal connection between the acts or omissions of the defendant you are considering and the plaintiff's injury.  An act or omission is a proximate cause if it was a substantial factor in bringing about or causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of that defendant's act or omission.  In other words, if a defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

 A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of an injury or damage.  Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury. On the other hand, a defendant's act is not a proximate cause if the plaintiff's injury was caused by a new or independent source, which intervened between the act of the defendant and the plaintiff's injury and produced a result that was not reasonably foreseeable by the defendant.

## II. DAMAGES[75]

---

[75] As set out separately in Plaintiff's motions *in limine*, Plaintiff is waiving his right to any nominal damage charge. It is improper to give such a charge over a Plaintiff's objection because the fact that such charges are "intended to benefit the plaintiff is apparent." *Vilkhu v City of NY,* No. 06-CV-2095 (CPS)(JO), 2009 US Dist LEXIS 16616 at *19-21 (EDNY Mar. 2, 2009), *aff'd* 372 F. App'x. 222 (2d Cir. Apr. 21, 2010). "To afford a defendant an equal right to a nominal damages charge in such a case would preclude a plaintiff from making this strategic choice," and would likewise undermine basic justification for nominal damages charges, which grows from

### General Instructions[76]

Based on his claims, plaintiff seeks what is called "compensatory damages" to compensate him for his physical injury, pain and suffering, emotional distress, financial loss, and loss of liberty that he suffered. Additionally, plaintiff seeks "punitive damages" to punish the defendants for their conduct.

The purpose of the law of damages is to award just and fair compensation for the loss, if any, which resulted from a violation of one's legal rights. If you find the defendant liable, then you must award the plaintiff sufficient damages to compensate him for any injury caused by the conduct of the defendant. These are known as "compensatory damages."

The damages that you award must be fair and reasonable, that is, they should be neither inadequate nor excessive. You must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a party to prove the amount of its losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. Although you should make every effort to calculate damages with reasonable certainty, absolute certainty as to amount is not required. In all instances, you are to

---

the "importance to organized society that constitutional rights be respected, even where a plaintiff failed to establish actual injury." *Id.*

[76] Plaintiff's proposal is mostly adapted from the charge this Court recently gave in *Columna v. Gomez*, 19-cv-03801 (JLR). Any minor deviations are based in Modern Federal Jury Instructions, No. 77-3; New York Pattern Jury Instructions § 2:277; *Carey v. Piphus*, 435 U.S. 247, 254 (1978); *Wheatley v. Beetar*, 637 F.2d 863, 867 (2d Cir. 1980)

use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

**Compensatory Damages**[77]

If you find that any defendant is liable for any of plaintiff's claims, then you must award plaintiff such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct consequence of the conduct of the defendant. These damages are called compensatory damages.

The damages that you award must be fair compensation for the loss, if any, which resulted from the particular defendant's wrongful conduct—no more and no less. The purpose of these damages is to make the plaintiff whole—to put him in the same position that he would have been in had there been no violation of his rights. The purpose is not to punish the defendants.

Compensatory damages may include compensation for physical injury, pain and suffering, emotional distress, fear, personal humiliation, an unjust loss of liberty, and indignation that the plaintiff has suffered if it is because of the particular defendant's conduct. I will discuss how you should consider some of these items.

If you find for plaintiff on any of his claims, he is entitled to be compensated for any pain and suffering that he has proven. In order to recover damages for such pain and suffering, the

---

[77] Plaintiff's proposals as to these damages instructions are adapted from the charge this Court recently gave in *Columna v. Gomez*, 19-cv-03801 (JLR), unless otherwise indicated.

plaintiff must present credible evidence with respect to his pain and suffering and that a defendant's impermissible conduct caused this pain and suffering. To satisfy the requirement, the plaintiff does not need to prove or provide evidence from a medical expert. There is no exact standard for determining the precise amount of damages for physical pain and suffering. An award you make must be fair and reasonable in light of all the evidence at trial.

If you find for plaintiff on any of his claims, he is also entitled to be compensated for any emotional and mental distress that he has proven he suffered. You should award him a sum that will compensate him reasonably for any emotional pain, fear, humiliation, and mental anguish that he has proven that he suffered and which the wrongful conduct of the particular defendant was a substantial factor in bringing about. Plaintiff's testimony about his emotional pain, fear, humiliation, and mental anguish is only sufficient to support a damages award for emotional and mental distress if you find that the circumstances of the violation reasonably could have caused such emotional pain, fear, humiliation, and mental anguish.

If you find for plaintiff on any of his claims, he is also entitled to be compensated for his loss of liberty during the time he spent wrongfully detained and defending against the wrongful criminal prosecution. The damages that plaintiff is entitled to for loss of liberty are in addition to damages he is entitled to for any pain, fear, humiliation or other emotional suffering you may find that he suffered. Damages for false arrest are to compensate for injuries from the beginning for custody to arraignment, and damages for the fair trial rights violation compensate for injuries from the time the defendant forwards false information to prosecutors and includes damages after arraignment. Ultimately, you should award an amount of compensatory damages sufficient to compensate plaintiff for each injury he proved he sustained.

**Punitive Damages**

Finally, if you award Mr. Kushneir damages in any amount, or find liability without damages,[78] you may also, in your discretion, make an award of punitive damages. Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, and to deter or prevent a defendant and others like him from committing such conduct in the future.

You may award the plaintiff punitive damages if you find that the acts or omissions of the defendant were done maliciously or wantonly. An act or failure to act is maliciously done if it is prompted by ill will or spite towards the injured person. An act or failure to act is wanton if done with a reckless or callous disregard for the rights of the injured person. The plaintiff has the burden of proving, by a preponderance of the evidence, that the defendant you are considering acted maliciously or wantonly with regard to the plaintiff's rights.

If you find by a preponderance of the evidence that the defendant acted with malicious intent to violate the plaintiff's federal rights or unlawfully injure him, or if you find that defendant acted with a callous or reckless disregard of the plaintiff's rights, then you may award punitive damages. An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter him and others like him from performing similar conduct in the future. Thus,

---

[78] This modification to the Court's charge in *Columna* is to conform it with Plaintiff's objection to nominal damages.

in deciding whether to award punitive damages, you should consider whether defendant may be adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct.

You should also consider whether actual damages, standing alone, are likely to deter or prevent this defendant from similar wrongful conduct in the future, or whether punitive damages are necessary to provide deterrence.

Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those that the defendant may have committed.