Docket No. 14 Civ. 9148 (JLR)(BCM)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BENJAMIN CASE,

                                        Plaintiff,


                        -against-


THE CITY OF NEW YORK, CHIEF OF
DEPARTMENT JOSEPH ESPOSITO,
LIEUTENANT DAVID GROHT, SERGEANT
LAWRENCE PAPOLA, OFFICER BENJAMIN
ALMONTE, OFFICER DMITRY TVERDOKHLEB,
and OFFICER MICHAEL MALDONADO,


                                        Defendants.[1]


## MEMORANDUM OF LAW
## IN SUPPORT OF DEFENDANTS'
## MOTIONS *IN LIMINE*


HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the City of New York
*Attorney for Defendant*
100 Church Street
New York, N.Y.  10007
Of Counsel:  Hannah V. Faddis

Tel:  (212) 356-2486

---

[1]  The parties have agreed that the caption should be amended, as follows: Mark Kushneir v. City of New York, Joseph Esposito, and Michael Maldonado.

## TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................ I

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ......................................................................................................................... 2

POINT I

PLAINTIFF'S INDIVIDUAL AND MUNICIPAL LIABILITY CLAIMS MUST BE
BIFURCATED AND TRIED SEPARATELY ........................................................ 2

POINT II

PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING EVIDENCE OF PAST
UNRELATED COMPLAINTS OR CIVIL CLAIMS ............................................. 5

POINT III

PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING EVIDENCE OF REMEDIAL
MEASURES UNDER FRE 407 ............................................................................... 8

POINT IV

PLAINTIFF SHOULD BE PRECLUDED FROM REFERRING TO DEFENSE COUNSEL
AS CITY ATTORNEYS AND SUGGESTING THAT THE CITY MAY INDEMNIFY THE
DEFENDANT OFFICERS ....................................................................................... 9

POINT V

PLAINTIFF SHOULD BE PRECLUDED FROM REQUESTING A SPECIFIC DOLLAR
AMOUNT FROM THE JURY ............................................................................... 12

POINT VI

PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING EVIDENCE OF NYPD
INVESTIGATIONS, DISCIPLINARY HISTORIES, PERSONNEL FILES AND PRIOR
LAWSUITS ............................................................................................................ 13

POINT VII

PLAINTIFF SHOULD BE PRECLUDED FROM MENTIONING UNRELATED CLAIMS
OF OFFICER MISCONDUCT, INCLUDING MATTERS SUBJECT TO MEDIA
COVERAGE .......................................................................................................... 15

**POINT VIII**

    PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE AND/OR MAKING ARGUMENTS THAT RELATE SOLELY TO CLAIMS THAT HAVE BEEN DISMISSED OR WITHDRAWN WITH PREJUDICE ........................................................ 17

**POINT IX**

    PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING EVIDENCE OR ARGUMENT REGARDING NYPD POLICIES AND PROCEDURES ............................. 18

**POINT** X

    THE CAPTION SHOULD BE AMENDED TO REFLECT THE REMAINING PARTIES. 20

**POINT XI** ............................................................................................................................ **20**

    DEFENDANTS RESERVE THEIR RIGHTS TO FILE SUPPLEMENTAL MOTIONS *IN LIMINE.* ...................................................................................................................... 20

CONCLUSION ...................................................................................................................... 21

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

Carey v. Piphus,
   435 U.S. 247 (1978)...................................................................................................18

Consorti v. Armstrong World Industries, Inc.,
   72 F.3d 1003 (2d Cir. 1995)......................................................................................12

Eng v. Blood,
   No. 04 Civ. 1146 (NAM) (GHL), 2008 U.S. Dist. LEXIS 54802 (N.D.N.Y.
   July 17, 2008).......................................................................................................17, 18

Galapo v. City of New York,
   95 N.Y.2d 568 (N.Y. 2000) .......................................................................................19

Green v. Baron,
   879 F.2d 305 (8th Cir. 1989) .....................................................................................10

Griffin v. Hilke,
   804 F.2d 1052 (8th Cir. 1986) ...................................................................................10

Hernandez v. Kelly,
   No. 09-CV-1576 (TLM) (LB), 2011 U.S. Dist. LEXIS 57114 (E.D.N.Y. May
   27, 2011) .....................................................................................................................9

Huddleston v. United States,
   485 U.S. 681 (1988)...................................................................................................13

Jean-Laurent v. Hennessy,
   No. 05-CV-1155 (KAM) (LB), 2011 U.S. Dist. LEXIS 122767 (E.D.N.Y.
   Oct. 24, 2011).............................................................................................................10

Jean-Laurent v. Wilkinson,
   No. 05 Civ. 0583 (VM), 2009 U.S. Dist. LEXIS 20472 (S.D.N.Y. Mar. 13,
   2009) ..........................................................................................................................11

Larez v. Holcomb,
   16 F.3d 1513 (9th Cir. 1994) .....................................................................................10

Lawson v. Trowbridge,
   153 F.3d 368 (7th Cir. 1998) .....................................................................................10

Lombardo v. Stone, et al.,
    99 Civ. 4603 (SAS), 2002 U.S. Dist. LEXIS 1267 (S.D.N.Y. 2002) ...................................... 14

Loria v. Gorman,
    306 F.3d 1271 (2d Cir. 2002) ..................................................................................................... 18

Mathie v. Fries,
    121 F.3d 808 (2d Cir. 1997) ....................................................................................................... 11

McGuire v. Bridgeport & Port Jefferson Steamboat Co.,
    00 Civ. 5951 (WK), 2001 U.S. Dist. LEXIS 19753 (S.D.N.Y. Nov. 29, 2001) ...................... 10

Mileski v. Long Island R.R. Co.,
    499 F.2d 1169 (2d Cir. 1974) ..................................................................................................... 12

Romero v. County of Lake,
    60 F.3d 702 (10th Cir. 1995) ...................................................................................................... 19

Skinner v. City of N.Y.,
    No. 15-CV-6126(KAM)(JO), 2017 U.S. Dist. LEXIS 104650 (E.D.N.Y. Apr.
    7, 2017) ........................................................................................................................................ 10

Smith v. Freland,
    954 F.2d 343 (6th Cir. 1992) ...................................................................................................... 19

Williams v. McCarthy,
    05 Civ. 10230 (SAS), 2007 U.S. Dist. LEXIS 79151 (S.D.N.Y. Oct. 25, 2007) .................... 10

**Rules**

Fed. R. Evid. 402 .............................................................................................................. 11, 19, 20

Fed. R. Evid. 403 ..................................................................................................................... *passim*

Fed. R. Evid. 404(b) ...................................................................................................................13, 14

Fed. R. Evid. 411 ...................................................................................................................... 10, 11

Fed. R. Evid. 801(c) ........................................................................................................................ 16

## PRELIMINARY STATEMENT

Plaintiff Mark Kushneir brought this action against the City of New York and defendants Esposito and Maldonado, alleging violations of his civil rights pursuant to 42 U.S.C. § 1983 for false arrest and denial of the right to a fair trial.  Plaintiff's claims stem from an incident on November 17, 2011, in which the plaintiff was arrested for disorderly conduct during an Occupy Wall Street protest which was intended to shut down the area around the New York Stock Exchange.  The case originally involved claims by three additional plaintiffs and against four additional defendant officers.  Various claims were withdrawn or dismissed over the course of the litigation prior to summary judgment.[2]  At summary judgment, the Court dismissed all remaining claims except plaintiff Kushneir's claims for: 1) false arrest against Maldonado and Esposito; 2) denial of the right to a fair trial against Maldonado; and 3) a Monell claim for municipal liability on his false arrest claim against the City of New York.

Trial is scheduled to commence before the Honorable Jennifer L. Rochon, United States District Judge for the Southern District, in the Southern District of New York, 500 Pearl Street, New York, New York, on October 2, 2023.  Defendants, by their attorney, Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, respectfully submit this memorandum of law in support of their motion seeking the following *in limine* relief:   1) bifurcating plaintiff's individual and municipal liability claims; 2) precluding plaintiff from offering evidence of past unrelated complaints or civil claims; 3) precluding plaintiff from offering evidence of purported remedial measures; 4) precluding plaintiff from referring to defense counsel as City attorneys and suggesting the City may indemnify the defendant officers;

---

[2] See, SJ Order, ECF 147, pp. 1-2, FN 1.

5) precluding plaintiff from requesting a specific dollar amount from the jury; 6) precluding plaintiff from offering evidence of NYPD investigations, disciplinary histories, personnel files and prior lawsuits; 7) precluding plaintiff from mentioning unrelated claims of officer misconduct, including matters subject to media coverage; 8) precluding plaintiff from offering evidence or argument relating to claims that have been dismissed or withdrawn; 9) precluding plaintiff from offering evidence or argument regarding NYPD policies and procedures; and 10) amending the caption to reflect the remaining parties.

## ARGUMENT

### POINT I

### PLAINTIFF'S INDIVIDUAL AND MUNICIPAL LIABILITY CLAIMS MUST BE BIFURCATED AND TRIED SEPARATELY

Defendants submit that plaintiff's claims for individual and municipal liability must be bifurcated to avoid prejudice to defendants, for convenience, and to promote efficiency. Put simply, bifurcation will cost the plaintiff nothing, will potentially save the Court and jury's time, and will avoid extreme prejudice to the individual defendants. Pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, a court may order a separate trial "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). The Court has broad discretion to order bifurcation to promote convenience, avoid prejudice to defendants, or to promote efficiency. Amato v. City of Saratoga Springs, 170 F.3d 311, 316 (2d Cir. N.Y. 1999). However, "these factors do not represent a rigid test for determining whether separate trials are necessary; to the contrary, the court could order bifurcation upon a showing of merely one of these factors." Carson v. City of Syracuse, 92-CV-777, 1993 U.S. Dist. LEXIS 9508, at *6 (N.D.N.Y June 30, 1993) (citing Ricciuti v. New York City Transit Auth., 796 F. Supp. 84, 86

(S.D.N.Y. 1992)).  "[B]ifurcation may be appropriate where, for example, the litigation of the first issue might eliminate the need to litigate the second issue, or where one party will be prejudiced by evidence presented against another party."  Amato, 170 F.3d at 316 (internal citations omitted).  Courts in this Circuit favor bifurcating Monell claims. Mineo v. City of N.Y., No. 09-CV-2261 (RRM)(MDG), 2013 U.S. Dist. LEXIS 46953, at *4 (E.D.N.Y. Mar. 29, 2013) (citing Williams v. City of New York, 2008 U.S. Dist. LEXIS 104730, at *8 (E.D.N.Y. Dec. 29, 2008) (noting that bifurcation of civil rights trials is a common practice in this Circuit)); see also Amato v. City of Saratoga Springs, 170 F.3d 311, 316 (2d Cir. 1999); Busch v. City of N.Y., 2002 U.S. Dist. LEXIS 18337, at *9-10 (E.D.N.Y. Sept. 9, 2002); and Masi v. City of N.Y., 1999 U.S. Dist. LEXIS 13488, at *1-2 (S.D.N.Y. Sept. 2,1999)).

Here, all of the applicable factors—convenience, the avoidance of prejudice and the promotion of efficiency—favor the bifurcation of individual and municipal liability. First, if the defendants are found not to have falsely arrested plaintiff, there cannot be any liability against the City. See, e.g., Padilla v. City of N.Y., 1993 U.S. Dist. LEXIS 17 (S.D.N.Y. 1993). Thus, bifurcation would promote efficiency and judicial economy by dramatically curtailing the length of the trial and presentation of evidence in the first phase.  If this Court were to grant the instant request and proceed in the same fashion as Judge Mauskopf set forth in Mineo, a verdict in favor of plaintiff could be followed immediately by a trial on municipal liability, before the same jury, and thus the overall trial would not be delayed in any way even if plaintiff were to prevail on liability.  While plaintiff suggests in the proposed joint pre-trial order that witnesses would have to be called twice, the testimony offered would be distinct in each phases and therefore not duplicative or a waste of time.  Additionally, the bulk of the evidence to be presented in this case would be on the plaintiff's Monell claim, requiring extensive testimony

3

regarding NYPD training.  Because a constitutional violation is a prerequisite to <u>Monell</u> liability, it is appropriate to require the jury to reach a determination on that issue before even considering the secondary question of municipal liability.  Therefore, convenience and the promotion of efficiency weigh heavily in favor of bifurcation.

Additionally, bifurcation would avoid confusing the jury.  The claims against the individual defendants and the City will involve "divergent factual proof and standards of causation." <u>Mineo</u>, 2013 U.S. Dist. LEXIS, at *4-5 (citing <u>Ismail v. Cohen</u>, 706 F. Supp. 243, 251-52 (S.D.N.Y. 1989); <u>aff'd</u> 899 F.2d 183 (2d Cir. 1999). That is, individual liability turns on the relatively straightforward analyses required of false arrest and fair trial claims.  On the other hand, plaintiff's <u>Monell</u> claim will require the presentation of entirely different evidence to establish a pattern of constitutional violations and the City's deliberate indifference thereto.  If these different categories of evidence are presented to the jury at the same time, confusion is likely to ensue regarding which evidence is relevant to which claim and the application of different standards of liability. This confusion poses a serious risk of jury error.

Most importantly, the simultaneous presentation of evidence on both claims would likely lead to significant prejudice to the individual defendants.  "For example, potential evidence of other incidents that may be admissible solely against the City to prove <u>Monell</u> liability could dangerously infect the jury's consideration of the individual claim against defendant[s]." <u>Mineo</u>, 2013 U.S. Dist. LEXIS, at *5 (citing <u>Fisher v. City of N.Y.</u>, 1992 U.S. Dist. LEXIS 3436 (S.D.N.Y. Mar. 20, 1992)).  In this case, in order to prove his claim, the plaintiff would have to offer evidence of alleged constitutional violations committed by non-party officers against other non-parties.  The prejudice that could inure to the defendants here, simply from hearing allegations of unrelated police misconduct heavily favors bifurcating

4

plaintiff's claim for municipal liability.  In short, the individual defendants cannot receive a fair trial if the evidentiary record is full of evidence of other putative police misconduct.  Nor will the individual defendants be able to escape the inevitable prejudice that would flow from the jury knowing that the City is a defendant; juries are less likely to critically consider liability where a "deep pocket" is involved, as discussed *infra*.

Accordingly, defendants respectfully submit that the Court should bifurcate the trial of plaintiff's claims for individual and municipal liability.

### POINT II

### PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING EVIDENCE OF PAST UNRELATED COMPLAINTS OR CIVIL CLAIMS

Plaintiff should be precluded from offering evidence of other unrelated complaints and civil claims in support of his Monell claim.  In order to establish deliberate indifference supporting his Monell claim, the plaintiff must establish actual or constructive notice of a training deficiency, generally through a pattern of similar constitutional violations. Connick v. Thompson, 563 U.S. 51, 61-63 (2011).  Evidence of past complaints or civil lawsuits alone will not suffice.  "The fact that a civil action was filed and settled voluntarily is not evidence of liability on the part of the City, let alone evidence that the City was on notice of a claimed deficiency in the training it gave to NYPD members." Monahan v. City of N.Y., No. 20-Civ. 2610 (PKC), 2022 U.S. Dist. LEXIS 59124, at *51-53 (S.D.N.Y. Mar. 30, 2022), reconsideration denied Feb. 21, 2023, 2023 U.S. Dist. LEXIS 28802 (holding that "plaintiffs have not pointed to evidence that would permit a reasonable trier of fact to conclude that, as of September 2012, the City had actual or constructive notice that NYPD members were arresting

protestors on disorderly conduct charges without probable cause, such that the need for more or better training should have been obvious," where plaintiffs relied on earlier civil proceedings directed to the policing of protests).  Absent a finding of liability by a judge or jury, the existence of historical civil actions raising similar claims "establishes...that other individuals have plausibly alleged that they experienced similar violations of their constitutional rights as [plaintiff] alleges here, not that those violations actually occurred." Id. (citing Simms v. City of N.Y., 480 Fed. App'x 627, 630 (2d Cir. 2012) (summary order); see also Jean-Laurent v. Wilkerson, 461 Fed. App'x 18, 23 (2d Cir. 2012) (inmate's citation to past lawsuits claiming excessive force was "not probative of the existence of an underlying policy that could be relevant here."); Marom v. City of N.Y., 2016 U.S. Dist. LEXIS 28466, at *22 (S.D.N.Y. Mar. 7, 2016) (noting at motion to dismiss stage that "allegations concerning previous section 1983 lawsuits fail to explain which — if any — lawsuits led to findings of liability against the NYPD for constitutional violations [.]")  Indeed, Judge Castel's decision in Monahan considered arguments from plaintiff which relied on many of the same cases upon which plaintiff proposes to rely here.

Defendants are mindful that the Court previously held that, "at summary judgment, the existence of other lawsuits can at least raise a factual issue as to the notice prong, because deliberate indifference may be inferred if legal complaints are followed by no meaningful attempt on the part of the municipality to investigate or forestall other incidents." Case v. City of N.Y., 408 F. Supp. 3d 313, 328 (S.D.N.Y. 2019). However, whether plaintiff's claim survives summary judgment is distinct from the question of what evidence may properly be put before a jury.  The Court's ruling that plaintiff's Monell claim could survive summary judgment is not a ruling that any specific evidence would be admissible at trial.  The plaintiff has proposed a single exhibit as evidence that the City was on notice of specific training deficiencies

and failed to address them.  (See, Ex. A to the Faddis Decl., Plaintiff's Proposed Trial Ex. 43).

This exhibit lists 13 cases filed between 2002 and 2010, and provides descriptive information for

only one.[3] Haus v. City of N.Y., 03 Civ. 4915 (S.D.N.Y.)

       Even a cursory review of this chart makes clear that—in addition to the

admissibility issues of the exhibit itself, Fed. R. Evid. 403, 802, 901—its contents are not

relevant to the plaintiff's remaining claims.  For example, the Haus matter pertained to protest

activities in 2003, which resulted in a settlement.  As noted above, a settlement is neither a

finding nor admission of liability.  The Abdell case, also listed, resulted in liability for mass

arrest tactics—a theory of Monell liability not at issue here, and the Allen case pertains to claims

from a February 2002 protest which were also ultimately settled. Plaintiff also cites the Burley

case, which presented a class-action challenge—also related to the World Economic Forum

protests in 2002—to a putative policy of denying Desk Appearance Tickets and a policy of over-

tight handcuffing.  Again, neither of the challenged policies are at issue in this case.  In

Callaghan, a group of bicyclist plaintiffs—represented in part by plaintiff's counsel in this

action—challenged their disorderly conduct arrests for participating in a mass bicycle ride.  This

case was also settled. Without going through each case, it is clear that these cases each presented

disparate allegations of municipal policies, many very distinct from the alleged policies at issue

in this case.  More importantly, to the extent these cases were settled or resolved without a

finding of a constitutional violation, they cannot have provided notice of any training

deficiency—even assuming that they were based on sufficiently similar fact patterns, which they

---

[3] Defendants first received this exhibit on April 27, 2023 and were informed that the description
of the Haus matter is intended to be an exemplar for the other cases.

are not.  Most problematically, it is the role of the jury to evaluate whether or not each of these prior lawsuits would contribute to a finding that the City was on notice of a particular training deficiency in this case.  It is entirely unclear how plaintiff proposes to present information to the jury sufficient to decide that issue, or what information plaintiff even proposes to offer—since this exhibit is incomplete—or through whom—no witness has been identified who could testify about these lawsuits.

In sum, while the Court previously held that plaintiff had created an issue of fact sufficient to survive summary judgment through reference to prior lawsuits, courts disfavor the use of such evidence to establish notice for a Monell claim.

Accordingly, plaintiff should be precluded from offering evidence of past complaints or civil lawsuits, including but not limited to evidence of past lawsuits (Ex. 43), in support of his Monell claim.

## POINT III

### PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING EVIDENCE OF REMEDIAL MEASURES UNDER FRE 407

The plaintiff should be precluded from offering evidence or argument regarding any changes to NYPD policies or practices since the date of the incident.  Under Rule 407, evidence of subsequent remedial measures are not admissible to establish culpability.  Indeed, when the post-incident conduct of a municipality appears responsive to constitutional violations, courts are careful to avoid interpreting such actions as tacit awareness of ongoing misconduct. Mhany Mgmt. v. Inc. Vill. of Garden City & Garden City Bd. of Trs., 985 F. Supp. 2d 390, 415 (E.D.N.Y. 2013) (full consideration of a municipality's post-incident adoption of an anti-discrimination policy would have a "chilling effect on any entity's willingness to enact similar

guidelines"); Higginbotham v. City of N.Y., 105 F. Supp. 3d 369, 383 (S.D.N.Y. 2015) (declining to consider post-incident memorandum as probative of culpability); Boddie v. City of N.Y., 2016 U.S. Dist. LEXIS 50248, at *8 (S.D.N.Y. Apr. 13, 2016) (rejecting report on NYPD policies and practices published six months after plaintiff's alleged constitutional violation as evidence that the City was on notice of a pattern of misconduct).  Additionally, it is clear that post-incident events are not relevant to establishing plaintiff's claim for Monell liability. Accordingly, defendants respectfully submit any evidence of changes to NYPD policies or practices since the date of the incident should be precluded.

### POINT IV

**PLAINTIFF SHOULD BE PRECLUDED FROM REFERRING TO DEFENSE COUNSEL AS CITY ATTORNEYS AND SUGGESTING THAT THE CITY MAY INDEMNIFY THE DEFENDANT OFFICERS**

Plaintiff should be precluded from referring to the "City," "City attorneys," or the possibility that the City may indemnify the individual defendant.[4]  Referring to defense counsel as City attorneys would be prejudicial to the defendant, as it may create the impression that the City—often viewed as a deep pocket—will pay any potential verdict.  The same undue prejudice would occur if plaintiff is permitted to inform the jury that the attorneys for the individual defendant are employed by the government as "City attorneys."  See Hernandez v. Kelly, No. 09-CV-1576 (TLM) (LB), 2011 U.S. Dist. LEXIS 57114, at *17-18 (E.D.N.Y. May 27, 2011) (where the City was not a defendant, precluding plaintiff from referring to the City and directing

---

[4] This motion is made in conjunction with defendants' motion to bifurcate and with regard to any portion of the trial in which claims against the City would not be directly at issue.  Regardless of the disposition of the Monell claim, however, plaintiff should be precluded from suggesting that the City may indemnify the individual defendants.

him to refer to defense counsel as attorneys from the Office of Corporation Counsel); <u>Jean-Laurent v. Hennessy</u>, No. 05-CV-1155 (KAM) (LB), 2011 U.S. Dist. LEXIS 122767, at *45-46 (E.D.N.Y. Oct. 24, 2011) (same). Accordingly, defendant respectfully requests that no mention of the City of New York be made at the trial and defense counsel be referred to as precisely that, "defense counsel," or "attorneys from the Office of the Corporation Counsel." The Hon. Shira Scheindlin (U.S.D.J., ret.) endorsed this very solution. <u>See Williams v. McCarthy</u>, 05 Civ. 10230 (SAS), 2007 U.S. Dist. LEXIS 79151, at *24-25 (S.D.N.Y. Oct. 25, 2007); <u>see also</u>, <u>Skinner v. City of N.Y.</u>, No. 15-CV-6126(KAM)(JO), 2017 U.S. Dist. LEXIS 104650 (E.D.N.Y. Apr. 7, 2017).

Additionally, indemnification also has no bearing on the facts of plaintiff's claims or damages, and mentioning it would only serve to unfairly prejudice the defendant. <u>See</u>, <u>e.g.</u>, <u>Lawson v. Trowbridge</u>, 153 F.3d 368 (7th Cir. 1998) (stating that it is generally improper to inform the jury about government indemnification); <u>Larez v. Holcomb</u>, 16 F.3d 1513, 1519 (9th Cir. 1994) (finding district court's instruction that city would indemnify defendant police officer constituted prejudicial error); <u>Green v. Baron</u>, 879 F.2d 305, 310 (8th Cir. 1989) (characterizing jury instruction that the state will indemnify an employee for compensatory damages as "extremely prejudicial"); <u>Griffin v. Hilke</u>, 804 F.2d 1052 (8th Cir. 1986) (relying on Rule 411 to find prejudicial error where plaintiff's counsel told jury that the government would be liable for defendant police officer's unconstitutional conduct); <u>Williams</u>, 2007 U.S. Dist. LEXIS 79151, at *24-25 (precluding admission of evidence of the City's potential indemnification of defendant police officers on relevancy grounds); <u>McGuire v. Bridgeport & Port Jefferson Steamboat Co.</u>, 00 Civ. 5951 (WK), 2001 U.S. Dist. LEXIS 19753, at *4 (S.D.N.Y. Nov. 29, 2001) (finding indemnification evidence not relevant at trial). If the jury is permitted to assume that the City

will pay any judgment, they may not assess issues of liability critically.  This unfortunate prejudice is precisely what the Federal Rules of Evidence seek to avoid by denying admission of evidence of insurance or indemnification agreements.  See Fed. R. Evid. 411, Advisory Committee's Note ("More important, no doubt, has been the feeling that knowledge of the presence or absence of liability insurance would induce juries to decide cases on improper grounds. McCormick § 168; Annot., 4 A.L.R.2d 761.").

Therefore, pursuant to Fed. R. Evid. 402 and 403, plaintiff should not be allowed to introduce or otherwise refer to the possibility that the City will indemnify the defendant officers.  Defendants do not expect to proffer evidence regarding their personal financial resources or ability to pay damages at trial.  Therefore, based upon the established precedent in this Circuit, there is no relevant basis for the admission of possible indemnification evidence at trial and, accordingly, such evidence should be precluded.  See Mathie v. Fries, 121 F.3d 808, 816 (2d Cir. 1997) (the existence of an indemnification agreement is relevant only where the individual defendants adduce evidence of their personal financial resources at trial); see also Jean-Laurent v. Wilkinson, No. 05 Civ. 0583 (VM), 2009 U.S. Dist. LEXIS 20472, at *8 (S.D.N.Y. Mar. 13, 2009) (precluding admission at trial of evidence of potential indemnification of defendant police officers by the City of New York).

Based on the foregoing, plaintiff should be prohibited from referring to "City Attorneys," or the possible indemnification of the defendants.

**POINT V**

**PLAINTIFF SHOULD BE PRECLUDED FROM REQUESTING A SPECIFIC DOLLAR AMOUNT FROM THE JURY**

The defendants respectfully request that the Court preclude plaintiff from requesting a specific dollar amount from the jury. While the Second Circuit has not adopted a flat prohibition of suggesting a specific dollar amount, it does disfavor specifying target amounts for the jury to award. Consorti v. Armstrong World Industries, Inc., 72 F.3d 1003, 1016 (2d Cir. 1995). Such suggestions unlawfully anchor the jurors' expectations of a fair award at a place set by counsel, rather than by the evidence. Id.; see also Mileski v. Long Island R.R. Co., 499 F.2d 1169, 1172 (2d Cir. 1974) ("A jury with little or no experience in such matters, rather than rely upon its own estimates and reasoning, may give undue weight to the figures advanced by plaintiff's counsel . . .").  The Court in Consorti went on to state:

> A jury is likely to infer that counsel's choice of a particular number is backed by some authority or legal precedent. Specific proposals have a real potential to sway the jury unduly…We encourage trial judges to bar such recommendations.

Consorti, 72 F.3d at 1016.

As such, plaintiff should be precluded from suggesting a specific dollar amount to the jury during their opening statement, during the testimony of any witness and/or during summation.

## POINT VI

## PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING EVIDENCE OF NYPD INVESTIGATIONS, DISCIPLINARY HISTORIES, PERSONNEL FILES AND PRIOR LAWSUITS

Plaintiff should be precluded from introducing evidence relating to NYPD investigations, disciplinary histories, personnel files, or prior lawsuits against the individual defendants or non-party witnesses. Any evidence relating to these matters would be irrelevant to plaintiff's claims or his damages, prejudicial to the defendants, and likely to confuse the jury.

Plaintiff should be precluded from inquiring about any disciplinary histories and/or civil rights actions which have been filed against the defendant or non-party officers because such questioning is in direct conflict with Federal Rule of Evidence 404(b). Rule 404(b) states that evidence of past acts "to prove the character of a person in order to show action in conformity therewith" is inadmissible. Pursuant to Rule 404(b), evidence of past acts are only admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident..." However, evidence of prior bad acts is not automatically admissible simply because the proponent has articulated some not-for-character purpose.

As the Supreme Court held in Huddleston v. United States, 485 U.S. 681, 688 (1988), the decision to admit evidence pursuant Rule 404(b) also depends on "whether the danger of unfair prejudice outweighs the probative value of the evidence in view of the availability of other means of proof and other factors appropriate for making decisions of this kind under Rule 403." Thus, Rule 404(b) requires a two-part analysis: first, whether the proposed evidence fits within one of the "exceptions" provided by the Rule; and second, even if it does, a balancing test pursuant to Rule 403, of whether the evidence's probative value is

13

substantially outweighed by the potential for jury confusion or prejudice.  <u>Lombardo v. Stone, et al.</u>, 99 Civ. 4603 (SAS), 2002 U.S. Dist. LEXIS 1267, at *8 (S.D.N.Y. 2002); <u>see</u> <u>also</u> Advisory Committee Notes to Fed. R. Evid. 404(b).  Here, inquiry about any disciplinary histories, and other civil rights claims could not be used to establish any of the 404(b) exceptions because it would not be relevant to the jury's determination of individual liability, or the remaining theory of municipal liability.  Second, the potential for confusion or prejudice substantially outweighs any probative value.

Plaintiff should also be precluded from inquiring into the personnel files, involving the defendant or non-party officers.  As stated above, such information is irrelevant to plaintiff's claims and such evidence could only serve to prejudice defendants and confuse the jury.  Accordingly, plaintiff should be precluded from inquiring into the personnel files, or any performance evaluation, involving the defendants or non-party officers.  Moreover, there is no viable claim for negligent hiring and retention to which such evidence might be relevant.  As such, any personnel files and performance evaluations have no relevance to the issues at hand, constitute hearsay, and any inquiry into personnel files must be precluded.

## POINT VII

## PLAINTIFF SHOULD BE PRECLUDED FROM MENTIONING UNRELATED CLAIMS OF OFFICER MISCONDUCT, INCLUDING MATTERS SUBJECT TO MEDIA COVERAGE

Defendants request that the Court bar plaintiff from referring to unrelated purported instances of misconduct, class actions, and criminal investigations.[5] Defendant submits that references to other allegations of misconduct unrelated to this case are irrelevant, inadmissible, and would only serve to inflame the jury against the defendant and the New York City Police Department. As the Court is aware, plaintiff alleges that he was subjected to false arrest and denied his right to a fair trial by the defendants. He does not allege claims for excessive force or any other tort or constitutional violation. Thus, any testimony or argument relating to broader, unrelated allegations of misconduct, unconstitutional policies or practices, or prior litigation involving the NYPD or its employees is not relevant to plaintiff's remaining claims—with the narrow exception of evidence which might be relevant to plaintiff's specific claim for municipal liability. Additionally, such references would unduly prejudice the defendants and confuse the jury as to the ultimate issues in this action.

Allegations of misconduct by non-party officers or of municipal policies that plaintiff claims to have witnessed or that have been reported in the media should be precluded. Such evidence is highly prejudicial and has no probative value as to the facts and circumstances

---

[5] This motion is made in conjunction with defendants' motion to bifurcate and with regard to any portion of the trial in which claims against the City would not be directly at issue. Defendants respectfully submit that any complaints, allegations, or actions which did not result in a finding of a constitutional violation similar to that alleged in this action would still be irrelevant, inadmissible, and prejudicial. Fed. R. Evid. 402, 403.

surrounding plaintiff's arrest.   Subject to the narrow exception for <u>Monell</u> evidence here, whether some other officer at some other time allegedly violated the Constitutional rights of another person, or even the plaintiff, has no capacity to establish or refute the salient facts of this matter.   Further, the defendant in this case is also unable to defend or reject the conduct of other officers or events in other municipalities. Fed R. Evid. 403.   Lastly, allowing plaintiff's counsel to make such references would allow inadmissible hearsay because plaintiff would be seeking to offer out of court statements for their truth.   Fed. R. Evid. 801(c).

Finally, plaintiff should be barred from using terminology and colloquialisms including, but not limited to, such terms as "testilying," "blue wall of silence," or the like.   Such statements are highly prejudicial and inflammatory.   Because these terms are based on conjecture and emotion and not based on any evidence presented in this case, the defendant officers have no means to defend against their use or refute the characterization implied by the speaker.   Further, usage of these terms would make plaintiff's counsel a witness because they imply that he has some specialized law enforcement knowledge.   This in turn is highly prejudicial, because there will be no evidence in this trial to prove or disprove that implication.   As a result, the Court should bar plaintiff from referencing any of these phrases or terms, other lawsuits, or events reported in the media.

**POINT VIII**

**PLAINTIFF SHOULD BE PRECLUDED FROM INTRODUCING EVIDENCE AND/OR MAKING ARGUMENTS THAT RELATE SOLELY TO CLAIMS THAT HAVE BEEN DISMISSED OR WITHDRAWN WITH PREJUDICE**

Plaintiff should be precluded from introducing evidence or making arguments that relate solely to claims that have been dismissed.  Plaintiff should not be permitted to put forth any evidence or arguments regarding the claims that have been dismissed. Specifically, plaintiff should not be permitted to offer any testimony, or argue to the jury, regarding his claims against former defendants.  Nor should he be permitted to offer any testimony or argument relating to the other former plaintiffs in this action.  Any evidence pertaining to claims that previously have been dismissed or withdrawn should be barred as irrelevant to plaintiff's remaining claims. See Eng v. Blood, No. 04 Civ. 1146 (NAM) (GHL), 2008 U.S. Dist. LEXIS 54802, *9-11 (N.D.N.Y. July 17, 2008) (barring testimony or evidence on emotional damages stemming from dismissed claim as not relevant to remaining claim).  Moreover, any evidence or testimony regarding previously dismissed claims would be confusing and would mislead the jury, and could result in an unfair or inconsistent verdict. Accordingly, plaintiff should be barred from offering evidence at trial pertaining to claims which have previously been dismissed or which he did not plead.[6]

Specifically, plaintiff previously advanced a number of other theories of Monell liability which were dismissed at summary judgment.  Evidence relating to those policy claims which were rejected by the Court should be precluded.

---

[6] These include claims for excessive force, First Amendment retaliation, equal protection, due process, failure to intervene, and excessive detention.

Likewise, plaintiff should be barred from presenting testimony or evidence on any purported damages stemming from claims that have already been dismissed with prejudice from this lawsuit.   The purpose of § 1983 is to adopt to the constitutional context "the common law of torts [which] has developed a set of rules to implement the principle that a person should be compensated fairly for injuries caused by the violation of his legal rights.'" Carey v. Piphus, 435 U.S. 247, 257 (1978). The Second Circuit has held that in § 1983 cases, the plaintiff must prove that the defendant's actions are the proximate cause of plaintiff's injuries. See e.g., Loria v. Gorman, 306 F.3d 1271, 1287 (2d Cir. 2002); see also, Eng v. Blood, 04 Civ. 1146 (NAM) (GHL), 2008 U.S. Dist. LEXIS 54802, *9-11 (N.D.N.Y. July 17, 2008) (barring testimony or evidence on emotional damages stemming from dismissed claim as not relevant to remaining claim).   Accordingly, the plaintiff's purported damages should be circumscribed to the remaining claims and plaintiff should not couch his damages claim in a manner that incorporates any of the dismissed claims.

Put simply, plaintiff should be precluded from offering evidence that is not relevant to his claims for false arrest or denial of the right to a fair trial.

### POINT IX

### PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING EVIDENCE OR ARGUMENT REGARDING NYPD POLICIES AND PROCEDURES

Plaintiff should be precluded from referring to and offering any evidence of NYPD policies or procedures.[7]   Alleged violations of NYPD policies or procedures by the

---

[7] This motion is made in conjunction with defendants' motion to bifurcate and with regard to any portion of the trial in which claims against the City would not be directly at issue.

defendant are irrelevant to the determination of whether plaintiff's constitutional rights were violated. Thus, any mention of NYPD policy or procedure provision should be precluded pursuant to Fed. R. Evid. 402 and 403.

First, the standards set forth as NYPD policy and procedure are merely guidelines established by the agency and are not the standards of the United States Constitution. NYPD guidelines are irrelevant to the determination of whether Plaintiff's constitutional rights were violated. See Smith v. Freland, 954 F.2d 343, 347 (6th Cir. 1992) ("[u]nder § 1983, the issue is whether [the officer] violated the Constitution, not whether he should be disciplined by the local police force. A city can certainly choose to hold its officers to a higher standard than that required by the Constitution without being subjected to increased liability under § 1983"); Romero v. County of Lake, 60 F.3d 702, 705 (10th Cir. 1995) ("violations of state law and police procedure generally do not give rise to a 1983 claim"); See also Galapo v. City of New York, 95 N.Y.2d 568, 574-75 (N.Y. 2000) (NYPD Patrol Guide should be excluded from evidence because it does not create legal duties). Since NYPD procedure does not create legal duties, it is irrelevant to the determination of whether plaintiff's constitutional rights were violated and should therefore be precluded pursuant to Fed. R. Evid. 402.

Second, any reference to alleged "violations" of NYPD procedure, meaning that defendant did not follow the exact guidelines, would only confuse the jury. The jury will be called upon to determine whether defendant violated plaintiff's constitutional rights. If the jury is presented with references to NYPD procedure, it is likely to wrongly assume that NYPD procedure sets out the standard by which they are to evaluate defendant's alleged unconstitutional actions, notwithstanding any contrary instruction from the Court. It is certainly in the realm of possibility that an officer could follow NYPD procedure and still violate an

individual's constitutional rights or not follow NYPD procedure and not violate an individual's rights.

Therefore, any reference to alleged "violations" of NYPD procedure are irrelevant, unfairly prejudicial, and would only confuse the issues and the jury. Accordingly, any such evidence should therefore be precluded pursuant to Fed. R. Evid. 402 and 403.

## POINT XII

### THE CAPTION SHOULD BE AMENDED TO REFLECT THE REMAINING PARTIES

The caption should be amended to reflect only the parties remaining for trial: Mark Kushneir v. City of New York, Joseph Esposito, and Michael Maldonado.[8]

## POINT XIII

### DEFENDANTS RESERVE THEIR RIGHTS TO FILE SUPPLEMENTAL MOTIONS *IN LIMINE.*

Defendants respectfully reserve his right to object to any *in limine* motions submitted by plaintiff and to file supplemental motions *in limine*. Defendants further respectfully reserve their right to object and file motions *in limine* with respect to any of plaintiff's witnesses or exhibits.

---

[8] In the event the Court grants defendants' motion to bifurcate plaintiff's Monell claims, defendants respectfully submit that the caption should not include the City of New York.

## **CONCLUSION**

For the foregoing reasons, defendants respectfully request that the Court grant their motions in their entirety, together with such other and further relief as the Court deems just.

Dated:      New York, New York
            April 27, 2023

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007
(212) 356-2486

By:    /s/ _____

Hannah V. Faddis
*Senior Counsel*

cc:    VIA ECF
       *All Counsel of Record*

21