UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
**MARK KUSHNEIR,**  **DECLARATION IN SUPPORT OF MOTION FOR RECONSIDERATION**

        **Plaintiff,**

   **-v-**  **14-cv-09148(JLR)(BCM)**

**JOSEPH ESPOSITO, et al.,**

        **Defendants.**
-------------------------------------------------------------------

### DECLARATION OF GIDEON ORION OLIVER IN SUPPORT OF MOTION FOR RECONSIDERATION

GIDEON ORION OLIVER, an attorney duly admitted to practice before this Court, hereby declares under penalties of perjury that the following statements are true and correct:

1. I am co-counsel for Plaintiff Mark Kushneir.

2. I make this declaration in support of Plaintiff's motion for reconsideration of the Court's December 13, 2023 decision to give the jury a nominal damages instruction, over Plaintiff's objection.

3. Attached as Exhibit 1 is a true copy of pp. 5-7 of Plaintiff's April 27, 2023 Memorandum of Law in support of Plaintiff's *in limine* motions (ECF 187).

4. Attached as Exhibit 2 is a true copy of pp. 2-3 of Defendants' Memorandum of Law in opposition to Plaintiff's *in limine* motions (ECF 199).

5. Attached as Exhibit 3 is a true copy of pp. 68-72 of the transcript of the December 13, 2023 oral argument and decision on Plaintiff's *in limine* motion regarding the nominal damages instruction.

1

6. Attached as Exhibit 4 is a true copy of the June 28, 2022 letter from Plaintiff's counsel to the Court in *Mary Tardif v. City of New York,* 13-cv-4056 (KMW) regarding the potential for a nominal damages instruction in that matter, filed as ECF 536 therein.

7. Attached as Exhibit 5 is a true copy of defense counsel's June 28, 2022 letter responding to Plaintiff's letter and setting out their position as to nominal damages, filed as ECF 537 in the *Tardif* matter.

8. Attached as Exhibit 6 is a true copy of Plaintiff's reply to defense counsel's letter, filed as ECF 538 in the *Tardif* matter.

9. Attached as Exhibit 7 is a true copy of excerpts from the trial transcript in the *Tardif* matter related to the nominal damages instruction at issue in that case.

10. Judge Wood did not ultimately give a nominal damages charge in the *Tardif* trial.

11. Attached as Exhibit 8 is a true copy of the July 7, 2022 letter from Plaintiff's counsel Edward Sivin, Esq. to Hon. Kenneth M. Karas in *Stanbro v. Westchester County Health Care Corp., et al.,* 19-v-10857(KMK), objecting to a charge on nominal damages in that matter, on similar grounds to those Plaintiff has raised here.

12. Upon information and belief, the basis of which is consultation with Mr. Sivin, Judge Karas did not give a nominal damages instruction in that matter.

13. Attached as Exhibit 9 is a true copy of the August 2, 2023 letter from Plaintiff's counsel Joel Wertheimer, Esq. to Hon. Margo K. Brodie in *Andre Adams v. City of New York, et al,* 19-cv-1662 (MKB)(RER), objecting to a charge on nominal damages in that matter, on similar grounds to those Plaintiff has raised here.

14. Attached as Exhibit 10 is a true copy of an excerpt from the transcript of the charge conference in *Adams*, in which Judge Brodie held that the nominal damages charge was

for Plaintiff's benefit and determining not to include it based on Plaintiff's request that the Court not do so.

15. Attached as Exhibit 11 is a true copy of an excerpt from the transcript of the charge conference in *Marcos A. Herrera-Amador v. City of New York, et al.,* 16-cv-5915 (NGG), in which Plaintiff's counsel Michael B. Lumer, Esq. objected to a charge on nominal damages in that matter, on similar grounds to those Plaintiff has raised here, and Hon. Nicholas G. Garaufis declined to give a nominal damages charge.

16. Although the Court stated that the Court would think more about the issue of nominal damages after the Court heard the evidence in this case, to make sure the instruction is still appropriate, Plaintiff makes this application now rather than raising these concerns and making these arguments later, because counsel believe that whether or not the Court gives a nominal damages charge to the jury in this case will have a strong impact on all of the remaining aspects of the case, including, but not limited to, the upcoming mediation and trial.

DATED:   Brooklyn, New York
         January 29, 2024

/S/
_____
Gideon Orion Oliver
Co-Counsel for Plaintiff