influenced by misplaced sympathy or the mistaken belief that individual Defendants will pay any damages out of their own pockets.[3]

The flipside is that remarks invoking the individual pecuniary interests of jurors as taxpayers are universally viewed as improper. *Moore ex rel. Estate of Grady v. Tuelja*, 546 F.3d 423, 429 (7th Cir. 2008) (declaring the following argument improper: "The city is not a random amorphous entity. It's you. We're talking about tax dollars here."); *United States v. Morris*, 573 F. App'x 712, 725 (10th Cir. 2014) (noting remarks invoking the pecuniary interests of jurors as taxpayers are generally improper); *United States v. Blecker*, 657 F.2d 629, 636 (4th Cir.1981) ("We recognize that appeals to the pecuniary interests of jurors [as taxpayers] are patently improper."); *see also Vidrine v. St. Landry Parish Fire Protection*, Civil Action No. 6:12-cv-02111 (W.D. La. July 11, 2014). The Fifth Circuit has characterized similar comments as an "unprofessional and highly improper appeal to the passion and prejudices of the juror[s]." *United States v. Smyth*, 556 F.2d 1179, 1185 (5th Cir.1977).

## IV. The Court should not give a nominal damages instruction.

Plaintiff asks the Court not to charge on nominal damages. In making that request, Plaintiff is electing not to pursue nominal damages. In other words, if the jury finds that Defendants violated Plaintiff's rights, but that Plaintiff has not proven by a preponderance of the evidence any particular damages, Plaintiff is forgoing his right to any nominal damages.

A nominal damages charge is available to plaintiffs, for their benefit. Defendants do not have the ***right*** to require a plaintiff to pursue nominal damages, or to a jury charge on nominal damages, over a plaintiff's objection. *See, e.g., Vilkhu v City of NY,* No. 06-CV-2095 (CPS)(JO), 2009 US Dist LEXIS 16616 (EDNY Mar. 2, 2009), *aff'd* 372 F. App'x. 222 (2d Cir. Apr. 21, 2010). Although nominal damages are *available* to a person who was actually injured, Plaintiff respectfully submits that the Court

---

[3] If there is any question as to whether the City's practice on indemnity has changed since *Gyasi* — our understanding is that it has not — the City should provide updated answers to the *Gyasi* interrogatories.

cannot, and should not, preclude Plaintiff from making the strategic choice not to pursue nominal damages. As the Court explained in *Vilkhu*:

> Courts have long recognized the importance of a nominal damages award as a means for a plaintiff to vindicate a violation of his or her rights even in the absence of compensable injury. In *Carey v. Piphus*, the Supreme Court introduced the availability of nominal damages in a § 1983 action because of the "importance to organized society" that constitutional rights be respected, even where a plaintiff failed to establish actual injury. 435 U.S. 247, 266-67, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978). That the availability of nominal damages, where appropriate, is intended to benefit the plaintiff is apparent from the entitlement language employed with respect to plaintiffs in the relevant case law. …
>
> In cases where the proof of plaintiff's injury is slim or contested, however – and especially in cases where proof of the alleged constitutional violation hinges on the jury's determinations of witness credibility -- *a nominal damages instruction affords the jury an opportunity to engage in improper compromise. In such cases, a plaintiff should be allowed to determine whether to seek both nominal and compensatory damages, or whether to remove the option of nominal damages from the jury's consideration and instead seek an outcome in his case based on his showing of proximately caused actual injury.* To afford a defendant an equal right to a nominal damages charge in such a case would preclude a plaintiff from making this strategic choice.

*Vilkhu*, 2009 US Dist LEXIS 16616, at *19-21 (emphasis added).  The Second Circuit affirmed this decision, and Plaintiff believes a nominal damages instruction here would be exactly the invitation to improper compromise the *Vilkhu* court was concerned about (and the Second Circuit implicitly found to be a proper concern).

It is Plaintiff's right to choose to seek nominal damages or not.  The doctrinal basis for a nominal damage instruction does not support a defendant using it as a sword to try to force improper compromise within the jury.  None of the doctrinal or policy reasons for allowing a *Plaintiff* to elect nominal damages — growing out of the "importance to organized society that constitutional rights be respected, even where a plaintiff failed to establish actual injury" (*Vilkhu*, 2009 US Dist LEXIS 16616, at *19-21 (quotation marks omitted) — support allowing a ***defendant*** to force a nominal damage charge over a plaintiff's objection.  Indeed, that would serve the exact opposite of the doctrinal goal of the nominal instruction in the first place.  Here, Plaintiff has chosen not to pursue nominal

damages. It would be reversible error under *Vilkhu* for the Court to override that election by charging on nominal damages over Plaintiff's objection.

### V. Defendants should not be allowed to introduce evidence contrary to the City's 30(b)(6) testimony.

Plaintiff asks this Court to exclude any testimony or evidence contrary to Defendants' 30(b)(6) testimony without prior notification and argument. As courts have previously noted, "statements made by Defendants' corporate representatives during a 30(b)(6) deposition . . . are binding on the party" but are not "judicial admissions that decide an issue with finality or estops the party from, in the discretion of the Court, offering contradictory testimony if there is a reasonable explanation given." *Hacker v. Cain*, 14-cv-00063-JWD-EWD, Doc. 235 (M.D. La., Jan. 17, 2017) (order on motions *in limine*), *citing Johnson v. Big Lots Stores, Inc.*, 2008 WL 6928161 at * 3 (E.D. La. May 2, 2008).

Here, the City has made significant admissions in extensive 30(b)(6) depositions related to the NYPD's policies, practices, and training that are central to both Plaintiff's core and *Monell* claims, and those depositions form the structure on which Plaintiff has built his trial approach.

Defendants should be prohibited from offering any new testimony or evidence contrary to the 30(b)(6) testimony without prior notification and argument. To the extent Defendant failed to provide a knowledgeable, prepared deponent, that would be a failure to appear and subject to sanctions. *See e.g. Black Horse Lane Assn. v. Dow Chem. Corp.*, 228 F.3d 275, 304 (3d. Cir. 2000).

Allowing Defendants to change their testimony or the evidence they intend to proffer shortly before trial would constitute trial by surprise — something long abandoned. The City bound itself to the policies its witnesses articulated, and allowing the City to change what it claims those policies and training are after the sheer volume of *Monell* discovery in this case would be profoundly prejudicial, not to mention just plain confusing for the jury.

### VI. The Court should give missing witness charges related to Plaintiff's false arrest claim, and Defendants Esposito and Maldonado should not be