## POINT IV

### THE COURT SHOULD CHARGE THE JURY ON NOMINAL DAMAGES

The Court should charge the jury on nominal damages. It is well-settled that nominal damages must be awarded where a plaintiff prevails on a claim for violation of a substantive constitutional right, but has not proven any compensatory damages. See, Gibeau v Nellis, 18 F.3d 107, 110 (2d Cir. 1994) (citing Smith v. Coughlin, 748 F.2d 783, 789 (2d Cir. 1984)); see also, Carey v. Piphus, 435 U.S. 247, 267 (1978). Plaintiff's reliance on the Second Circuit's decision in Vilkhu is overstated, where the District Court articulated multiple grounds for denying a post-trial motion based on the failure to delivery a nominal damages charge and the Circuit upheld that decision "for substantially the same reasons," without articulating any controlling decision or reasoning on this issue. See, Vilkhu v. City of N.Y., et al., 372 Fed. Appx. 222, 223 (2d Cir. 2010).

While plaintiff contends that offering a nominal damages charge could invite jury compromise, he cites to no case where this has even arguably occurred. Indeed, the omission of a nominal damages charge does not solely impact the plaintiff. As Judge Cote has noted—post-Vilkhu—omitting a nominal damages charge on request of the plaintiff could give "the jury a false signal regarding the impact of their verdict on a plaintiff's rights and force[] them wrongly to conclude that they [have] to make an award of compensatory damages even when the evidence [does] not warrant one." Randolph v. Metro. Transp. Auth., No. 17 Civ. 1433 (DLC), 2019 U.S. Dist. LEXIS 62148, at *28-29 (SDNY Apr. 11, 2019). That is, without a nominal damage charge, a jury may be more likely to compromise and make an award of compensatory damages where none had been sufficiently proven.

Moreover, the benefit of inviting a compromise compensatory award would seem to flow to counsel rather than the plaintiff. This is because a nominal verdict might not entitle the plaintiff—or his counsel by proxy—to fees under 42 U.S.C. § 1988, even if he were the prevailing party. Farrar v. Hobby, 506 U.S. 103, 115 (1992) ("When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all.") (citing Carey, 435 U.S. at 256-257, 264). Thus, one of the consequences of eliminating a nominal damages charge is that an award of attorney's fees may be more likely in a case with little to no actual value. This posture would seem to create a perverse litigation incentive and run contrary to the Supreme Court's admonition that Section 1988 was "never intended to produce windfalls" for parties. Farrar, 506 U.S. at 115 (citing Riverside v. Rivera, 477 U.S. 561 (1986)).

Additionally, failing to provide a nominal damages charge should result in the failure of plaintiff's claims. The purpose of nominal damages is to "ensure that certain rights remain actionable regardless of their consequences in terms of compensable injury." Randolph v. Metro. Transp. Auth., No. 17 Civ. 1433 (DLC), 2019 U.S. Dist. LEXIS 62148, at *27 (S.D.N.Y. Apr. 11, 2019) (citing Amato v. City of Saratoga Springs, 170 F.3d 311, 318 (2d Cir. 1999); see also Carey, 435 U.S. at 266 (making procedural due process claim actionable by allowing award of nominal damages); Brooker v. State, 206 A.D.2d 712, 614 N.Y.S.2d 640 (N.Y. App. Div. 3d Dept. 1994) (allowing recovery of only nominal damages for battery that resulted in no actual injury). Thus, the waiver of a nominal damage award would result in a lack of any finding of injury, an essential element of plaintiff's claims.

For all of the foregoing reasons, defendants respectfully submit that the jury should be charged on nominal damages.

3