```
NCD1KUSC
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
 3   MARK KUSHNEIR,
 4                  Plaintiff,
 5             v.                              14 Civ. 9148 (JLR)
 6   THE CITY OF NEW YORK, et al.,
 7                  Defendants.                Conference
     ------------------------------x
 8                                             New York, N.Y.
                                               December 13, 2023
 9                                             11:15 a.m.
10   Before:
11                    HON. JENNIFER L. ROCHON,
12                                             District Judge
13                          APPEARANCES
14   GIDEON O. OLIVER, ESQ.
          Attorney for Plaintiff
15
     COHEN&GREEN P.L.L.C.
16        Attorneys for Plaintiff
     BY:  J. REMY GREEN, ESQ.
17
     NEW YORK CITY LAW DEPARTMENT
18   OFFICE OF THE CORPORATION COUNSEL
          Attorneys for Defendants
19   BY:  HANNAH V. FADDIS, ESQ.
          JOSEPH A. RUSSO, ESQ.
20        Assistant Corporation Counsel
21   ALSO PRESENT:  REGINA YU, Law Clerk (Plaintiff)
22
23
24
25
```

1   correct, Ms. Faddis?

2   MS. FADDIS:  Yes, your Honor.

3   THE COURT:  Thank you.  So if a defendant doesn't open
4   the door, plaintiff is precluded from eliciting testimony
5   regarding indemnification.

6   The next item from plaintiff is the Court should not
7   give a nominal damages instruction because the plaintiff is not
8   requesting one.  Can I have some argument from you, Mr. Oliver,
9   or Mx. Green, if there's anything you'd like to add to your
10  papers.  I do have quite a bit, but if there's anything you
11  need.

12  MR. OLIVER:  I don't think so, your Honor.  I would
13  add the last trial that opposing counsel and I did together,
14  the same issue came up in front of Judge Wood and Judge Wood
15  did not give a nominal damages instruction.  I'm not sure I
16  mentioned that in the papers.  Beyond that, I think I'll rely
17  on the papers.

18  THE COURT:  Okay.  And it's your position that nominal
19  damages are appropriate in this case, you just are
20  strategically not choosing to request nominal damages; is that
21  correct?

22  MR. OLIVER:  I'm not sure they are appropriate in this
23  case, but strategically, we are requesting that they not be
24  added.  Yes.

25  THE COURT:  Ms. Faddis, anything you want to add to

1  your papers, including the recent Judge Wood case?

2      MS. FADDIS:  No, your Honor.  I will say off the top

3  of my head I know we have had cases on the other side where the

4  courts have given a nominal damages instruction over

5  plaintiff's objection.  A case doesn't come to mind, but I know

6  it's happened.  So it does go both ways.  I don't think I have

7  anything else to say in addition to our papers at this point.

8      THE COURT:  Okay.  Thank you.

9      At this point I am going to give a nominal damages

10 charge, and let me explain a little bit more.

11     The defendant opposes the motion *in limine* and argues

12 that nominal damages must be awarded where the plaintiff proves

13 there's a violation of a constitutional right but has not

14 proven any compensatory damages.  And plaintiff, from the

15 papers, is not suggesting that nominal damages can't be awarded

16 for a false arrest claim, and indeed says "a nominal damages

17 charge is available for plaintiffs for their benefit."  But

18 instead the plaintiff is asking the Court to exclude the charge

19 at plaintiff's option so that the jury does not compromise an

20 award of nominal damages.

21     I agree with the defendant that it would not

22 adequately inform the jury of the law if a nominal damages

23 charge was omitted.  I am not persuaded by plaintiff's reliance

24 on—and sole reliance on—*Vilkhu v. City of New York*, 2009 WL

25 537495 (E.D.N.Y. March 3, 2009) for the proposition that

plaintiff can strategically elect to remove the option of nominal damages from the jury's consideration to avoid the risk of a compromised verdict by the jury.  And insofar as *Vilkhu* stands for such a proposition, I disagree with it.  The court is obligated to present a jury charge that "adequately informs the jury as to the correct legal standard." *Norville v. Staten Island University Hospital*, 196 F.3d 89, 100 (2d Cir. 1999).  "If a jury finds that a constitutional violation has been proven but that the plaintiff has not shown injury sufficient to warrant award of compensatory damages, it is plain error to instruct the jury merely that, having found a violation, it may [rather than must] award nominal damages." *Robinson v. Cattaraugus County*, 147 F.3d at 162.  Indeed, in *Robinson*, the Second Circuit held that it was plain error for the district court to charge that the jury may, rather than must, award nominal damages, even though the plaintiff had not even objected to the charge.  Again, plaintiff is not arguing that nominal damages cannot be awarded for false arrest or for the false arrest here and instead argues that he should have the strategic choice to take it off the table and take off the table the jury's option to award such damages so that it is discouraged from compromising in its verdict.  The Court will always presume that the jury will follow the law as charged. *CSX Transportation, Inc. v. Hensley*, 129 S. Ct. 2139 (2009).  Therefore, the Court will charge the jury on proximate cause

and compensatory damages, including that loss of liberty is a compensable damage for false arrest. *Kerman v. City of New York*, 374 F.3d 93, 132 (2d Cir. 2004). Should the jury find that plaintiff suffered compensable damages that were proximately caused by a constitutional violation, they will be instructed on awarding damages and can certainly do so, including damages related to a loss of liberty. However, omitting a nominal damages charge if the jury finds that plaintiff has not suffered compensable damages in order to steer the jury away from an award of nominal damages, as plaintiff seems to be suggesting, would be misleading to the jury as to the state of the law. As the court stated in *Randolph v. Metropolitan Transit Authority*, 2019 WL 1567663, at *10 (S.D.N.Y. Apr. 11, 2019), in rejecting the argument that a nominal damages charge should not have been given, the court stated, this may give "the jury a false signal regarding the impact of their verdict on a plaintiff's right and force them wrongly to conclude that they had to make an award of compensatory damages, even where the evidence did not warrant one." The Second Circuit's summary affirmance of *Vilkhu* for "substantially the reasons" set forth by the district court in *Vilkhu v. City of New York*, 372 F. App'x 222, 223 (2d Cir. Apr. 21, 2010) does not provide contrary guidance because the district court presented multiple grounds in support of rejecting the objection for failure to present a nominal

1   damages charge, including that the defendants were not
2   prejudiced by the missing instruction, given the high actual
3   damages awarded.  Therefore, that summary affirmance does not
4   persuade the Court otherwise or require the Court to hold
5   otherwise.  Therefore, at this point I will include a nominal
6   damages charge in the jury charge.  I will think more about it
7   after I hear all of the evidence that comes in at trial to make
8   sure that that instruction is still appropriate after the
9   evidence has come in, but I'm not going to foreclose it based
10  on a choice at this point.
11          Any questions, Mr. Oliver?
12          MR. OLIVER:  No question.  Just an objection on the
13  record.
14          THE COURT:  Sure.
15          MR. OLIVER:  Thank you.
16          THE COURT:  Yes.  Absolutely.  Objection is noted.
17          Anything else, Ms. Faddis?
18          MS. FADDIS:  No, your Honor.  Thank you.
19          THE COURT:  Thank you.
20          The next motion *in limine* from the plaintiff is that
21  defendants should not be allowed to introduce evidence contrary
22  to the city's 30(b)(6) testimony.  I am not sure that I can
23  rule on this.  I don't know what testimony is being sought to
24  preclude.  I will say that if any witness is providing
25  testimony that varies from their deposition testimony, their