

**T**HE **C**ITY OF **N**EW **Y**ORK
**L**AW **D**EPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**HANNAH V. FADDIS**
Senior Counsel
phone: (212) 356-2486
fax: (212) 356-1148
hfaddis@law.nyc.gov

June 29, 2022

**By ECF**
Honorable Kimba M. Wood
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:    Mary Tardif v. City of New York, et al.,
                  No. 13 Civ. 4056 (KMW) (KNF)

Your Honor:

      I am one of the attorneys assigned to represent defendant the City of New York in the above-referenced matter. Defendant writes in response to the Court's request for defendant's position on a nominal damages charge and in response to the plaintiff's letter, sent to chambers by email this evening.

      Defendant believes the Court should instruct the jury on nominal damages, and that nominal damages should be included on the verdict sheet. Defendants has found no additional case law to support the proposition set forth in plaintiff's letter, relying on Vilkhu, that it is the plaintiff's exclusive right to seek nominal damages. Vilkhu v. City of New York, No. 06 Civ. 2095 (CPS)(JO), 2009 U.S. Dist. LEXIS 16616, at *20-21 (E.D.N.Y. Mar. 2, 2009). Conversely, there is good law that, "If a plaintiff establishes an assault, battery or false arrest but does not adduce any evidence of actual loss, the fact finder must award nominal damages." Wright v. Musanti, No. 14-cv-8976 (KBF), 2017 U.S. Dist. LEXIS 8267, at *33 (S.D.N.Y. Jan. 20, 2017) (citing Contemporary Mission, Inc. v. Famous Music Corp., 557 F.2d 918, 926 (2d Cir. 1977)). Thus, defendant submits that it would be error not to instruct the jury that they should award nominal damages where the plaintiff has proven an assault or battery, but has failed to prove compensatory damages.

      The evidence adduced in this case would support a nominal damage award. The plaintiff has failed to present sufficient evidence of causation as to her alleged brain injuries, and thus the jury could disregard those injuries entirely. A jury could also find that the physical contact made by Lt. Mattera with the plaintiff was objectively unreasonable, but that he did not cause her to

2

fall to the ground. In either situation, among others, the jury could return an award of nominal damages.

The omission of a nominal damages charge does not solely impact the plaintiff. As Judge Cote has noted, omitting a nominal damages charge on request of the plaintiff could give "the jury a false signal regarding the impact of their verdict on a plaintiff's rights and force[] them wrongly to conclude that they [have] to make an award of compensatory damages even when the evidence [does] not warrant one." Randolph v. Metro. Transp. Auth., No. 17 Civ. 1433 (DLC), 2019 U.S. Dist. LEXIS 62148, at *28-29 (SDNY Apr. 11, 2019). Thus, defendant believe it is appropriate to charge the jury on nominal damages.

Defendant thanks the Court for its consideration.

Sincerely,

/s/

Hannah V. Faddis
*Senior Counsel*
Special Federal Litigation Division

CC: **BY ECF**
 *All Counsel of Record*