Gideon Orion Oliver
—ATTORNEY AT LAW—
He/him/his

277 Broadway, Suite 1501
New York, NY 10007

1825 Foster Avenue, Suite 1K
Brooklyn, NY 11230

Gideon@GideonLaw.com*
GideonLaw.com

**Office**: (718) 783-3682
**Signal**: (646) 263-3495
**Fax**: (646) 349-2914*

*\*Not for service*

June 28, 2022

Hon. Kimba M. Wood, USDJ
United States District Court, SDNY
500 Pearl Street
New York, NY 10007

    Re:    <u>Mary Tardif v. City of New York</u>, 13-CV-4056(KMW)

Your Honor:

    I write in response to the Court's direction that Plaintiff provide a brief letter with case support for the proposition that a tort plaintiff may elect not to have the jury instructed on nominal damages. Plaintiff has opposed the Court's charging the jury on nominal damages, including on the record during today's proceedings. In requesting that the Court *not* instruct the jury as to nominal damages, Plaintiff is electing not to pursue nominal damages. In other words, if the jury finds that Sgt. Mattera assaulted or battered her, but that she has not proven by a preponderance of the evidence that she is entitled to *any* compensatory damages, Ms. Tardif foregoes her right to nominal damages.

    A nominal damages charge is available to plaintiffs, for their benefit. Defendant does not have the right to require a plaintiff to pursue nominal damages, or to a jury charge on nominal damages, over a plaintiff's objection. *See, e.g., Vilkhu v City of NY*, No. 06-CV-2095 (CPS)(JO), 2009 US Dist LEXIS 16616 (EDNY Mar. 2, 2009), *aff'd* 372 F. App'x. 222 (2d Cir. Apr. 21, 2010). Beyond that, this is a case where Plaintiff has submitted substantial evidence that she was actually injured, and physically, and there is substantial medical evidence in the record about her injury. Although nominal damages are *available* to a person who was actually injured, and physically, and who has submitted to the jury substantial medical evidence, Plaintiff respectfully submits that the Court cannot, and should not, preclude Ms. Tardif from making the strategic choice not to pursue nominal damages. As the Court explained in *Vilkhu*:

> Courts have long recognized the importance of a nominal damages award as a means for a plaintiff to vindicate a violation of his or her rights even in the absence of compensable injury. In *Carey v. Piphus*, the Supreme Court introduced the availability of nominal damages in a § 1983 action because of the "importance to organized society" that constitutional rights be respected, even where a plaintiff failed to establish actual injury. 435 U.S. 247, 266-67, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978). That the availability of nominal damages, where appropriate, is intended to benefit the plaintiff is apparent from the entitlement language employed with respect to plaintiffs in the relevant case law. ...

> In cases where the proof of plaintiff's injury is slim or contested, however -- and especially in cases where proof of the alleged constitutional violation hinges on the jury's determinations of witness credibility -- a nominal damages instruction affords the jury an opportunity to engage in improper compromise. In such cases, a plaintiff should be allowed to determine whether to seek both nominal and compensatory damages, or whether to remove the option of nominal damages from the jury's consideration and instead seek an outcome in his case based on his showing of proximately caused actual injury. To afford a defendant an equal right to a nominal damages charge in such a case would preclude a plaintiff from making this strategic choice.

*Vilkhu*, 2009 US Dist LEXIS 16616, at *19-21.

In *Randolph v. Metro. Transp. Auth.*, 17cv1433(DLC), 2019 US Dist LEXIS 62148, at *28-29 (SDNY Apr. 11, 2019), after Plaintiff objected to including a nominal damages charge at the pre-trial conference, and submitted a letter-brief with its position (*see Randolph v. MTA* ECF No. 85, a copy of which is attached as Ex. 1), on October 5, 2018, the Court ordered

> …that the plaintiff may waive nominal damages if he chooses, with the following consequences. In general, where a jury finds a defendant liable for misconduct but also finds that the plaintiff suffered no compensable harm, the jury must award nominal damages. *See Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31, 64 (2nd Cir. 2014). Accordingly, if the plaintiff wishes to waive nominal damages at trial, and if the jury does not award the plaintiff any compensatory damages, a verdict in favor of the defendants shall be entered notwithstanding any jury finding of liability. *See* October 5, 2018 minute entry.

*Randolph v. MTA* ECF No. 103 at p. 3. "Given that choice, plaintiff elected to include the nominal damages charge. He…pointed to no authority to suggest that giving a plaintiff that option violated the law." *Randolph,* 2019 US Dist LEXIS 62148, at *28. The Court then ruled:

> Indeed, because an award of at least nominal damages is required to sustain any tort claim and any claim under Section 1983, it may have been more appropriate to deny plaintiff any option regarding inclusion of the nominal damages charge. If the nominal damages charge had been omitted, it may have given the jury a false signal regarding the impact of their verdict on a plaintiff's rights and forced them wrongly to conclude that they had to make an award of compensatory damages even when the evidence did not warrant one.

2019 US Dist LEXIS 62148, at *28-29.

The briefing that led to the decision in *Randolph* focused on whether it was error for the Court to instruct the jury as to nominal damages over the plaintiff's objection with relation to Plaintiff's loss of liberty claim – not their assault and battery claims. *See, e.g.,* Ex. 1; *Randolph v. MTA* ECF No. 110, a copy of which is attached as Ex. 2; and *Randolph v. MTA* ECF No. 111, a copy of which is attached as Ex. 3). Virtually all of the language throughout the *Randolph* decision likewise focuses on the federal constitutional loss of liberty claims rather than the state tort assault and battery claims. The claims the jury must decide in this case, and the facts based on which the jury will decide them, are a far cry from those in *Randolph*.

Although the *Randolph* Court states that "an award of at least nominal damages is required to sustain any tort claim," the Court does not provide any legal authority to support that statement. To the extent that the Court cites *Matusik* in the October 5, 2018 minute entry, in pertinent part, *Matusick* holds that "'an award of nominal damages is not discretionary where a substantive constitutional right has been violated'" and so "'..it is plain error to instruct the jury merely that, having found a violation, it 'may' award nominal damages.'" *Matusick*, 757 F.3d at 64 (internal citations omitted). It does not say that an award of at least nominal damages are required to sustain a tort claim – only that a plaintiff who proves the violation of a substantive constitutional right is entitled to an award of nominal damages. As *Vilkhu* says, a plaintiff can waive the right to those damages, as Plaintiff has elected to do here.

Next, although the *Randolph* Court asks if "it may have been more appropriate to deny plaintiff any option regarding inclusion of the nominal damages charge," the caselaw in this area, from *Carey v. Piphus* through *Matusick* and *Vilkhu*, demonstrated that it would not have been appropriate to deny plaintiff that option.

To the extent that the *Randolph* Court wonders whether, "[i]f the nominal damages charge had been omitted, it may have given the jury a false signal regarding the impact of their verdict on a plaintiff's rights and forced them wrongly to conclude that they had to make an award of compensatory damages even when the evidence did not warrant one," Plaintiff respectfully submits that part of the decision must be read in the context set out above related to the hotly contested issue of whether nominal damages were appropriate in the context of the loss of liberty-related federal constitutional claims. In other words, there is no indication that the Court thought omitting nominal damages charge as to the assault and battery claims *only* would have or could have given the jury a "false signal." Beyond that, it is not entirely clear to Plaintiff's counsel how excluding a nominal damages charge relates to the jury's understanding of "the impact of their verdict on a plaintiff's rights." However, in this case, the proposed charge related to compensatory damages will correctly and comprehensively instruct the jury as to the correct standards the jury must apply in considering whether to award compensatory damages, and if so, in what amount(s). That fact, coupled with the clearly organized jury verdict sheet the parties negotiated over in court earlier today, will avoid any potential for the sort of "false signal" the *Randolph* Court had in mind.

3

4

      For the foregoing reasons, Plaintiff respectfully asks that the Court adhere to its prior ruling to excise the nominal damages charge from the Court's proposed jury instructions.

                                                  Respectfully submitted,

                                                            /S/

                                                  Gideon Orion Oliver