M6UPTAR1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

MARY M. TARDIF,

                Plaintiff,

           v.                        13CV04056 (KMW)
                                     Trial
CITY OF NEW YORK,

                Defendant.

------------------------------x
                                     New York, N.Y.
                                     June 30, 2022
                                     8:30 a.m.

Before:

                    HON. KIMBA M. WOOD,

                                     District Judge
                                     and Jury

                        APPEARANCES

REZVANI LAW FIRM, PLLC
     Attorneys for Plaintiff
BY:  REZA REZVANI
          -and-
COMMUNITY LEGAL ASSISTANCE CORP.
BY:  STEFAN HILLEL KRIEGER
          -and-
GIDEON ORION OLIVER
BY:  GIDEON ORION OLIVER


NEW YORK CITY LAW DEPARTMENT
     Attorneys for Defendant
BY:  HANNAH VICTORIA FADDIS
     MICHAEL VIVIANO

M6UPTAR1

1        (Trial resumed; jury not present)

2        THE COURT:  Good morning, counsel.  On my agenda are

3   four items:  Whether to exclude Exhibit M, counsel's response

4   to new language that my law clerk e-mailed to you regarding

5   future damages.  I need to rule on whether there should be a

6   nominal damages instruction, and then we will get to

7   defendant's rule 50 motion.

8        Do you have anything else for the agenda before the

9   jury comes in?

10        MR. REZVANI:  Not for the plaintiff, your Honor.

11        MS. FADDIS:  Not for the defendant, your Honor.

12        THE COURT:  Okay.  With respect to Defendant's

13   Exhibit M, the rule 608(b) is clear that counsel may examine on

14   the matter at issue in this case but that the exhibit itself is

15   excludable, must be excluded under 608(b).  The case law

16   supports that.

17        MS. FADDIS:  Your Honor, could I just ask one

18   clarifying question?

19        THE COURT:  Yes.

20        MS. FADDIS:  Which is the exception to that rule that

21   was noted in both of the defendant's letters would seem

22   applicable in this situation.

23        THE COURT:  May I ask, I think one of the cases you

24   cited was a non-witness statement.  Let me go back to that.

25   What case do I need to look in?  I'm sure it's in your letter.

M6UPTAR1

| | |
|---|---|
| 1 | THE COURT:  Wait a minute.  What do you want to talk |
| 2 | about? |
| 3 | MR. KRIEGER:  I just wanted to tell you the page of |
| 4 | the transcript where Exhibit M -- |
| 5 | THE COURT:  Why does the page matter? |
| 6 | MR. KRIEGER:  You had asked us for it, but I won't |
| 7 | give it. |
| 8 | THE COURT:  You don't have to tell me if it's in the |
| 9 | record, if what I did is consistent with my ruling today. |
| 10 | MR. KRIEGER:  Thank you. |
| 11 | THE COURT:  Thank you.  Let's talk about the new |
| 12 | language on future damages.  Have counsel had an opportunity to |
| 13 | review the revised draft instruction on future damages which |
| 14 | was sent to you late at night last night?  If you had not had |
| 15 | an opportunity, I'll give you that time now. |
| 16 | MS. FADDIS:  Defendant has no objection to the new |
| 17 | charge, your Honor. |
| 18 | MR. REZVANI:  With respect to future damages, no. |
| 19 | It's fine. |
| 20 | THE COURT:  You have no objection? |
| 21 | MR. REZVANI:  I have no objection. |
| 22 | THE COURT:  Good.  Okay. |
| 23 | Nominal damages, I'd like to hear each party on that. |
| 24 | I believe there's case law both ways; so the question is what |
| 25 | is the weight of each precedent? |

M6UPTAR1

1           MR. OLIVER:  Your Honor, who would you like to hear

2     from first?

3           THE COURT:  You.

4           MR. OLIVER:  Thank you, your Honor.  So I think the

5     answer is in *Vilkhu*, V-i-l-k-h-u, which is a Judge Sifton's

6     case, that was affirmed by the Second Circuit, and that's why I

7     think it's the answer because the Second Circuit affirmed it.

8     And in *Vilkhu* -- I have a copy, if it would be helpful, to hand

9     up.  I apologize that I don't have the correct number of

10    copies.

11          THE COURT:  Has defense counsel read *Vilkhu*?

12          MR. OLIVER:  I'm certain because it was in my briefing

13    that they responded to.

14          THE COURT:  Wait.  It's a question for defense.

15          MR. OLIVER:  I'm sorry, your Honor.

16          MS. FADDIS:  Yes, your Honor.

17          THE COURT:  I know that was confusing.  You said yes,

18    you're familiar with it?

19          MS. FADDIS:  I'm familiar with it, your Honor.

20          MR. OLIVER:  So *Vilkhu* was affirmed by the Second

21    Circuit, and in *Vilkhu*, what the Court says is that the nominal

22    damages charge --

23          THE COURT:  Could you give me a page citation?

24          MR. OLIVER:  Sure, your Honor.  The page 3 of 9, on

25    the section, omission of nominal damages charge.

M6UPTAR1

1          THE COURT:  Okay.  And where are you with that?

2          MR. OLIVER:  That has the factual background and the

3  actual statement about the charge error is on page 6 of -- the

4  analysis of charge error is on page 6 of 9; so that's where I

5  would go.

6          THE COURT:  Okay.  Please pause while I read that.

7          MR. OLIVER:  Thank you, your Honor.  The second

8  paragraph --

9          THE COURT:  I'm asking, go ahead.

10         MR. OLIVER:  "Courts have long recognized," I think,

11  through to the end of that page, "strategic choice."

12         THE COURT:  Where is "Courts"?

13         MR. OLIVER:  It's the second paragraph on page 6 of 9

14  in the printed decision, and I also quoted it in my letter.

15         THE COURT:  Okay.  I'm reading it now.

16         MR. OLIVER:  Thank you, your Honor.

17         (Pause)

18         THE COURT:  I have a question for plaintiff's counsel.

19         MR. OLIVER:  Yes, your Honor.

20         THE COURT:  If the jury were to find liability for

21  assault, battery or both, but find that there was no actual

22  injury such that they do not mark down an award of damages,

23  what is your position as to what -- who should decide zero

24  damages and how that should be conveyed, if at all, to the

25  jury?  So what would the verdict sheet read?  Would it be

M6UPTAR1

1    liability damages, yes; damages, zero?

2         MR. OLIVER:  That's right.

3         THE COURT:  And you don't want me to instruct the jury

4    nominal damages.

5         MR. OLIVER:  No, and --

6         THE COURT:  And your view is simply that zero means

7    nominal?

8         MR. OLIVER:  Well, my view is that zero means zero.

9    So that's right, your Honor.  So going down the verdict form,

10   if the jury says yes on either of the first two questions about

11   liability, and then says no, has Ms. Tardif proven up

12   compensatory damages, that's it, they're done.

13        THE COURT:  All right.  Now, what's the harm of

14   mentioning nominal damages?

15        MR. OLIVER:  It's serious because it's her right.

16   She --

17        THE COURT:  Wait, what is serious?

18        MR. OLIVER:  The harm would be serious, your Honor.

19        THE COURT:  And what is the harm?

20        MR. OLIVER:  It's Ms. Tardif's right.  She wants to

21   waive it.  It's Ms. Tardif's right.  She wants to waive it.  As

22   Vilkhu points out, having the charge before the jury invites

23   compromise, and this is -- this case, like the prior case, is

24   going to go to the jury just before a holiday weekend.

25   Notwithstanding the Court's careful instructions, you know,

M6UPTAR1

1     there's going to be a time crunch.

2             And if the jury has the option of awarding nominal

3     damages, even though Ms. Tardif has said that she'll waive any

4     right that she would have to nominal damages, I think that's

5     error, and it's error because -- it would be error, I think,

6     because of the -- because it's her choice, because it is

7     important to the Court --

8             THE COURT:  Okay.  May I ask you, what is your

9     authority for it being her choice not to include language?

10            MR. OLIVER:  Vilkhu.  That's the main case, and it was

11    affirmed by the Second Circuit, your Honor.  By the way, as I

12    mention in my letter, in a summary order --

13            THE COURT:  Let me read that again.  You said on page

14    6?

15            MR. OLIVER:  Right.  Starting on page 6 of 9, "Courts

16    have long recognized the importance of the nominal damages

17    award."

18            THE COURT:  "As a means for plaintiff to vindicate a

19    violation."

20            MR. OLIVER:  That's right.  It's plaintiff's

21    entitlement.  It's plaintiff's right.

22            THE COURT:  I'm sorry, just pause there.

23            MR. OLIVER:  Of course, your Honor.

24            (Pause)

25            May I say one more thing on the question, your Honor?

M6UPTAR1

1          THE COURT:  Could you wait a minute?

2          MR. OLIVER:  Of course.

3          (Pause)

4          (Continued on next page)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

M6UHTar2

| | |
|---|---|
| 1 | THE COURT:  Counsel, with respect to nominal damages, |
| 2 | there are good arguments each way, and I think there's |
| 3 | authority -- I'm going to strike that because I'm looking at |
| 4 | the totality of the cases, and there is not authority for what |
| 5 | I was about to say. |
| 6 | I'm going to include a charge on nominal damages |
| 7 | notwithstanding that plaintiff's counsel has made the point |
| 8 | that such a charge might lead to a compromise in the case that |
| 9 | would be unlawful because of case law favoring giving the |
| 10 | charge. |
| 11 | Now we'll look at the language on the charge in a |
| 12 | little time. |
| 13 | MR. OLIVER:  May I just be heard briefly, your Honor? |
| 14 | I'd like to make a record to support my objection. |
| 15 | THE COURT:  Yes. |
| 16 | MR. OLIVER:  Thank you. |
| 17 | So in *Vilkhu*, the Court made it clear that it's the |
| 18 | plaintiff's right -- the plaintiff should be allowed to |
| 19 | determine whether to seek both nominal and compensatory |
| 20 | damages, and in the footnote, a plaintiff is entitled to |
| 21 | determine independently the type of relief he or she will seek. |
| 22 | So I think the defendant*,* *Vilkhu* makes clear, doesn't |
| 23 | have a right to a nominal damages charge because in *Vilkhu*, |
| 24 | they asked for a nominal damages charge.  The court didn't give |
| 25 | one.  They made a motion for new trial.  The court denied the |

M6UHTar2

1    motion for new trial, and the Second Circuit affirmed.

2              THE COURT:  On the ground that?

3              MR. OLIVER:  Explicitly agreeing with the court's

4    opinion in *Vilkhu* on this point.

5              THE COURT:  Meaning?

6              MR. OLIVER:  Meaning the Second Circuit agreed with

7    Judge Sifton that it was not the defendant's right to request a

8    nominal damages charge, and that Judge Sifton was correct to

9    respect the plaintiff's decision to waive nominal damages.  So

10   here we have a case where plaintiff is willing to waive --

11             THE COURT:  Go ahead.  Make your record.

12             MR. OLIVER:  -- is willing to waive nominal damages.

13   But if the Court rules that the charge will be included, that

14   is essentially a right that the Court will have taken away from

15   her in this case.  So that's why I think it's error, even if

16   the Court doesn't think that -- disagrees about the extent of

17   the prejudice.

18             What I wanted to point out about *Randolph*, Judge

19   Cote's decision, is that Judge Cote offered the plaintiff the

20   choice, right?  Judge Cote issued an order saying if you

21   decide, as Ms. Tardif said that she will do, to waive nominal

22   damages, then the case will go a certain way.  That's exactly

23   the choice that Ms. Tardif -- I think it's her right to make

24   and that she is making.

25             THE COURT:  All right.  Now you're predicating your

M6UHTar2

1    argument on it being her "right."

2              MR. OLIVER:  Yes.

3              THE COURT:  Could you look at footnote 6 in *Vilkhu*.

4              MR. OLIVER:  Yes.

5              THE COURT:  It's on page 6 of 9.

6              MR. OLIVER:  I have it, your Honor.

7              THE COURT:  OK.

8              MR. OLIVER:  And the end of the footnote says, "A

9    plaintiff is entitled to determine independently the type of

10   relief he or she will seek," which is what Ms. Tardif is

11   seeking to do here.  And the footnote is at the end of the

12   sentence that begins, "In such cases, cases such as this one, a

13   plaintiff should be allowed" --

14             THE COURT:  Wait a minute.  You should tell me where

15   to begin and then tell me.

16             MR. OLIVER:  I apologize, your Honor.  I was beginning

17   at the end of footnote 6 with the last sentence in footnote 6.

18             THE COURT:  Yes.

19             MR. OLIVER:  That sentence ends -- I'll read the whole

20   sentence.  It's short:  "Regardless of the cost or benefit to

21   the plaintiff, a plaintiff is entitled to determine

22   independently the type of relief he or she will seek."

23             And that footnote is attached to the sentence:  "In

24   such cases," cases such as this, "a plaintiff should be allowed

25   to determine whether to seek both nominal and compensatory

M6UHTar2

1    damages, or whether to remove the option of nominal damages

2    from the jury's consideration and instead seek an outcome in

3    his case based on his showing of proximately caused actual

4    injury.  To afford a defendant an equal right to a nominal

5    damages charge in such a case would preclude a plaintiff from

6    making this strategic choice."

7          That's the choice Ms. Tardif has made, and so that's

8    what I'm pointing to.

9          And just to answer the Court's question, the only part

10   of the summary opinion in *Vilkhu* -- I'm sorry, in the Second

11   Circuit, the court said, with respect to defendant's arguments

12   regarding the nominal damages jury instruction, where

13   defendants had appealed the court's decision not to include a

14   nominal damages jury instruction as error, the Second Circuit

15   says, "We affirm for substantially the reasons set forth in the

16   district court's memorandum," which I just read to you.

17         So that is the Second Circuit saying that Judge Sifton

18   was right.  It's the plaintiff's right, it's not the defendant,

19   and it's not error.

20         THE COURT:  Pause for a moment.

21         MR. OLIVER:  Thank you, your Honor.

22         THE COURT:  All right.

23         MS. FADDIS:  Your Honor, could defendant respond?

24         THE COURT:  Yes.  Thank you.

25         MS. FADDIS:  I'll be brief.  On *Vilkhu*, the

M6UHTar2

1    defendant's position is that, reading Judge Sifton's order,

2    it's clear that there were numerous grounds on which he issued

3    his opinion.  In the first instance, he opined that it was not

4    error to include the nominal damages charge, but went on to

5    say, even if it were, it wasn't prejudicial error.  The Second

6    Circuit did not differentiate in its summary order on which of

7    those grounds it upheld his decision.  It simply said "for

8    substantially the same reasons" and did not discuss the

9    substance of the opinion.  In that regard, I don't think the

10   summary order of the Second Circuit can be read to explicitly

11   or definitively agree with Judge Sifton that this was not

12   error.

13          And the second point I would make is that Judge

14   Sifton's decision very clearly and repeatedly specifies that it

15   applies his -- his holding applies in such a case, I believe is

16   the language he uses.  He refers to a specific type of case,

17   which I think also undercuts the plaintiff's argument that this

18   is a universal right of a plaintiff.

19          THE COURT:  What is that type of case?

20          MS. FADDIS:  It's -- to be honest, your Honor, not

21   entirely clear to me, but I don't think that it stands for the

22   sweeping proposition that the plaintiff has cited it for, which

23   is that in any case it is the plaintiff's exclusive right to

24   ask for a nominal damages charge.

25          THE COURT:  I understand.

M6UHTar2

1          MR. OLIVER:  May I just say one other thing, two

2     sentences, your Honor?

3          THE COURT:  Yes.

4          MR. OLIVER:  Judge Cote gave the plaintiff in *Randolph*

5     the choice, and I'm asking the Court to do the same thing.

6          THE COURT:  I know she did.  Thank you.

7          MR. OLIVER:  Thank you, your Honor.

8          THE COURT:  I want to make sure that the record is

9     clear with respect to a waiver that would be found here.

10          Mr. Oliver, the last sentence of footnote -- of the

11     first paragraph of footnote 6 from *Vilkhu* reads:  "Without the

12     option of a nominal damages award, if a plaintiff fails to

13     prove compensable injury proximately caused by defendant's

14     conduct, the plaintiff often loses both his case and the claim

15     for attorney's fees."

16          So you're waiving a finding for her on liability.

17          MR. OLIVER:  I'm not sure that's the case, your Honor,

18     but I don't think that the Court needs to decide that question

19     right now to decide whether it's OK for her to waive nominal

20     damages.  I actually disagree with that, and I have some

21     support for this.  I think, as I said, the jury could say yes

22     on one of the first two questions on the charge sheet, on the

23     verdict sheet, and then no to the third question.  And then

24     plaintiff will still --

25          THE COURT:  The second question is?

M6UHTar2

1          MR. OLIVER:  Has she proven compensable -- has she
2     proven any compensatory damages?
3          THE COURT:  So you're assuming a "yes" answer to two
4     of three things?
5          MR. OLIVER:  "Yes" to liability, "no" to compensatory
6     damages.
7          THE COURT:  Oh.
8          MR. OLIVER:  I think she still wins the case.  I just
9     don't think she wins damages, because damages are not an
10    element of a tort claim of assault and battery.
11         THE COURT:  All right.  Wins the case.
12         MR. OLIVER:  Wins the case meaning the judgment is for
13    her.  It's just she doesn't get any money.
14         THE COURT:  Right, a judgment showing liability.
15         MR. OLIVER:  But no damages, that's right.
16         THE COURT:  OK.
17         MR. OLIVER:  And Ms. Tardif accepts that.  She is
18    willing to accept that.  I've asked her.  She's nodding
19    vigorously.  And whatever assurances the Court might need on
20    the record about that waiver, we can certainly give the Court.
21    I put it in writing in my letter, and I'm prepared to affirm
22    them here.  I happen to disagree about, I think, that the
23    consequences would be a loss -- a technical loss for her of the
24    case.  Of course, attorney's fees aren't at issue in this case.
25         THE COURT:  We're not talking about that.

M6UHTar2

1          MR. OLIVER:  Right.  Understood.

2          THE COURT:  What support do you have for the first

3     part of your last sentence?

4          MR. OLIVER:  Sorry, your Honor, what was the first

5     part?

6          THE COURT:  What support do you have for the first

7     part of your last sentence?

8          MR. OLIVER:  I don't remember the first part of my

9     last sentence, I'm so sorry.

10          THE COURT:  OK.  That she is waiving the right to a

11     finding that -- the proposition has been put forward that she,

12     by not seeking a nominal damage charge, is waiving the right to

13     a finding of liability.

14          MR. OLIVER:  I don't think that's the case.

15          THE COURT:  Well, I know what you think, but do you

16     have support for that in the case law?

17          MR. OLIVER:  Sure, your Honor, because in the second

18     letter, reply letter that I submitted, I --

19          THE COURT:  Give me a moment to find it.

20          MR. OLIVER:  Yes, your Honor.

21          THE COURT:  If you'll go slowly, I don't have to have

22     it right in front of me now.

23          MR. OLIVER:  Yes.

24          THE COURT:  Although I think I do.  This is the

25     June 28?

M6UHTar2

1          MR. OLIVER:  It's June 29.  This was the middle of the

2     night --

3          THE COURT:  I have June 29.

4          MR. OLIVER:  On the second page, addressing a question

5     the Court posed in *Randolph* --

6          THE COURT:  Just a moment.

7          MR. OLIVER:  Yes, your Honor.  I have another copy of

8     this letter.

9          THE COURT:  I'm sorry.  I have it in front of me now.

10         MR. OLIVER:  Thank you, your Honor.

11         THE COURT:  Second page, and where do I look, line

12    what?

13         MR. OLIVER:  The second paragraph.

14         THE COURT:  OK.

15         MR. OLIVER:  Where I quote Judge Forrest.

16         THE COURT:  OK.  I'll read it.

17         I think we must be looking at a different copy.

18         MR. OLIVER:  May I quote briefly?

19         THE COURT:  Yes.

20         MR. OLIVER:  So in a case that defense counsel cited

21    in their opposition letter, I cited from in my reply letter,

22    the judge in that case, which is the *Wright* case --

23         THE COURT:  Go ahead.

24         MR. OLIVER:  W-r-i-g-h-t, Judge Forrest pointed out

25    that assault and battery do not require proof of actual

M6UHTar2

1  damages, and that the -- Judge Forrest quotes -- sorry, cites a

2  Second Circuit case, and the parenthetical that Judge Forrest

3  provides is noting that although evidence of injury is not

4  necessary to establish liability for assault and battery, such

5  evidence is required if the plaintiff is to sustain a claim for

6  compensatory damages caused by the assault and battery.

7         So if there's no proof of actual -- if there's a

8  liability finding "yes" to one of the first two boxes, but

9  there's no proof of actual injury, I think what happens is

10  there's a liability finding, and she gets a judgment for no

11  money.  It's just the judgment for liability.

12         THE COURT:  And you're saying that what you have as

13  support for that is a decision by Judge Forrest?

14         MR. OLIVER:  Citing a Second Circuit decision.  I also

15  have one other case.

16         THE COURT:  What was the holding of the Second

17  Circuit?

18         MR. OLIVER:  The parenthetical from Judge Forrest is

19  that although evidence of injury is not -- essentially that

20  evidence of injury is not necessary to establish liability.

21  So, in other words, if the jury finds liability but no proof of

22  injury that could be subject to a compensatory damages

23  calculation, there's still a finding of liability.  And I think

24  that's still a win technically.

25         The other case that I have, and I'll show it to you.

M6UHTar2

1              THE COURT:  Could you pause for a moment.

2              MR. OLIVER:  Of course, your Honor.  And I'll show

3      this case to opposing counsel.

4              THE COURT:  Just pause.

5              Mr. Oliver.

6              MR. OLIVER:  Yes, your Honor.

7              THE COURT:  The Second Circuit decision in 1977 in

8      *Mission v. Famous Music Corp.* is that if a plaintiff

9      establishes an assault, battery, or false arrest but does not

10     adduce any evidence of actual -- the fact finder must award

11     nominal damages.

12             MR. OLIVER:  Could I have the cite, your Honor,

13     because that's what -- sorry.

14             THE COURT:  Yes.

15             MR. OLIVER:  That may well be true, unless she's

16     waived the right to nominal damages.  Many of these cases use

17     that language, and it's because the issue comes up where

18     there's a question as to whether like a --

19             THE COURT:  Let's not --

20             MR. OLIVER:  Understood.

21             THE COURT:  You want to look it up?

22             MR. OLIVER:  I do.

23             THE COURT:  Look it up quickly, because the jury's

24     been waiting 20 minutes.

25             MR. OLIVER:  Of course, your Honor.

M6UHTar2

1          THE COURT:  The cite is 557 F.2d 918 at page 926.  I'm

2    sorry.  I'm sorry.

3          MR. OLIVER:  I'm sorry, your Honor.  I do know this

4    case, I think.

5          THE COURT:  Just one minute.

6          MR. OLIVER:  Yes.

7          THE COURT:  Mr. Oliver, you wanted to say something,

8    and then I want to say something.

9          MR. OLIVER:  Yes, your Honor.

10         THE COURT:  Go ahead.

11         MR. OLIVER:  I address this in the June 29 letter, the

12   *Contemporary Mission* case, the --

13         THE COURT:  A little slower for the court reporter.

14         MR. OLIVER:  There's no citation in the case law in

15   *Contemporary Mission* for the proposition that Judge Forrest

16   cites it for in *Wright*, although the proposition itself is

17   true.  A court must -- in other words, a jury must award

18   nominal damages unless the plaintiff has waived her right to

19   nominal damages.  So *Wright* doesn't address -- I'm sorry,

20   *Contemporary Mission* does not address that issue.  And it's

21   also, I would point out --

22         THE COURT:  I'm sorry.  Does she waive her right to a

23   verdict in her favor?

24         MR. OLIVER:  I don't think that's -- I don't think it

25   would be fair for the Court to make her do that.

M6UHTar2

1           THE COURT:  Well --

2           MR. OLIVER:  I don't think *Contemporary Mission*

3    says -- sorry, your Honor.

4           THE COURT:  Are you aware of an example of any New

5    York State decision in which there was a verdict for plaintiff

6    but the jury found no compensatory, no other damages?

7           MR. OLIVER:  *Nelson v. Town of Glenville*.

8           THE COURT:  OK.  If it's in your letter --

9           MR. OLIVER:  It's not.  I just found it this morning,

10   your Honor.  It just occurred to me that these questions might

11   come up.

12          THE COURT:  Go ahead.  *Nelson*.

13          MR. OLIVER:  I'm happy to hand it up, 220 A.D.2d 955.

14   I've underlined -- already given it to opposing counsel, and

15   I've underlined the relevant language.

16          THE COURT:  All right.  My clerk's about to hand it to

17   me.

18          MR. OLIVER:  Thank you, your Honor.  I do have one

19   other case.

20          THE COURT:  Please wait.

21          MR. OLIVER:  Yes, your Honor.

22          THE COURT:  Mr. Oliver.

23          MR. OLIVER:  Yes, your Honor.

24          THE COURT:  With respect to Judge Cote's decision, her

25   order allowed plaintiff to waive the request for an award of

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

M6UHTar2

1  nominal damages but explained that should the jury fail to

2  award compensatory damages, "a verdict in favor of defendants

3  shall be entered notwithstanding any jury finding of

4  liability."  That cuts against what you just said.  As in your

5  *Gatz* case, the jury imposed no damages but did find that Gatz

6  was battered.  Judgment was entered dismissing the complaint.

7  So those two cut against you.

8           MR. OLIVER:  Well, first of all, your Honor, Judge

9  Cote provides no authority for that --

10          THE COURT:  That's OK.  She's Judge Cote.

11          MR. OLIVER:  Of course, your Honor, I understand.  I'm

12  just saying she may have been wrong, and I happen to think she

13  was wrong in this case because there was no authority.

14          And just to be clear, your Honor, I disagree with the

15  Court.  We're having a legal argument about this, but

16  Ms. Tardif is prepared, if the Court determines -- disagrees

17  and determines that the consequence of her waiver of her right

18  to nominal damages is that at the end of the -- if the jury

19  does not find compensatory damages, there is a verdict for the

20  defendants, and she's potentially on the -- defendant, sorry,

21  and she's potentially on the hook --

22          THE COURT:  What is she waiving?

23          MR. OLIVER:  I'm sorry?

24          THE COURT:  Precisely what is she waiving?

25          MR. OLIVER:  Her right to recover between zero and one

M6UHTar2

1     dollar in nominal damages.

2              THE COURT:  She's not waiving her right to a finding

3     of liability?

4              MR. OLIVER:  That's right, your Honor.

5              THE COURT:  OK.  I disagree with you.  I'm going to

6     include a nominal damages charge.

7              MR. OLIVER:  I'm sorry, your Honor.  What I'm saying

8     is if the Court -- if the Court is deciding that the

9     consequence of the waiver would be that she loses the trial,

10    then I disagree with that, and I would like to lodge an

11    objection.  But she will -- she is still willing to waive her

12    right to nominal damages even if that is the consequence.  I

13    just would make an objection for the record and --

14             THE COURT:  Well, we need to know more than that.  I'm

15    going to stick with my decision, and I'd like to move on to any

16    other issue we need to take up.

17             MR. OLIVER:  When the Court says "we need to know more

18    than that," what more does the Court need to know from

19    Ms. Tardif?

20             THE COURT:  We need to know more on the law.

21             MR. OLIVER:  Which aspect?

22             THE COURT:  What she cares about, if there are no

23    compensatory damages or nominal, what she cares about is a

24    finding of liability, right?  Are you telling me she waives a

25    finding of liability?  I think your answer is --

M6UHTar2

1            MR. OLIVER:  My answer is no.

2            THE COURT:  You answered no at first and then yes

3       later.

4            MR. OLIVER:  The answer to that is no, your Honor.

5            THE COURT:  In light of that, I'm going to give a

6       charge on nominal damages.  If you want to argue further, you

7       can argue at the point where I come to that in the charge.

8            MR. OLIVER:  Thank you, your Honor.

9            THE COURT:  We're going to bring the jury in now.

10           MR. OLIVER:  Thank you, your Honor.

11           MS. FADDIS:  Your Honor.

12           THE COURT:  Yes.

13           MS. FADDIS:  The defendant still needs to make its

14      Rule 50 motion.

15           THE COURT:  OK.  You've made your Rule 50 motion.  I

16      have to admit that I haven't had time to read your submission.

17           MS. FADDIS:  We did not file one.  I apologize.  I

18      emailed chambers this morning, and given the other homework we

19      had, I was unable to put the summary in writing.  I can put it

20      on the record, if that's acceptable.

21           THE COURT:  This doesn't have to be done now.  Let's

22      bring the jury in.

23           MS. FADDIS:  Your Honor, I do anticipate that we know

24      how the Court is going to --

25           THE COURT:  I see, for opening -- for closing

M6UPTAR3

1    purpose of your closing statements.  Am I right that you do

2    need to know these for your closing statements, or do you not

3    need to?  And just take a few moments to think about it.

4            (Pause)

5            MR. REZVANI:  Plaintiff does not need the ruling.

6    Plaintiff can proceed.

7            MS. FADDIS:  Your Honor, we can proceed with

8    summations.

9            THE COURT:  Very good.  Then I'm reserving.  I'll want

10   briefing on it when you have the luxury of time.  Thank you.

11           All right.  We'll bring the jury -- I'm sorry, one

12   moment.

13           (Pause)

14           On nominal damages, as I understand counsels'

15   arguments, we have one example, that is one example of the

16   Second Circuit affirming a trial court's decision not to

17   instruct on nominal damages when a plaintiff asks for there to

18   be no instruction on nominal damages.  That's *Vilkhu*.  I don't

19   think we have examples of the Second Circuit ruling one way or

20   the other on the permissibility of a judge giving an

21   instruction on nominal damages over plaintiff's request not to

22   do so.  I'll let you think about that for a minute, and then

23   I'll ask you to give me your response.

24           If the precedent I should be relying on is *Vilkhu*, I

25   would omit anything on nominal damages.