## SIVIN, MILLER & ROCHE, LLP
**20 Vesey Street, Suite 1400**
**New York, NY  10007**
Phone:  212 349-0300
Fax:  212 406-9462

July 7, 2022

<u>Via ECF</u>

Hon. Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY  10601

      Re:  Stanbro v. Westchester County Health Care Corp., et al.
        19-cv-10857

       Stanbro v. C.O. Nadya Palou, et al.,
        20-cv-01591

Your Honor:

The undersigned represents plaintiff in the above consolidated actions.  I write to address certain issues that were raised today at the charge conference:

1.  <u>Nominal damages</u>:  Plaintiff's objection to a charge on nominal damages is twofold.  First, where, as here, there is no reasonable view of the evidence that would support a finding that plaintiff did not sustain any injury on August 31, 2018, a nominal damages charge is not appropriate.  *Atkins v. City of New York*, 143 F.3d 100, 103 (2d Cir. 1998); *Kerman v. City of N.Y.*, 374 F.3d 93, 124 (2d Cir. 2004).  Second, in those cases where proof of an actual injury is questionable, it is solely the plaintiff's decision whether to have the jury charged on nominal damages.  This is not a right of the defendant.  As stated by Judge Sifton in *Vilkhu v. City of N.Y.*, No. 06-CV-2095, 2009 U.S. Dist. LEXIS 16616, at *20-21 (E.D.N.Y. Mar. 2, 2009), *aff'd Vilkhu v. City of N.Y.*, 372 F. App'x 222 (2d Cir. 2010):

> In cases where the proof of plaintiff's injury is slim or contested, however -- and especially in cases where proof of the alleged constitutional violation hinges on the jury's determinations of witness credibility -- a nominal damages instruction affords the jury an opportunity to engage in improper compromise. In such cases, a plaintiff should be allowed to determine whether to seek both nominal and compensatory damages, or whether to remove the option of nominal damages from the jury's consideration and instead seek an outcome in his case based on his showing of proximately caused actual injury. To afford a defendant an equal right to a nominal damages charge in such a case would preclude a plaintiff from making this strategic choice.

Here, as in *Vilkhu*, plaintiff's "strategic choice," as is his right, is to forego the option of being awarded nominal damages. Accordingly, it would be improper to charge the jury with nominal damages over plaintiff's objection.

2. <u>The prior condition of plaintiff's neck</u>: Plaintiff requested that, in light of the absence of any medical testimony that the prior hanging incidents contributed in any manner to the current condition of plaintiff's neck, the jury be charged that it cannot speculate otherwise. The Court indicated that it does not intend to charge the jury in that manner. Therefore, given that defendants are proffering the argument that the current condition of plaintiff's neck may be due, in part, to a pre-existing condition of his neck, plaintiff requests that the Court give the jury the so-called "eggshell plaintiff" charge. That charge reads as follows:

> PJI 2:282. Damages—Personal Injury—Aggravation of Pre-existing injury
>
> If you find that before the August 31, 2018 incident plaintiff had a neck injury and further find that because of the August 31, 2018 incident this neck injury was aggravated so as to cause increased suffering and disability, then plaintiff is entitled to recover for any increased disability or pain resulting from such aggravation. He is not, however, entitled to recover for any physical ailment or disability which existed prior to the August 31, 2018 incident or for any injuries from which he may now be suffering which were not caused or contributed to by the August 31, 2018 incident. Plaintiff can recover only for damage caused by aggravation of the pre-existing condition, not the condition itself. Plaintiff should be compensated only to the extent that you find his condition was made words by defendants' conduct.

Failure to charge the jury pursuant to PJI 2:282 would improperly allow the jury to find, as apparently is defendants' intent, that the prior condition of plaintiff's neck permits defendants to avoid *any* liability for an aggravation of that preexisting condition.

3. <u>The nonproduction of the videotape</u>: Plaintiff withdraws his request for a jury charge on the nonproduction of the videotape of plaintiff's escort from the Fishkill infirmary to St. Luke's Hospital. However, plaintiff reserves the right to renew that request at the conclusion of all of the evidence.

4. <u>Deletion of the text messages</u>: An issue arose as to whether defendant Leonardo's deletion of text messages following his awareness that the District Attorney was investigating his involvement in the August 31, 2018 incident could be considered by the jury as a "consciousness of guilt" or, more accurately in the context of this civil lawsuit, a "consciousness of liability." The suggestion by defense counsel that this legal maxim is available only in the context of a criminal case is not accurate. *See, e.g., Harrington v. Sharff*, 305 F.2d 333, 338 (2d Cir. 1962) (noting that in a civil case "it was proper for the trial judge in this case to instruct the jury that if it found that the defendant left the scene of the accident hurriedly and silently, it could consider this as some evidence of an awareness of responsibility on his part.").

Very truly yours,

*Edward Sivin*

Edward Sivin

Cc: All parties (via ECF)