WERTHEIMER LLC

14 Wall Street<br>
Suite 1603<br>
New York, New York 10005<br>
*t: (646) 720-1098*<br>
joelwertheimer.com

August 2, 2023

<u>BY ECF</u>

Hon. Margo K. Brodie
Chief United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Andre Adams v. City of New York, et al.*, 19-cv-1662 (MKB)(RER)

Your Honor,

  Plaintiff writes regarding the two issues discussed at the close of the evidence. First, regarding nominal damages, not only is there no requirement that the Court charge on nominal damages, but in the posture of this case, it is impermissible to charge on nominal damages. In *Kerman v. City of New York*, 374 F.3d 93, 124 (2d. Cir 2004), the Court wrote that, where "the jury's verdict" had "plainly accepted the plaintiff's testimony" regarding the force in that case, the plaintiff was *entitled as a matter of law to some compensation*." *Id.* (*citing Wheatley v. Beetar*, 637 F.2d at 865, 863 (2d Cir. 1980). The Court then held that "it was error to charge the jury that an award of nominal damages was permissible and an abuse of discretion not to set [such an award] aside." *Id.* (quoting *Wheatley*, 637 at 863.). Moreover, a nominal damages charge is for the Plaintiff's benefit, not Defendants' and Plaintiff does not want such an instruction. See *Vilkhu v. City of New York*, 06 Civ. 2095, 2009 WL 537495, at *5 (E.D.N.Y. Mar. 2, 2009), *aff'd* 372 F. App'x. 222 (2d Cir. Apr. 21, 2010)

  Here, if the jury credits Mr. Adams's testimony that he did not have marijuana and that he did not intentionally lunge himself down the stairs, then he is entitled to compensatory damages. Moreover, there is no dispute based upon the testimony of the officers that Mr. Adams would have been released and not charged with assaulting an officer as Kisoon Adams and David Thompson were. As the Plaintiff

spent 24 hours at the Brooklyn House of Detention as a result of the charges, there's no dispute that he lost significant liberty if the jury agrees the Plaintiff has proved his claims.

Second, in regard to Officer Lupardo's personal involvement with the fabrication of evidence of claim, Plaintiff's proposed jury instructions state as follows: "Defendants Craig Lupardo and Daniel Delpino are potentially liable for fabricating evidence regarding assault, obstructing governmental administration, and resisting arrest." Dkt. No. 103 at 3. Plaintiff's proposed jury instructions further state, "Defendant Lupardo knew [Defendants Quigley and Delpino] each was fabricating evidence against Mr. Adams by reporting false information to prosecutors or omitting material information in the report to prosecutors."

Fabrication of evidence requires a showing that "an (1)investigating official (2) fabricat[ed] information (3) that is likely to influence a jury's verdict, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of life, liberty, or property as a result." *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 279 (2d Cir. 2016). And as this Court has acknowledged, "[f]abrication of evidence by omission is one way to establish a fabrication of evidence claim." *Davenport v. City of New York*, 2017 U.S. Dist. LEXIS 160412 at *50-51 (E.D.N.Y. 2017) (Brodie, J.).

The evidence entered into the record at trial, and the testimony at trial, supports Plaintiff's fabrication of evidence claim against Officer Lupardo. Officer Lupardo testified that after processing Andre Adams's arrest, he met with an Assistant District Attorney that night and provided the "information that [was] ultimately put" into the Criminal Court Complaint and Supporting Depositions. *See* Transcript of Trial Proceedings from August 1, 2023 at 204:11-205:15; Plaintiff's Ex. 2.

Officer Lupardo signed one of the Supporting Depositions for the Criminal Court Complaint against Andre Adams, which listed charges against Andre Adams including the following: "Assault 2nd degree; Assault in the third degree; Resisting Arrest; [and] Obstructing Governmental Administration 2nd degree." *See* Plaintiff's Ex. 2. The deposition states, "false statements made herein are punishable as a class A misdemeanor pursuant to section 210.45 of the Penal Law," sworn and signed by Officer Delpino on March 22, 2018. *Id*. The deposition states that Officer Lupardo was informed by Officer Delpino that Andre Adams "intentionally lunged his body down the stairs, causing informant to fall down the stairs." *Id*. During trial, Mr. Lupardo clarified that the information in the deposition also includes his recollection:

> Q. And as you mentioned, you observed the fall, is that right?
> A. Yes.
> Q. So this information includes your recollection as well, is that right?
> A. Yes.
> Q. And this does not state that Andre Adams took a step back

>before these events, is that right?
>A. Yes.
>Q. It does not state that Andre Adams nudged his shoulder towards Officer Delpino, is that right?
>A. I think the word lunged could go to the shoulder lunge – shoulder nudge, but...
>Q. Okay. But the word nudge, nudging of his shoulder, don't appear on this page, is that right?
>A. Correct.
>Q. And this also does not state that Andre Adams stuck his foot out and tripped Officer Delpino, is that right?
>A. Correct.

*See* Transcript of Trial Proceedings from August 1, 2023, at 208:7-209:7. Officer Lupardo also observed the fall down the stairs and omitted material information, rendering the Criminal Court Complaint inaccurate. As such, he was personally involved in the fabrication of evidence against Mr. Adams.

Very truly yours,

*Joel Wertheimer*

Joel Wertheimer