UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------
MARK KUSHNEIR,

                       Plaintiff,

   -v-

JOSEPH ESPOSITO, et al.,

                       Defendants.
------------------------------------------------------------------

MEMORANDUM OF LAW
IN SUPPORT OF MOTION
FOR RECONSIDERATION

14-cv-09148(JLR)(BCM)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION**

Gideon Orion Oliver
Co-Counsel for Plaintiff
Gideon@GideonLaw.com
718-783-3682 x 5
277 Broadway, Suite 1501
New York, NY  10007

**TABLE OF CONTENTS**

**PRELIMINARY STATEMENT**……………………………………………………....……...1

**STATEMENT OF FACTS**……………………………………………………………………1

**ARGUMENT**……………………………………………………………………………..5

    **I.**      **Standard of review**………………………………………………………………5

    **II.**     **Because Plaintiff suffered significant losses of liberty in connection with both Plaintiff's false arrest, and his fair trial rights, claims, nominal damages are not appropriate in this case as a matter of law, and the Court should not instruct the jury as to nominal damages**……………………………………….6

    **III.**    **The Court should not instruct the jury as to nominal damages where Plaintiff has waived his rights to seek nominal damages**……………………8

**CONCLUSION**……………………………………………………………………………10

i

## **TABLE OF AUTHORITIES**

**CASES**

*Atkins v. City of New York,* 143 F.3d 100 (2nd Cir. 1998)……………………………………..7

*Kerman v. City of New York*, 374 F.3d 93 (2nd Cir. 2004)…………………………………6-7, 9

*Marom v City of NY*, No. 15-cv-2017 (PKC), 2016 US Dist LEXIS 140720
 (SDNY July 29, 2016)……………………………………………………………...…5

*Morse v. Fusto*, No. 07-CV-4793, 2013 U.S. Dist. LEXIS 123823, 2013 WL 4647603,
 at *22 (E.D.N.Y. Aug. 29, 2013), *aff'd*, 804 F.3d 538 (2d Cir. 2015)………………….7

*Nnodimele v Derienzo*, No. 13-CV-3461 (ARR)(RLM)., 2016 US Dist LEXIS 83357
 (EDNY June 27, 2016)…………………………………………………………………...7

*Randolph v. Metropolitan Transp. Auth.*, No. 17 Civ. 1433 (DLC),
 2019 U.S. Dist. LEXIS 62148 (SDNY Apr. 11, 2019)……………….……………*passim*

*Vilkhu v. City of New York*, No. 06-cv-2095 (CPS)(JO), 2009 US Dist. LEXIS 16616
 (EDNY Mar. 2, 2009), *aff'd*, 372. F.App'x. 222 (2nd Cir. Apr. 21, 2010)
 (Summary Order)……………………………………………………………….*passim*

**RULES**

Fed.R.Civ.P. 60(b)…………………………………………………………………….…..1, 5

Local Civil Rule 6.3…………………………………………………………………………1

**PRELIMINARY STATEMENT**

Plaintiff Mark Kushneir respectfully submits this Memorandum of Law, along with the accompanying January 29, 2024 Declaration of Gideon Orion Oliver (the "Oliver Decl") and the exhibits thereto, in support of his motion to reconsider the Court's December 13, 2023 determination to charge the jury as to nominal damages. Plaintiff makes the motion consistent with and mindful of the requirements of Fed.R.Civ.P. 60(b) and Local Civil Rule 6.3.

**STATEMENT OF FACTS**

On November 17, 2011, NYPD members, including the individual Defendants in this case, Joseph Esposito and Michael Maldonado, arrested Mr. Kushneir during an Occupy Wall Street ("OWS") demonstration. NYPD members then detained Mr. Kushneir for approximately twelve hours before releasing him with a Desk Appearance Ticket ("DAT") requiring him to appear in New York City Criminal Court on January 25, 2012. When Mr. Kushneir appeared, the Office of the District Attorney of New York County ("DANY") charged him with, and he was arraigned on, one count of Disorderly Conduct under New York Penal Law ("PL") Section 240.20. After Mr. Kushneir's arraignment on January 25, 2012, the New York City Criminal Court released him on his own recognizance pursuant to New York's Criminal Procedure Law ("CPL"), requiring him to remain subject to the orders and processes of the Court, and to make his next appearance in the case on March 12, 2012. When Mr. Kushneir appeared in New York City Criminal Court on that date, DANY offered Mr. Kushneir, and Mr. Kushneir accepted, an Adjournment in Contemplation of Dismissal ("ACD") pursuant to the CPL, by operation of which the charges and case remained open for six months – until October 2012 - and were dismissed and sealed after that time period, since Mr. Kushneir remained arrest-free. As is

1

relevant here, Mr. Kushneir's remaining federal claims are for false arrest and fair trial rights violations against the Individual Defendants as well as Defendant City of New York.

On April 27, 2023, Plaintiff made an *in limine* application asking that the Court not give the jury a nominal damages instruction. *See* ECF 187 pp. 5-6 (Oliver Decl. Ex. 1). Plaintiff did not state, or concede, that nominal damages would be in appropriate in this case. However, that was not the focus of the application. Rather, the focus of the application was Plaintiff's election not to pursue nominal damages (and related request that the Court not charge the jury as to nominal damages). On that point, Plaintiff argued that the Court should not instruct the jury as to nominal damages on that basis. Plaintiff pointed out that "[a] nominal damages charge is available to plaintiffs, for their benefit" and that "Defendants do not have a **right** to require a plaintiff to pursue nominal damages, or to a jury charge on nominal damages, over a plaintiff's objection." Ex. 1 pp. 5-6, citing *Vilkhu v. City of New York*, No. 06-cv-2095 (CPS)(JO), 2009 US Dist. LEXIS 16616 (EDNY Mar. 2, 2009), *aff'd*, 372. F.App'x. 222 (2nd Cir. Apr. 21, 2010) (Summary Order).

Defendants opposed Plaintiff's *in limine* application as to nominal damages, asking the Court to give a nominal damages instruction over Plaintiff's objection. *See* ECF 199 pp. 2-3 (Oliver Decl. Ex. 2). Defendants cited *Randolph v. Metropolitan Transp. Auth.*, No. 17 Civ. 1433 (DLC), 2019 U.S. Dist. LEXIS 62148 (SDNY Apr. 11, 2019) in support of their arguments that, "without a nominal damage charge, a jury may be more likely to compromise and make an award of compensatory damages where none had been sufficiently proven." *See* Oliver Decl. Ex. 2, citing *Randolph* at *28-29. Defendants also argued that "Plaintiff's reliance on the Second Circuit's decision in *Vilkhu* is overstated" because "the District Court articulated multiple grounds for denying a post-trial motion based on the failure to delivery [sic] a nominal damages

2

charge and the Circuit upheld that decision 'for substantially the same reasons,' without articulating any controlling decision or reasoning on this issue." Oliver Decl. Ex. 2 p. 2. Finally, as is relevant here, Defendants argued that, "without a nominal damage charge, a jury may be more likely to compromise an make an award of compensatory damages where none had been sufficiently proven" and effectively 'force[] them wrongly to conclude that they [have] to make an award of compensatory damages even when the evidence [does] not warrant one.'" *Id.*, quoting *Randolph* at *28-29.

On December 13, 2023, the Court invited, and briefly heard, argument on the nominal damages aspect of the *in limine* motions. *See* Oliver Decl. Ex. 3 ("Tr."). Plaintiff's counsel pointed out that, at the last trial in which we had opposed each other, the same issue had come up in front of Judge Wood, and Judge Wood did not give a nominal damages instruction. Tr. p. 68.

When the Court asked Plaintiff's counsel whether it was our "position that nominal damages are appropriate in this case" but we are just "strategically choosing not to request" them, Plaintiff's counsel did not agree that they were appropriate in this case, but agreed Plaintiff was choosing not to pursue nominal damages. Tr. p. 68.

Defense counsel pointed out that Defendants have had cases on the other side where the courts have given a nominal damage instruction over Plaintiff's objection, although no case came immediately to counsel's mind. Tr. p. 69.

After hearing from the parties, the Court determined to give a nominal damages charge. Tr. pp. 69-72. Explaining its reasoning, the Court said nominal damages *must* be awarded if a "'jury finds that a constitutional violation has been proven but that the plaintiff has not shown injury sufficient to warrant award of compensatory damages.'" Tr. p. 70 (citation omitted). In coming to that conclusion, the Court noted that "plaintiff is not arguing that nominal damages

3

cannot be awarded for false arrest or for the false arrest here" – which, as seen below, Plaintiff does not concede – and summarized Plaintiff's argument "that he should have the strategic choice to take it off the table and take off the table the jury's option toward such damages so that it is discouraged from compromising with its verdict." *Id.*

The Court then held: "[o]mitting a nominal damages charge if the jury finds that plaintiff has not suffered compensable damages in order to steer the jury away from an award of nominal damages, as plaintiff seems to be suggesting, would be misleading to the jury as to the state of the law." *Id.* at 71. The only authority the Court cited for its conclusion that instructing the jury on nominal damages would be misleading to the jury is a section in *Randolph* in which Judge Cote theorized that "[i]f the nominal damages charge had been given" in that case, "it may have given the jury a false signal regarding the impact of their verdict on a plaintiff's rights and forced them wrongly to conclude that they had to make an award of compensatory damages even when the evidence did not warrant one." 2019 U.S. Dist. LEXIS 62148, at *29.

As to the Second Circuit's decision in *Vilkhu* summarily affirming the District Court for "substantially the reasons" in the District Court's decision, the Court ruled that it was "not persuaded by plaintiff's reliance on- and sole reliance on—*Vilkhu* […] for the proposition that plaintiff can strategically elect to remove the option of nominal damages from the jury's consideration to avoid the risk of a compromised verdict by the jury" and its ruling that "insofar as *Vilkhu* stands for such a proposition" the Court "disagree[s] with it." Tr. at 69-70. The Court further held that the Second Circuits' decision "does not provide contrary guidance because the district court presented multiple grounds in support of rejecting the objection for failure to present a nominal damages charge, including that the defendants were not prejudiced by the missing instruction, given the high actual damages awarded." Tr. at 71-72.

4

After considering the Court's ruling, Plaintiff determined to move to reconsider, and consulted with opposing counsel. The parties agreed on a motion schedule, proposed it to the Court, and the Court accepted it. *See* ECF 223.

Accordingly, Plaintiff now makes this motion for reconsideration of this Court's December 13, 2023 determination to charge the jury as to nominal damages, over Plaintiff's objections, although Plaintiff has elected to forego his rights to seek nominal damages.

In support of this motion, Plaintiff has provided the Court with the letter-briefing (*see* Oliver Decl. Exs. 4-6) as well as the transcript of the extensive related oral argument (Oliver Decl. Ex. 7, the "*Tardif* Tr.") in the *Tardif* matter related to nominal damages, which Plaintiff's counsel referred to at the December 13, 2023 argument. As the Court will see, both parties made many of the same arguments they have made before this Court first in the *Tardif* matter, including about both the *Vilkhu* and *Randolph* cases, and, after the extensive argument documented in the transcript (Oliver Decl. Ex. 7), determined not to give a nominal damages charge. Plaintiff has also provided several other examples of cases in which trial courts in the Southern and Eastern Districts have recently also determined not to give nominal damages charges where Plaintiffs have made objections similar to those Plaintiff has advanced in this matter. *See* Oliver Decl. ¶¶ 11-17, Exs. 8-12.

## ARGUMENT

**I.      Standard of review.**

A district court may grant relief from an order pursuant to Rule 60(b), Fed. R. Civ. P., if certain grounds are shown. For example, if there was "mistake, inadvertence, surprise, or excusable neglect" or if there is "any other reason that justifies relief." Rule 60(b). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." ... "A motion for reconsideration should be granted only when the defendant

5

    identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." ...

*Marom v City of NY*, No. 15-cv-2017 (PKC), 2016 US Dist LEXIS 140720, at *2 (SDNY July 29, 2016) (internal citations omitted).

    II.    **Because Plaintiff suffered significant losses of liberty in connection with both Plaintiff's false arrest, and his fair trial rights, claims, nominal damages are not appropriate in this case as a matter of law, and the Court should not instruct the jury as to nominal damages.**

Given the liberty deprivations at issue, nominal damages are not appropriate on the claims remaining in this case as a matter of law. If Plaintiff proves liability on either his false arrest or fair trial rights claims, there can be no question he will have proven that he was subject to significant losses of liberty. Under the facts of this case, if the jury finds one or more Defendants liable for making an arrest without probable cause and/or forwarding materially false information to prosecutors, thus unlawfully depriving Plaintiff of his liberty, no reasonable jury could conclude that Plaintiff did not suffer compensatory – as opposed to nominal – damages. *See, e.g., Kerman v. City of New York*, 374 F.3d 93, 124 (2nd Cir. 2004). Notably, the liberty deprivation at issue in *Kerman* was around 10 hours. *See* 374 F.3d at 128.

In *Kerman*, the Second Circuit held that, "where the jury has found a constitutional violation and there is no genuine dispute that the violation resulted in some injury to the plaintiff, the plaintiff is entitled to an award of compensatory damages as a matter of law." 374 F.3d at 124 (citing cases). The *Kerman* Court reasoned that, "where the plaintiff was indisputably deprived of his liberty, and the conduct of the defendant responsible for the deprivation was found to be unlawful, we have held that the plaintiff is entitled to compensatory, not merely nominal, damages." *Id.* This is so, the Court explained, because "[t]he damages recoverable for loss of liberty for the period spent in a wrongful confinement are separable from damages

6

recoverable for such injuries as physical harm, embarrassment, and emotional suffering; [and] even absent such other injuries, an award of several thousand dollars may be appropriate simply for several hours' loss of liberty." *Id*. at 125-26.

"A § 1983 plaintiff is entitled to nominal damages only in the absence of proof of actual injury." *Atkins v. City of New York,* 143 F.3d 100, 103 (2nd Cir. 1998). The losses of liberty at issue in this case are unquestionably "actual injury" such that compensatory – not nominal – damages are not only appropriate, but required. In other words, if Plaintiff proves his false arrest or his fair trial rights claims, he will also have proven loss (or losses) of liberty sufficient to require compensatory, not nominal, damages, as a matter of law. *See, e.g., Kerman*, 374 F.3d at 124-26; *see also, e.g., Nnodimele v Derienzo*, No. 13-CV-3461 (ARR)(RLM)., 2016 US Dist LEXIS 83357, at *27-29 (EDNY June 27, 2016) (refusing Defendants' request to include a nominal damages charge because no reasonable jury could not find Defendants liable on fair trial rights claim and refuse to award compensatory damages) (citing *Morse v. Fusto*, No. 07-CV-4793, 2013 U.S. Dist. LEXIS 123823, 2013 WL 4647603, at *22 (E.D.N.Y. Aug. 29, 2013), *aff'd*, 804 F.3d 538 (2d Cir. 2015) ("finding no error in decision to remove nominal damages charge from jury instruction on evidence fabrication claim because the claim itself requires plaintiff to show deprivation of liberty caused by the evidence fabrication and therefore leaves no room for situation contemplated by nominal damages charge") and *Kerman*).

Because nominal damages are not appropriate in this case as a matter of law, instructing the jury as to nominal damages would be misleading the jury as to the state of the law. The Court should therefore decline to instruct the jury as to nominal damages for that reason.

### III.  The Court should not instruct the jury as to nominal damages where Plaintiff has waived his rights to seek nominal damages.

7

The Court should reconsider its rejections of the District Court's and Second Circuit's decisions in *Vilkhu* and *Vilkhu*'s central holdings that nominal damages are available to and for the benefit of plaintiffs, and that plaintiffs to whom nominal damages are available can elect to waive their rights to pursue them. As the Court rightly noted at the December 13, 2023 appearance, where a jury finds there has been a constitutional violation, but a plaintiff has not proven sufficient injury to warrant compensatory damages, the jury *must* award nominal damages. *See* Tr. p. 70. However, that is only the case *unless the plaintiff has waived their rights to nominal damages*. Where a plaintiff has waived their rights to nominal damages, the Court should not stand in the way of their decision (and their right) to do so.

Relatedly, the Court should also reconsider relying on *Randolph* over and in opposition to *Vilkhu* on this point. First, even assuming *Randolph* is correctly decided – which, as seen in the *Tardif* transcript (Oliver Decl. Ex. 7) and below, it was not - it is distinguishable on the facts because the loss of liberty involved was extremely limited: *Randolph* involved a one-hour detention. *See, e.g., Randolph,* 2019 U.S. Dist. LEXIS 62148, at *26. Beyond that, in *Randolph*, the Plaintiff had at first objected to including a nominal damages charge, asking to have "the strategic choice of waiving a nominal-damages [sic] charge in this case in a pre-trial letter-brief citing *Morse v. Fusto* and *Vilkhu*. *See Randolph* ECF 85. Judge Cote agreed with the plaintiff – and *Vilkhu* - that "plaintiff may waive nominal damages if he chooses, with the following consequences…if the plaintiff wishes to waive nominal damages at trial, and if the jury does not award the plaintiff any compensatory damages, a verdict in favor of the defendants shall be entered notwithstanding any jury finding of liability." October 8, 2015 *Randolph* minute entry. Then, "[g]iven that choice, plaintiff elected to include the nominal damages charge. He …

8

pointed to no authority to suggest that giving a plaintiff that option violated the law." *Randolph*, 2019 US Dist. LEXIS 62148, at *28.

Judge Cote's decision in *Randolph* thus came in the context of a case in which the Plaintiff, who had been detained for around an hour, had refused to accept what the Court viewed as the consequences of waiving a nominal damages charge, namely, that the plaintiff might not prevail on the claim as a result of the waiver, in certain circumstances. Judge Cote distinguished the 10-hour detention in *Kerman* – which is, of course, *shorter than* the 12-hour pre-arraignment liberty deprivation at issue here (not taking into account the further, significant arraignment and post-arraignment liberty deprivations related to the criminal proceedings, which were pending through October of 2012) – from the around one-hour detention at issue in *Randolph*. *See Randolph*, 2019 US Dist. LEXIS 62148, at *26. And, beyond that, Judge Cote gave Mr. Randolph the choice to forego nominal damages – with certain consequences – and he rejected the Court's offer. Your Honor should not foreclose Mr. Kushneir from the same choice.

Additionally in this connection, Plaintiff respectfully refers this Court to the parties' letter-briefs, and oral argument, in the *Tardif* matter (Oliver Decl. Exs. 4-7), in which the same counsel arguing and trying this case before the Court made more extensive arguments about nominal damages, and, although the Court initially determined to charge the jury as to nominal damages, upon further consideration, the Court ultimately did not give the jury such an instruction. In *Tardif*, Judge Wood assured herself that the Plaintiff was willing to accept an outcome in which the jury might find for Ms. Tardif on liability, but determine she had proven entitlement to $0 in compensatory damages, and Plaintiff accepted those terms. Although the Court at first – and several times – held that it would give a nominal damages charge, upon due

consideration, including – and especially - of *Vilkhu* and *Randolph,* Judge Wood determined not to charge the jury as to nominal damages.

Plaintiff respectfully requests that the Court reconsider its determination to charge the jury on nominal damages over Plaintiff's objection, where – unlike in *Randolph*, and like in *Tardif* – Plaintiff has waived her rights to any nominal damages she might be entitled to. If the Court rejects Plaintiff's arguments above that nominal damages are wholly inappropriate as a matter of law, Plaintiff respectfully asks that the Court give Plaintiff the same choice Judge Cote gave the Plaintiff in *Randolph,* that Judge Wood gave the Plaintiff in *Tardif*, and that other judges have given other plaintiffs in other, similar circumstances.

## CONCLUSION

WHEREFORE, Plaintiff respectfully prays that the Court will reconsider its December 13, 2023 determination to charge the jury on nominal damages, and decide instead not to instruct the jury as to nominal damages in this matter, and/or grant such other and further relief as the Court deems just and proper.

DATED:    Brooklyn, New York
          January 29, 2024

/S/
_____
Gideon Orion Oliver
Co-Counsel for Plaintiff
Gideon@GideonLaw.com
718-783-3682 x 5
277 Broadway, Suite 1501
New York, NY  10007

10