Docket No. 14 Civ. 9148 (JLR)(BCM)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK KUSHNEIR,

                              Plaintiff,

-against-

THE CITY OF NEW YORK, CHIEF OF DEPARTMENT JOSEPH ESPOSITO, and OFFICER MICHAEL MALDONADO,

                              Defendants.

**MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S
MOTION FOR RECONSIDERATION**

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the City of New York
  *Attorney for Defendants*
  100 Church Street
  New York, N.Y.  10007
  Of Counsel:  Hannah V. Faddis

  Tel:  (212) 356-2486

# TABLE OF CONTENTS

**TABLE OF CONTENTS** ................................................................................................................I

**ARGUMENT**..................................................................................................................................1

**POINT I** ..........................................................................................................................................1

    PLAINTIFF HAS NOT ESTABLISHED HE IS ENTITLED TO RECONSIDERATION OF THE COURT'S RULING ON NOMINAL DAMAGES ............................................................1

**POINT II**..........................................................................................................................................

    A NOMINAL DAMAGES CHARGE IS NOT PRECLUDED BY *KERMAN*..........................2

**POINT III** .......................................................................................................................................4

    *VILKHU* DOES NOT PERMIT PLAINTIFF TO UNILATERALLY WAIVE A NOMINAL DAMAGES CHARGE ................................................................................................................4

**CONCLUSION** ..............................................................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Aponte v. Perez,
   75 F.4th 49 (2d Cir. 2023) ...................................................................................................3

Brooker v. State,
   206 A.D.2d 712, 614 N.Y.S.2d 640 (N.Y. App. Div. 3d Dept. 1994) ......................................5

Carey v. Piphus,
   435 U.S. 247 (1978) ................................................................................................................4, 5

Dreni v. PrinterOn Am. Corp.,
   No. 18 Civ. 12017 (MKV), 2021 U.S. Dist. LEXIS 169158 (S.D.N.Y. Sep. 3,
   2021) .......................................................................................................................................1

Farrar v. Hobby,
   506 U.S. 103 (1992) ..............................................................................................................4, 5

Gibeau v Nellis,
   18 F3d 107 (2d Cir. 1994) ......................................................................................................3

Kerman v. City of New York,
   374 F.3d 93 (2d Cir. 2004) .................................................................................................2, 3

Koger v. Richardson,
   858 F. App'x 425 (2d Cir. 2021) ...........................................................................................1

Pemberton v. City of New York, et al.,
   18 Civ. 7908 ............................................................................................................................5

Randolph v. Metro. Transp. Auth.,
   No. 17 Civ. 1433 (DLC), 2019 U.S. Dist. LEXIS 62148 (SDNY Apr. 11,
   2019) ...................................................................................................................................4, 5

Rentas v. Ruffin,
   816 F.3d 214 (2d Cir. 2016) ..................................................................................................3

Shrader v. CSX Transp., Inc.,
   70 F.3d 255 (2d Cir. 1995) ....................................................................................................1

Vilkhu v. City of N.Y., et al.,
   372 Fed. Appx. 222 (2d Cir. 2010) .......................................................................................4

Women's Integrated Network, Inc. v. U.S. Specialty Ins. Co.,
   No. 08 Civ. 10518, 2011 U.S. Dist. LEXIS 36364 (S.D.N.Y. Apr. 4, 2011),
   aff'd, 495 F. App'x 129 (2d Cir. 2012)..................................................................................1

**Statutes**

42 U.S.C. § 1988...........................................................................................................................4, 5

## ARGUMENT

### POINT I

### PLAINTIFF HAS NOT ESTABLISHED HE IS ENTITLED TO RECONSIDERATION OF THE COURT'S RULING ON NOMINAL DAMAGES

Local Rule 6.3 of the Southern District of New York requires a party seeking reconsideration to "set[] forth concisely the matters of controlling decisions which counsel believes the court has overlooked." The movant must "point to controlling decisions or data that the court overlooked…that might reasonably be expected to alter the conclusion reached by the Court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257; Koger v. Richardson, 858 F. App'x 425, 427 (2d Cir. 2021) ("[b]ecause the plaintiffs sought reconsideration based on issued already determined by the district court, the district court did not abuse its discretion by denying the motion").

The mere fact that plaintiff disagrees with the ruling of the Court does not amount to error, and it is improper for plaintiff to seek to relitigate this issue via this motion for reconsideration. See, e.g, Dreni v. PrinterOn Am. Corp., No. 18 Civ. 12017 (MKV), 2021 U.S. Dist. LEXIS 169158, at *14 (S.D.N.Y. Sep. 3, 2021) ("[a] motion for reconsideration is not a proper tool for a party dissatisfied with the court's ruling to merely relitigate issues previously determined by the court or reargue the same points that were previously raised and rejected.") (internal quotation omitted)) see also, Women's Integrated Network, Inc. v. U.S. Specialty Ins. Co., No. 08 Civ. 10518, 2011 U.S. Dist. LEXIS 36364, at *2 (S.D.N.Y. Apr. 4, 2011) ("[t]he

1

Court will not re-litigate the merits of the underlying dispute on a motion for reconsideration."), aff'd, 495 F. App'x 129 (2d Cir. 2012)).

It is clear that plaintiff is merely attempting to relitigate this issue, as he has failed to raise any issue of fact or law which was not, or could not have been, presented to the Court previously. Accordingly, plaintiff's motion should be denied.

### POINT II

#### A NOMINAL DAMAGES CHARGE IS NOT PRECLUDED BY *KERMAN*

Plaintiff overstates the holding of Kerman v. City of New York, 374 F.3d 93 (2d Cir. 2004). The Court in Kerman held that "where the jury has found a constitutional violation and there is no genuine dispute that the violation resulted in some injury to the plaintiff, the plaintiff is entitled to an award of compensatory damages as a matter of law." Id., 374 F.3d at 124. However, the issue in Kerman was that the jury "was not instructed that Kerman was entitled to compensatory damages for his loss of liberty." Id., 374 F.3d at 94. Indeed, the phrasing of the Kerman decision suggests that compensatory damages are permissible, not mandatory, for a deprivation of liberty. For example, in discussing relevant Second Circuit precedent, the Court noted, "we stated that the court should have made it clear to the jury that it could award monetary damages—the amount necessarily arbitrary and unprovable—for the intangibles which we have referred to above[.]" Id. 374 F.3d at 102 (citing Raysor v. Port Authority of New York and New Jersey, 768 F.2d 34, 39 (2d Cir. 1985). Even the portions of Kerman cited by the plaintiff support the view that the determination of an appropriate measure of damages is a question of fact for the jury, "an award of several thousand dollars *may* be appropriate simply for several hours' loss of liberty." Id., 374 F.3d at 125 (emphasis added).

Thus, an award of compensatory damages is not mandatory simply because a plaintiff establishes that he has suffered a deprivation of liberty.

The Court in Kerman reiterated the applicability of traditional tort principles, in holding that, "it is the province of the jury to determine whether the plaintiff's injury resulting from a demonstrated loss of liberty was serious or nonserious and, if serious, to determine what compensation should be awarded." Id., 374 F.3d at 132. Thus, whether to award compensatory damages—even where a loss of liberty has been established—remains a question of fact for the jury. Accordingly, the jury should be instructed on the availability of nominal damages in the absence of sufficient proof that the plaintiff is entitled to compensatory damages.

Similarly, the Second Circuit has explicitly held that, "[w]hen a defendant has deprived the plaintiff of liberty, but the adverse action would have been taken even in the absence of the wrongful conduct, the plaintiff is entitled only to nominal damages." Aponte v. Perez, 75 F.4th 49, 57 (2d Cir. 2023) (citing Vincent at 151); see also Rentas v. Ruffin, 816 F.3d 214, 223 (2d Cir. 2016). Thus, again, the question of whether the plaintiff is entitled to compensatory damages as a result of a particular defendant's conduct remains a question of fact for the jury.

Courts in this District continue to give nominal damages charges in cases with alleged deprivations of liberty. For example, in Pemberton v. City of New York, et al., 18 Civ. 7908 (LGS), Judge Schofield issued a nominal damages charge in a false arrest case, citing Vincent v. Annucci, 63 F.4th 145, 151 (2d Cir. 2023) ("[A] plaintiff seeking compensatory damages in a § 1983 suit must prove more than just a deprivation of his rights; he must also establish that the deprivation caused him some actual injury. If he cannot marshal that proof, he is at most entitled to collect nominal damages.") Indeed, this Court delivered a nominal damages

3

charge in a false arrest case only last year.  See Columna v. City of New York, et al., 19 Civ. 3801 (JLR) (ECF No. 208).

For the foregoing reasons, plaintiff's motion should be denied.

## POINT III

### *VILKHU* DOES NOT PERMIT PLAINTIFF TO UNILATERALLY WAIVE A NOMINAL DAMAGES CHARGE

The Court should charge the jury on nominal damages. It is well-settled that nominal damages must be awarded where a plaintiff prevails on a claim for violation of a substantive constitutional right, but has not proven any compensatory damages.  See, Gibeau v Nellis, 18 F3d 107, 110 (2d Cir. 1994) (citing Smith v. Coughlin, 748 F.2d 783, 789 (2d Cir. 1984)); see also, Carey v. Piphus, 435 U.S. 247, 267 (1978).  Plaintiff's contention that it is the plaintiff's sole right to waive a nominal damages charge lacks foundation and his reliance on the Second Circuit's decision in Vilkhu is overstated.  In Vilkhu, the District Court articulated multiple grounds for denying a post-trial motion based on the failure to deliver a nominal damages charge and the Circuit upheld that decision "for substantially the same reasons," without articulating any controlling decision or reasoning on this issue.  See, Vilkhu v. City of N.Y., et al., 372 Fed. Appx. 222, 223 (2d Cir. 2010).

While plaintiff contends that offering a nominal damages charge could invite jury compromise, he cites to no case where this has arguably occurred.  Indeed, the omission of a nominal damages charge does not solely impact the plaintiff.  As Judge Cote has noted, omitting a nominal damages charge on request of the plaintiff could give "the jury a false signal regarding the impact of their verdict on a plaintiff's rights and force[] them wrongly to conclude that they [have] to make an award of compensatory damages even when the evidence [does] not warrant

4

one." Randolph v. Metro. Transp. Auth., No. 17 Civ. 1433 (DLC), 2019 U.S. Dist. LEXIS 62148, at *28-29 (SDNY Apr. 11, 2019). Thus, defendants believe it is appropriate to charge the jury on nominal damages.

Moreover, the benefit of inviting a compromise compensatory award would seem to flow to counsel rather than the plaintiff. A nominal verdict might not entitle the plaintiff—or his counsel by proxy—to fees under 42 U.S.C. § 1988, even if he were the prevailing party. Farrar v. Hobby, 506 U.S. 103, 115 (1992) ("When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all.") (citing see Carey v. Piphus, 435 U.S. 247, at 256-257, 264 (1978)). Thus, one of the consequences of eliminating a nominal damages charge is that an award of attorney's fees may be more likely in a case with little to no actual value. This posture would seem to create a perverse litigation incentive and run contrary to the Supreme Court's admonition that Section 1988 was "never intended to produce windfalls" for parties. Farrar, 506 U.S. at 115 (citing Riverside v. Rivera, 477 U.S. 561 (1986)).

Additionally, failing to provide a nominal damages charge would result in the failure of plaintiff's claims. The purpose of nominal damages is to "ensure that certain rights remain actionable regardless of their consequences in terms of compensable injury." Randolph v. Metro. Transp. Auth., No. 17 Civ. 1433 (DLC), 2019 U.S. Dist. LEXIS 62148, at *27 (S.D.N.Y. Apr. 11, 2019) (citing Amato v. City of Saratoga Springs, 170 F.3d 311, 318 (2d Cir. 1999); see also Carey, 435 U.S. at 266 (making procedural due process claim actionable by allowing award of nominal damages); Brooker v. State, 206 A.D.2d 712, 614 N.Y.S.2d 640 (N.Y. App. Div. 3d Dept. 1994) (allowing recovery of only nominal damages for battery that resulted in no actual injury).

For all of the foregoing reasons, defendants respectfully submit that the jury should be charged on nominal damages.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that the Court deny plaintiff's motion in its entirety, together with such other and further relief as the Court deems just.

Dated: New York, New York
February 13, 2024

                                  HON. SYLVIA O. HINDS-RADIX
                                  Corporation Counsel of the City of New York
                                  *Attorney for Defendants*
                                  100 Church Street
                                  New York, New York 10007
                                  (212) 356-2486

By: /s/
                                  Hannah V. Faddis
                                  *Senior Counsel*

cc: VIA ECF
      *All Counsel of Record*