UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------
MARK KUSHNEIR,

                  Plaintiff,

  -v-

JOSEPH ESPOSITO, et al.,

                  Defendants.
------------------------------------------------------------------

**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION**

14-cv-09148(JLR)(BCM)

**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION**

Gideon Orion Oliver
Co-Counsel for Plaintiff
Gideon@GideonLaw.com
718-783-3682 x 5
277 Broadway, Suite 1501
New York, NY  10007

**PRELIMINARY STATEMENT**

Plaintiff Mark Kushneir respectfully makes this reply to Defendants' February 13, 2024 Memorandum of Law in opposition to Plaintiff's Motion for Reconsideration (the "Opp. MOL", ECF 229) and in further support of his January 29, 2024 motion to reconsider the Court's December 13, 2023 determination to charge the jury as to nominal damages.[1]

**ARGUMENT**

I. **The Court should reach the merits of – and grant - Mr. Kushneir's reconsideration motion (Responding to Point I of the Opp. MOL at 1-2)**

Tellingly, Defendants' accusations that "Plaintiff is merely attempting to relitigate this issue, as he has failed to raise any issue of fact or law which was not, or could not have been, presented to the Court previously" are unsupported by any facts or argument. As the record reflects, many of the issues of fact and law raised in the application, including, but not limited to, all of the records included as exhibits to the Oliver Declaration, and many of the arguments in the Oliver MOL, were not presented to the Court previously. Plaintiff respectfully submits the record demonstrates that, rather than merely seeking to re-litigate a lost issue, Mr. Kushneir's application meets the standards for reconsideration under Fed.R.Civ.P. 60(b) and Local Civil Rule 6.3, and the Court should reach the merits of – and grant – the application.

II. **As both *Randolph v. Metropolitan Transp. Auth.*, No. 17 Civ. 1433 (DLC), 2019 U.S. Dist. LEXIS 62148 (SDNY Apr. 11, 2019) and *Vilkhu v. City of New York*, No. 06-cv-2095 (CPS)(JO), 2009 US Dist. LEXIS 16616 (EDNY Mar. 2, 2009), *aff'd*, 372 F.App'x. 222 (2nd Cir. Apr. 21, 2010) (Summary Order) correctly recognize, the right to nominal damages is Plaintiff's, and the Court should not instruct the jury on nominal damages where, as here, a Plaintiff is willing to waive it (Responding to Point III of the Opp. MOL at 4-6).**

---

[1] Throughout, Plaintiff refers to the January 29, 2024 Memorandum of Law in Support of Plaintiff's Motion for Reconsideration (ECF 228) as the "Oliver MOL," the related January 29, 2024 Declaration of Gideon Orion Oliver (ECF 227) as the "Oliver Decl," and the exhibits thereto as "Ex." or "Exs."

1

Plaintiff agrees, as Defendants have pointed out, that nominal damages must be awarded where a Plaintiff proves up a violation of a substantive constitutional right, but has not proven any compensatory damages – *unless*, as is the case here, the Plaintiff has waived his right to nominal damages. In such cases, where, as here, the Plaintiff is willing to waive their rights to nominal damages, it would be error to instruct the jury that it must, or could, award nominal damages. *See* Oliver MOL Point III at 7-10.

In coming to the conclusion Plaintiff is now asking the Court to reconsider on this point, the Court cited *Robinson v. Cattaraugus County*, 147 F.3d 153, 162 (2nd Cir. 1998) for the proposition that it would be plain error for the Court to charge the jury that it *may*, rather than *must*, award nominal damages if the jury finds that there was a constitutional violation but that Plaintiff had not shown injury sufficient to entitle them to compensatory damages. *See* Ex. 3 at 70-71. However, Plaintiff is not asking the Court to give that (or any other) nominal damages instruction at all, and Plaintiff would object to an instruction that allowed the jury to belief it may, rather than must, award nominal damages, if the Court adheres to its decision to charge nominal damages. However, *Robinson* simply does not address the situation where, as here, the Plaintiff is willing to waive his rights to nominal damages. And it does not say that it would be misleading the jury as to the state of the law to omit a nominal damages charge under such circumstances.

Defendants say "Plaintiff's contention that it is the plaintiff's sole right to waive a nominal damages charge lacks foundation." But the foundation is sound if one agrees that the right to seek damages, and to elect among various damages remedies, is Plaintiff's. It then follows that Plaintiff should be able to choose to waive such rights where doing so might provide some other benefit. Judge Sifton recognized as much in *Vilkhu* in holding that the Plaintiff

"should be allowed to determine whether to seek both nominal and compensatory damages, or whether to remove the option of nominal damages from the jury's consideration and instead seek an outcome in his case based on his showing of proximately caused actual injury." *Vilkhu*, 2009 US Dist. LEXIS 16616, at *21; *see also id.* at *21 n. 6 ("…it is plaintiff's prerogative o reqest or to waive a nominal damages charge. Regardless of the cost or benefit to the plaintiff, a plaintiff is entitled to determine independently the type of relief he or she will seek.")

Defendants raise *Vilkhu* to say the Court is not bound by it, which is what the Court has already found, and Plaintiff respectfully disagrees with. Notably, Judge Wood ultimately determined *Vilkhu* was the precedent the Court should be relying on in *Tardif*, after inviting counsel to identify any other precedent in which the Court gave an instruction on nominal damages over Plaintiff's request not to do so. *See* Oliver Decl. ¶¶ 9-10, Ex. 7 at 1117.

Setting aside whether the Second Circuit's decision in *Vilkhu* is binding, Plaintiff respectfully submits that Judge Sifton's logic in *Vilkhu* is persuasive. In support of Plaintiff's position that the logic of *Vilkhu* is right and Plaintiff should be afforded the same strategic choice in this case that Judge Sifton gave the *Vilkhu* Plaintiff, Plaintiff has now, on this reconsideration application, offered several examples of cases in which courts have declined to give nominal damages charges in cases where Defendants wanted nominal damages charges and Plaintiffs objected to such charges based on *Vilkhu* (and/or *Kerman v. City of New York*, 374 F.3d 93 (2nd Cir. 2004)), which were not before the Court when it made its ruling in December, and which Plaintiff hopes the Court will find persuasive. Just as Judge Sifton had in *Vilkhu*, both Judge Cote in the *Randolph* trial and Judge Wood in the *Tardif* trial (*see* Oliver Dec. ¶¶ 6-10 and Exs. 3-7) considered substantial letter-briefing, and arguments, on whether it would be permissible or appropriate to include a nominal damages charge where the Plaintiff had waived their rights to

3

nominal damages and opposed a nominal damages instruction, and Defendants sought a nominal damages charge over the Plaintiff's objection, and, at the end of the day, all three agreed with Judge Sifton in *Vilkhu* that nominal damages instructions are a Plaintiff's to waive as a strategic choice. So did Judge Karas in *Sanbro* (*see* Oliver Dec. ¶¶ 11-12 and Ex. 8), Judge Brodie in *Adams* (*see* Oliver Dec. ¶¶ 13-14, Ex. 9-10), and Judge Garaufis in *Herrera-Amador* (*see* Oliver Dec. ¶ 15, Ex. 11). Notably, Defendants' opposition does not mention or address *Tardif, Sanbro*, *Adams*, or *Herrera-Amador* at all.

Relatedly, while Defendants fault Plaintiff for not citing to a case where offering a nominal damages charge invited jury compromise, there is no need for Plaintiff to have done so. The reference to "jury compromise" appears to relate to Judge Sifton's observation in *Vilkhu* that, "[i]n cases where the proof of plaintiff's injury is slim or contested, however – and especially in cases where proof of the alleged constitutional violation hinges on the jury's determinations of witness credibility – a nominal damages instruction affords the jury an opportunity to engage in improper compromise." *Vilkhu*, 2009 US Dist. LEXIS 16616, at *20-21.  The risk of improper compromise is ultimately for Plaintiff to gauge in considering whether to exercise their choice to seek compensatory *and* nominal damages, or compensatory damages *only*. There is no need to prove some particular risk of improper compromise to demonstrate entitlement to enjoy the right to make the choice to pursue nominal damages or not based on one's own determination about whether there is or is not a risk of the sort of improper jury compromise Judge Sifton had in mind in *Vilkhu*.

Next, while Defendants say "the omission of a nominal damages charge does not solely impact the plaintiff" they do not say what they mean, who else it impacts, or how. If they mean that the omission of the charge will lead to some jury confusion that might prejudice the

4

Defendants, they do not say what confusion, or how. Rather, Defendants cite to a single sentence from the conclusion of Judge Cote's decision as to nominal damages in *Randolph.* Importantly, in *Randolph,* after considering defense counsel's arguments based on *Vilkhu* objecting to the inclusion of a nominal damages charge, Judge Cote was persuaded by the Plaintiff's arguments and recognized that it was Plaintiff's right to enjoy "the strategic choice of waiving a nominal-damages [sic] charge." *See* October 8, 2015 minute entry in *Randolph*, No. 17 Civ. 1433 (DLC) (*citing* ECF 85 in *Randolph*). However, the Court disagreed with the Plaintiff about the consequences of his exercising that strategic choice: On the Court's view, if Plaintiff waived nominal damages, and the jury did not award compensatory damages, a defense judgment would necessarily flow. *Randolph*, 2019 US Dist. LEXIS 62148, at *28. Given the choice by the Court to either include the charge and potentially win a judgment or not include the charge and risk an automatic defense judgment, the Plaintiff "elected to include the nominal damages charge." *Id.* Nobody objected to the substance of the charge and the charging conference or after the jury instructions including the nominal damages charge that Plaintiff had chosen to include. *Id.* Then, after the trial, the Plaintiff complained he had been required to make the choice at all. *Id.* The Court noted that Plaintiff had "pointed to no authority to suggest that giving a plaintiff that option violated the law" and held that its decisions to do so, and to charge the jury on nominal damages (as Plaintiff chose), were appropriate. *Id.*

  Against that backdrop, the Court questioned, without coming to a decision or making a related holding, whether it had been appropriate to give the Plaintiff the choice to include a nominal damages charge or not in the first place. In the context of that questioning, the Court wondered – without deciding – whether omitting the nominal damages charge at the Plaintiff's request might give "the jury a false signal regarding the impact of their verdict on a plaintiff's

rights and force[] them wrongly to conclude that they [have] to make an award of compensatory damages even when the evidence [does] not warrant one." *Randolph*, 2019 US Dist. LEXIS 62148, at *28-29. It is that wondering that the Court quotes in support of its statement that "omitting a nominal damages charge if the jury finds that plaintiff has not suffered compensable damages in order to steer the jury away from an award of nominal damages, as plaintiff seems to be suggesting, would be misleading to the jury as to the state of the law," *see* Ex. 3 at 71, and that Defendants refer to in their opposition. But there is no indication, either in *Randolph*, in this Court's decision, or in Defendants' arguments, why or how omitting a nominal damages charge would give the jury a false signal or mislead them as to the state of the law, in a case where the Plaintiff is willing to waive their rights to nominal damages, or how omitting a nominal damages charge could "force" a jury "wrongly to conclude that they [have] to make an award of compensatory damages even when the evidence [does] not warrant one." As the Court has noted, the Court will presume that the jury will follow the Court's instructions. If Plaintiff has not proven entitlement to compensatory damages, the jury won't award them.

  Next, while Defendants say that, because a nominal verdict might not entitle Plaintiff or counsel to reasonable attorneys' fees, costs, and expenses, even if he wins on liability, "one of the consequences of eliminating a nominal damages charge is that an award of attorney's fees may be more likely in a case with little to no actual value," they do not explain how eliminating a nominal damages charge would make an award of fees more likely. Nor do they explain how this case's "posture" creates any "perverse litigation incentive" or runs the risk of creating any "windfalls" for parties.

  Finally on this point, while Defendants say that "failing to provide a nominal damages charge would result in the failure of Plaintiff's claims," they do not say how or why. Rather, they

6

only point out, citing to *Randolph*, the general purpose of nominal damages – to "ensure that certain rights remain actionable regardless of their consequences in terms of compensable injury." But there is no question that the rights Plaintiff seeks to vindicate in his remaining claims are actionable and that he suffered significant compensable injuries. If a jury finds that there was a constitutional violation but that Plaintiff has not shown injury sufficient to entitle him to compensatory damages as a result of the resulting injury or injuries, the Court could award Plaintiff a judgment on liability, with $0 in damages. *See, e.g.,* Ex. 7 at 1069-1070, 1078-1079, 1085-1088, 1117 (in which the Court entertained oral argument on this point in *Tardif*). Or, if the Court agrees with the approach Judge Cote took in framing the choice in *Randolph,* the Court could award a defense judgment (over Plaintiff's objection). But a jury finding of liability but no compensatory damages would not result in the automatic failure of Plaintiff's claims if the jury does not receive a nominal damages instruction here.

> III. **Given the extent of the liberty deprivations at issue in this case, there is no room for the situation contemplated by the nominal damages charge (Responding to Point II of the Opp. MOL at 2-4).**

Preliminarily, while Defendants quote *Aponte v. Perez*, 75 F.3th 49, 57 (2nd Cir. 2023) for the proposition that, "[w]hen a defendant has deprived the plaintiff of liberty, but the adverse action would have been taken even in the absence of the wrongful conduct, the plaintiff is entitled only to nominal damages." However, there is no claim that Defendants would have arrested and/or prosecuted Mr. Kushneir "even in the absence of the wrongful conduct," and no set of facts that Defendants have pointed to or that Plaintiff is aware of that could support a jury's so concluding.

Although Defendants argue that Plaintiff "overstates" *Kerman*, on Plaintiff's view, it is Defendants who understate it. For example, Defendants do not address *Kerman'*s key holding

7

that "where the jury has found a constitutional violation and there is no genuine dispute that the violation resulted in some injury to the plaintiff, the plaintiff is entitled to an award of compensatory damages as a matter of law." 374 F.3d at 124 (citing cases). Although Defendants quote *Kerman*'s statement that "an award of several thousand dollars may be appropriate simply for several hours' loss of liberty," *id*. at 125, Defendants emphasize the word "may" in their quotation. But, considering the context, it would be more appropriate to emphasize awards up to "*several thousand dollars may be appropriate simply for several hours' loss of liberty*." Additionally, Defendants say that "whether to award compensatory damages – even where a loss of liberty has been established – remains a question of fact for the jury", again quoting *Kerman*, this time 374 F.3d at 132, out of context, in support. Read in the proper context, it is clear that, "once a deprivation of liberty is established, and there is no genuine dispute that defendants' unlawful conduct caused the deprivation, the plaintiff is entitled to compensatory damages for that loss of liberty, not just nominal damages." *Morse v Fusto*, No. 07-CV-4793 (CBA)(RML), 2013 US Dist LEXIS 123823, at *66 (EDNY Aug. 27, 2013), *aff'd*, 804 F.3d 538 (2d Cir. 2015), citing *Kerman*, 374 F.3d at 124.

*Kerman,* 374 F.3d at 124-26, opens with a discussion of *Raysor v. Port Authority of New York and New Jersey*, 768 F.2d 34, 39 (2nd Cir. 1985), *cert. denied,* 475 U.S. 1027 (1986)in which the jury found for the plaintiff on a false arrest claim involving a detention of several hours and awarded him $16 in compensatory damages. The Second Circuit reversed, holding that was categorically "inadequate to compensate the plaintiff", and noting that "New York cases uphold awards of up to $10,000 for even short periods of confinement without proof of actual damages," citing cases involving "$10,000 for three hours", "$7,500 for five hours", and "$10,000 for three hours." *Kerman*, 374 F.3d at 124-25, quoting *Raysor*, 758 F.2d at 39. In this

8

connection, *Kerman* shows that a jury award of nominal damages in this case would be categorically inadequate to compensate Mr. Kushneir. Next in *Kerman*, the Court explains how *Raysor* "is consistent with traditional common-law principles governing entitlement to damages for the tort of false imprisonment" because, when a Plaintiff proves up a false imprisonment claim, even one involving "'a brief restraint of the plaintiff's freedom,'" the Plaintiff is entitled to, among other compensation, "'general' damages" that "'would include at least the value of the time lost by the plaintiff during the period of detention." *Id.* at 125 (internal quotations omitted).

It is then that the sentence Defendants have selectively quoted from (and mis-emphasized) comes, as the Court explains that ""[t]he damages recoverable for loss of liberty for the period spent in a wrongful confinement are separable from damages recoverable for such injuries as physical harm, embarrassment, and emotional suffering; [and] even absent such other injuries, an award of several thousand dollars may be appropriate simply for several hours' loss of liberty." *Id*. at 125-26. In such cases, as in this case, given the extent of the losses of liberty at issue, which constitute actual damages, there is simply "no room for the situation contemplated by the nominal damages charge," *Nnodimele v Derienzo*, No. 13-CV-3461 (ARR)(RLM), 2016 US Dist LEXIS 83357, at *28 (EDNY June 27, 2016), citing *Morse,* 2013 US Dist LEXIS 123823, at *67; *see also Morse*, 2013 US Dist LEXIS 123823, at *68 (noting that "a nominal damages charge would not have been appropriate").

Finally, while Defendants say that "Courts in this District continue to give nominal damages charges in cases with alleged deprivations of liberty," mentioning *Pemberton v. City of New York, et al.,* 18 Civ. 7908 (LGS), and *Columna v. City of New York, et al.,* 19 Civ. 3801 (JLR) (ECF No. 208), Defendants do not discuss or analyze the facts or claims in those cases, or the Court's reasons for giving those instructions.

## **CONCLUSION**

WHEREFORE, Plaintiff respectfully prays that the Court will reconsider its December 13, 2023 determination to charge the jury on nominal damages, and decide instead not to instruct the jury as to nominal damages in this matter, and/or grant such other and further relief as the Court deems just and proper.

DATED:   Brooklyn, New York
         February 21, 2024

                                        /S/
                                        _____
                                        Gideon Orion Oliver
                                        Co-Counsel for Plaintiff
                                        Gideon@GideonLaw.com
                                        718-783-3682 x 5
                                        277 Broadway, Suite 1501
                                        New York, NY  10007