

March 13, 2024

Hon. Jennifer L. Rochon, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY  10007

By Electronic Filing

    Re:    Kushneir v. Esposito, et al., 14-cv-09148 (JLR)(BCM)

Dear Judge Rochon:

    I am co-counsel for Plaintiff in the case above.  As directed by the Court (ECF No. 233), in this letter, Plaintiff moves that the Court substitute Defendant City of New York for Defendant Joseph Esposito.  Alternately, Plaintiff asks that the Court issue an order, such as the one attached, so that Plaintiff can obtain a copy of Defendant Esposito's death certificate, and that the Court extend the March 22, 2024 deadline by which a motion to substitute related to Defendant Esposito must be filed.

    By way of background, Defendant Esposito passed away on January 8, 2024.  Counsel for Defendants informed Plaintiff's counsel of his passing the next day, January 9, 2024.  Although he had long been retired from the NYPD, he was, at the time of his death, a high-rankings employee of Defendant City of New York.  The parties met and conferred on January 24, 2024 regarding how Plaintiff wished to proceed with respect to the claims against Defendant Esposito, and agreed that defense counsel would draft a letter to send to the Court by the end of that week to inform the Court of Defendant Esposito's death. Instead, on February 22, 2024, counsel for Defendants filed a purported suggestion of death on the docket (ECF No. 232).  As seen below, the purported suggestion of death was improper.  The next day, the Court issued its order directing that any motion for substitution of a proper party be made by March 22, 2024 (ECF No. 233).  On March 4, 2024, in efforts to avoid reaching out directly to family members named in newspaper articles about his death without any prior notice, Plaintiff's counsel asked that defense counsel provide certain information.[1] The parties met and conferred on March 5, 2024, including about those requests, which defense counsel took under consideration.  On March 8, 2024, counsel for Defendants said

---

[1] Specifically, we asked: Would Defendants be moving to substitute? Does Defendant City intend to indemnify if there is a judgment against a party substituted in place of Defendant Esposito? Did Defendant Esposito have a will that named an executor? If so, whom? If not, will the family have an executor appointed? If so, whom, and when? And finally, if there is no will naming an executor, and there is no information about having an administrator appointed, Plaintiff asked that Defendant City provide a copy of Defendant Esposito's death certificate, Defendant Esposito's last known address and contact information, and the name and contact information of Defendant Esposito's next of kin.



Defendant City would not be moving to substitute and had no information in response to any of Plaintiff's questions. This application promptly follows.

As a starting point, the suggestion of death is lacking because "most courts (including this one) have interpreted [Rule 25] to require at least the naming of the executors of the decedent's estate" in the suggestion of death. *Young v Patrice*, 832 F Supp 721, 725 (SDNY 1993). A "valid suggestion of death must identify the representative or successor who may be substituted as a party." *Intl. Cablevision v Sykes*, 172 FRD 63, 66 (WDNY 1997) (citing cases). Nor does the suggestion appear to have been "served… as Rule 25 requires, … on [Defendant Esposito's] legal representative or successor." *Lewis v Sheridan*, 2014 US Dist LEXIS 35795, at *9 (NDNY Mar. 19, 2014). Beyond that, as noted above, although he was a New York City employee (and a high-ranking City official) when he died, Defendant City claims to have virtually no information about Defendant Esposito.[2] Because the suggestion of death is improper, and because defense counsel has not provided any information about Defendant Esposito's representative or successor who may be substituted as a party (as a proper suggestion of death must), Plaintiff does not yet have the information necessary to identify and communicate with, let alone move to substitute (except as set out in n. 4 below), Defendant Esposito's representative or successor.

However, there are significant problems with that approach — not the least of which is the need for Plaintiff's counsel to find, serve legal process on, and communicate with the grieving family members or representatives of a deceased opposing party — and Plaintiff accordingly proposes an alternative course below. Plaintiff and Defendants agree it is extremely unlikely that it will be possible to keep the trial date if the estate is substituted. That is because (among other things) an estate would potentially still need to be fully established and administrator/executor named; that administrator would need to find counsel (or go through the Corporation Counsel's representation process); new counsel would need to get up to speed on the massive record in this case; and so on. And, indeed, there may even be new issues the representative or estate wants to raise *in limine*, particularly if it is represented by new counsel.

But there may also be an easier solution: The Court may substitute Defendant City itself for Defendant Esposito as the real party in interest. *See Lombardi v Desameau*, 2007 US Dist LEXIS 63066, at *1-4 (EDNY Aug. 27, 2007) (substituting "GEICO Insurance, the deceased defendant's

---

[2] It is surprising, to say the least, that Defendant City does not have a last known address or information about Defendant Esposito's next of kin, given that he was a high-ranking employee of Defendant City at the time of his illness and death, that many high-ranking City officials (including the Mayor and NYPD Commissioner) attended his funeral at St. Patrick's Cathedral, and so on. Under these circumstances, Plaintiff suggests it would also be appropriate for the Court to order Defendant City to conduct further investigation and to report back to the Court and counsel. *See, e.g., Palmer v Stewart*, 2003 US Dist LEXIS 9214, at *4 (SDNY June 4, 2003) ("the Corporation Counsel is ORDERED to investigate the status of Detective Stuart's Estate so that plaintiff may properly move to substitute a representative of the Estate pursuant to Fed. R. Civ. P. 25(a)(1) … An affidavit shall be filed on or before July 10, 2003 stating the name of a representative of the Estate and the address where service on that representative may be made. If no such representative is named, the affidavit shall set forth in detail the efforts made to determine the representative, why there is no such representative named, and any information regarding when and if such a representative will be named in the future.").

COHEN&GREEN            Page 2 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t: (929) 888.9480  ·  f: (929) 888.9457  ·  FemmeLaw.com



automobile insurer" instead of the estate in a personal injury action).[3]  Rule 25 "allows the federal court to substitute a 'proper party' where a party to an action has died during the pendency of the action." *Id.*  *Lombardi* endorsed, in that context, a "common sense approach" to determining who the "proper party" is.

Here, one proper party is the City of New York.  As set out in Plaintiff's motions *in limine,* the City has previously represented "there are no cases" where the City has failed to indemnify a police officer represented by the City Law Department for compensatory or punitive damages.  ECF No. 187 at 3-4.  That is, even if Esposito were alive, there is virtually no chance Defendant City would not indemnify him for any damages award.  Now that he has passed, it is all the more unthinkable:  It is hard to imagine the City even considering refusing to indemnify the *estate* of a late, high-ranking officer as the first time it has ever declined to indemnify, particularly considering what the reaction of the police unions to such a choice would be.  Likewise, the City has spent the last ten years arguing that, in various forms, Defendant Esposito was acting in accordance with Defendant City policies and practices, and his actions were completely proper.  It has done so as part of representing him and the City at the same time.  *Cf. Dunton v. County of Suffolk*, 729 F.2d 903, 907-09 (2d Cir. 1984) (such joint representation can be conflicted, because the City may "avoid liability by [arguing] that the employee[s were] not acting within the scope of [their official duties, because [their] unofficial actions [were] not be pursuant to municipal policy" — while the "employee[s], by contrast, [try to] partially or completely avoid liability by [arguing] that [they were] acting within the scope of [their] official duties.").  Given those facts, then, under Gen. Mun. L. § 50-K, it is clear that "[t]he city shall indemnify and save harmless [Defendant Esposito] in the amount of any judgment obtained against such employees in any state or federal court."  Gen. Mun. L. § 50-K(3).

Finally, if the Court wants to maintain the trial date, substituting Defendant City as the real party in interest genuinely seems like the only option.  It simply *will* take more time than exists between now and the trial to locate and contact Defendant Esposito's family, figure out if an administrator exists, get that administrator (or the public administrator) appointed, and either (1) get new counsel up to speed or (2) go through the Corporation Counsel's representation process for the administrator.  Thus, here as in *Lombardi,* serving and naming "next of kin, who have no interest in this lawsuit (assuming that such next of kin exist), would be a waste of time and money," because the "real party in interest" can be substituted.  2007 US Dist LEXIS 63066, at *4.  There as here, there is no question of who will pay any ultimate judgment.  And while the exact details of what makes it more costly and what makes it (as a matter of "common sense") to name the representative — rather than the real party in interest — differ, the result is the same.

So, as set out above, Plaintiff moves to substitute Defendant City as the proper party for Defendant Esposito.  In the event the Court does not grant that application, Plaintiff asks that the Court issue an order — substantially in the form attached — so that Plaintiff can obtain a copy of Defendant Esposito's death certificate and that the Court extend the moved-up March 22, 2024

---

[3] The exact details in *Lombardi*, of course, differ:  Rather than an immediate trial, the cost was the expense of dealing with an out of state death.  Likewise, an indemnity law as applies here (e.g., Gen. Mun. L. § 50-K), as opposed to an indemnity/insurance *policy*, but the real world result is the same.



Page 3 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



deadline by which a motion to substitute related to Defendant Esposito must be filed, because Plaintiff still needs to find the individuals necessary to substitute.[4]

    As ever, I thank the Court for its time and consideration.

Respectfully submitted,

/s/
_____

J. Remy Green
    *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by ECF.

---

[4] As an additional alternative, to the extent the Court intends to hold strictly to the moved-up Rule 25 deadline, and does not intend to substitute the City, Plaintiff asks that the Court substitute "John or Jane Doe, as the administrator of the Estate of Joseph Esposito," so that the proper party may be added after Plaintiff can find the relevant information using the proposed Order attached.

COHEN&GREEN     Page 4 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com