

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**THE CITY OF NEW YORK**
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**HANNAH V. FADDIS**
*Senior Counsel*
*Phone: (212) 356-2486*
*Fax: (212) 356-1148*
*hfaddis@law.nyc.gov*

March 18, 2024

**VIA ECF**
Honorable Jennifer L. Rochon
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: <u>Benjamin Case, et al. v. City of New York, et al.</u>,
      14 Civ. 9148 (JLR) (BCM)

Your Honor:

  I am the attorney assigned to represent defendants in the above-referenced matter. Defendants write in response to plaintiff's letter filed March 13, 2024, in regards to the substitution of deceased defendant Chief Joseph Esposito. (ECF No. 236). Plaintiff has sued Chief Esposito in his individual capacity for false arrest under Section 1983 based on his personal involvement in the plaintiff's arrest.

### I. The City of New York is Not a Proper Party for Substitution Under Rule 25(a)(1)

  The City of New York is not a proper party for substitution under Rule 25(a)(1).[1] A "proper party" for substitution under Rule 25(a)(1) can be one of three categories of a person: 1) a successor of the deceased party — a distribute of an estate if the estate of the deceased has been distributed at the time the motion for substitution has been made, 2) a representative of the deceased party — a person lawfully designated by state authority to represent the deceased's estate, or 3) the primary beneficiary of an unprobated intestate estate which need not be probated. <u>Gass v. Target</u>, No. 22-cv-1152 (ARR)(JMW), 2023 U.S. Dist. LEXIS 50595, *4 (E.D.N.Y. Mar. 24, 2023) (citing <u>Tankleff v. Cnty. Of Suffolk</u>, No. 09-cv-1207 (JS)(AYS), 2016 U.S. Dist. LEXIS 72745, at *2 (E.D.N.Y. June 2, 2016)); see also <u>Natale v. Country Ford Ltd.</u>, 287 F.R.D. 135, 137 (E.D.N.Y. 2012). Under New York law, a "representative" is a person who has received letters to administer the estate of the decedent, usually the appointed administrator or executor of the decedent's estate.

---

[1] Defendants note that plaintiff has not actually moved for substitution. Defendants respectfully submit that plaintiff must be required to file a motion on notice in accordance with the Local and Federal Rules and reserve their rights to oppose such a motion on all appropriate grounds. Notwithstanding, defendants set forth their response to the arguments presented in plaintiff's letter.

Gass, 2023 U.S. Dist. LEXIS 50595, *4 (citing Natale, 287 F.R.D. at 137); see also N.Y. EPTL § 1-2.13; Allen ex rel. Allen v. Devine, No. 09-CV-668 (ADS)(ETB), 2011 U.S. Dist. LEXIS 123681, at *4 (E.D.N.Y. Oct. 25, 2011).

Clearly, the City of New York is not a proper party for substitution under any of these categories. Plaintiff's only suggestion to the contrary is a reference to a single case involving a lawsuit arising from a motor vehicle accident, in which GEICO was found to be a proper party for substitution in place of a deceased defendant. Lombardi v. Desameau, No. 07-cv-3158 (JFB)(WDW), 2007 U.S. Dist. LEXIS 63066, at *1-4 (E.D.N.Y. Aug. 27, 2007) (permitting substitution of automobile insurer where potential recovery was limited to insurance policy and defense counsel worked for insurer). Curiously, plaintiff fails to acknowledge the subsequent decision in that case modifying the Court's Order to permit the substitution of defense counsel, rather than GEICO, as temporary guardian *ad litem* for the deceased. Lombardi v. Desameau, No. 07-cv-3158 (JFB)(WDW), 2007 U.S. Dist. LEXIS 81253, *2 (E.D.N.Y. Nov. 1, 2007). More to the point, this case is simply not applicable to facts of this case. Plaintiff has not cited a single case where a municipal entity has been substituted in place of an employee named as a defendant in their individual capacity, nor even another case outside of the particular circumstances of Lombardi which would suggest that such a substitution could be made here.

Such a substitution would also run counter to the well-established principle that *respondeat superior* does not exist for § 1983 claims. Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978). To permit the substitution of the City of New York for an individual defendant would permit a *de facto respondeat* claim against the City on plaintiff's 1983 claims, and would completely circumvent state law applicable to the indemnification of municipal employees.

The City of New York is not an insurer to its employees. Municipal employees are entitled to indemnification for claims brought against them arising out of actions taken within the scope of their employment under certain circumstances. N.Y. Gen. Mun. L. § 50-k. However, indemnification decisions are not, and cannot, be made until such time as liability has been assessed. Banks v. Yokemick, 144 F. Supp. 2d 272, 284 (citing Nevares v. Morrissey, No. 95 Civ. 1135 (JGK), 1998 U.S. Dist. LEXIS 7680, *7 (S.D.N.Y. May 22, 1998)). Moreover, indemnification is a matter to be determined in the first instance by the Corporation Counsel. Banks, 144 F. Supp. 2d at 284 (citing Williams v. N.Y., 64 N.Y.2d 800, 802 (1985)). Thus, the assumption underlying plaintiff's motion—that indemnification will follow any judgment—is premature, at best.

Because the City is not a proper party for substitution, any motion to substitute the City in place of Chief Esposito must be denied.

## II.     The Defendants' Suggestion of Death Was Proper

The suggestion of death filed by the defendants was proper under existing Second Circuit law. The Second Circuit has made clear that a suggestion of death under Rule 25(a)(1) need not identify the decedent's representative, nor must it be served on the decedent's representative. Unicorn Tales v. Banerjee, 138 F.3d 467, 470 (2d Cir. 1998) (suggestion of death "sufficient to trigger Rule 25(a)(1) despite failure to identify legal representative or successor"); Kotler v. Jubert, 986 F.3d 147, 154 (2d Cir. 2021) (reiterating holding of Unicorn Tales and holding that "it is not required that the [suggestion of death] be served on [the decedent's] representative.")

Accordingly, it was proper for the defendants to file a suggestion of death reporting the fact and known date of Chief Esposito's death without identifying his successor or representative—the identify of whom is not known to this Office—and without serving it on such person—again, unknown to this Office.

### III. Defendants do Not Oppose Plaintiff's Application for Limited Discovery of Chief Esposito's Death Certificate

Plaintiff's suggestion that the City must be substituted in order to keep the May 6 trial date has absolutely no legal basis. As an obvious starting point, an improper party cannot be substituted for a deceased individual defendant simply for scheduling purposes. Plaintiff has known of Chief Esposito's death since January 9, 2024. The principal communication between counsel on this topic since then has consisted of inquiries from this Office as to whether plaintiff intended to dismiss Chief Esposito as a defendant—specifically in order to avoid the obvious delay that will flow from a motion to substitute, and bearing in mind that the claims and related damages against the surviving individual defendant are substantially the same. Despite those conversations, plaintiff waited more than two months to even make the instant application. Notably, the questions reflected in footnote 1 of plaintiff's letter were asked of this Office on March 4, 2024.

The proper process here is for the plaintiff to seek limited discovery of the information necessary to make its motion—sufficient to identify Chief Esposito's legal representative—and such time as may be necessary in good faith to complete that process. The Second Circuit has explained as much. See Kotler, 986 F.3d at 156 (explaining that the party seeking substitution may seek additional time to file Rule 25 motion, move for limited discovery to identify estate executor, or seek court assistance). This Office, simply by virtue of its representation of the City in connection with the claims in this case, does not have open access to all information held by every agency of the City of New York. Nor does the City, as the non-moving party, have any affirmative obligation to undertake an investigation to ascertain information necessary for plaintiff to make *his* motion to substitute.[2]

Defendants have no objection to plaintiff's request for an Order directing the release of Chief Esposito's death certificate, in order to ascertain next of kin or to seek further discovery regarding the administration of Chief Esposito's estate. Defendants would respectfully request, however, that the Court order that Chief Esposito's death certificate and any related personal information be deemed confidential pursuant to the protective order in effect in this action.

Defendants thank the Court for its time and attention.

Respectfully submitted,

/s/ *[signature]*

Hannah V. Faddis
*Senior Counsel*

---

[2] Nonetheless, this Office has already made informal inquires to the Police Department in accordance with plaintiff's prior requests for information, but does not have any information to provide at this time.

**CC:** **BY ECF**
*All Counsel of Record*